UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

       Plaintiff,

  v.

BRENES LAW GROUP, P.C. and TROY
BRENES,

       Defendants.
-----------------------------------------------------------x
BRENES LAW GROUP, P.C. and TROY A
BRENES,

       Counterclaim Plaintiffs,

  v.

HOWARD B. BERGER, GREGORY
GOLDBERG, LAWRENCE LITIGATION
GROUP, L.P. and DOES 1-50,

       Counterclaim Defendants.
-----------------------------------------------------------x

Case No. 22-CV-1778 (AJN)

**DECLARATION OF GARY PODELL**

GARY PODELL, pursuant to 28 U.S.C. § 1746, declares:

    1.    I am a managing partner of third-party defendant Lawrence Litigation Group, L.P. (LLG) and an individually named counterclaim defendant in the above-captioned action. I make this declaration in support of Plaintiff Legal Recovery Associates, LLC and LLG's motion to sever the Second and Third Counterclaims, to stay them upon severance, and to compel arbitration. My statements below are based on my personal knowledge.

2. The second and third counterclaims/third-party claims filed by Brenes Law Group, P.C. and Troy A. Brenes (collectively, Brenes) arise from an "attorney association agreement."

3. The "attorney association agreement" cited by Brenes contains a mandatory arbitration clause.

4. Attached as Exhibit A is a true copy of the Attorney Association Agreement between Brenes Law Group, P.C. and LLG. Paragraph 10 of the agreement requires the parties to arbitrate "any controversy arising out of or related to this Agreement or the breach thereof," with the arbitration to take place under the rules of the American Arbitration Association in the District of Columbia.

5. LLG and the Brenes Law Group, P.C. subsequently amended the Attorney Association Agreement. Each such amendment reiterated the arbitration mandate. The most recent amendment was the Second Amended Attorney Association Agreement, executed on March 27, 2017, a true copy of which is attached as Exhibit B. Its paragraph 10 reiterates the requirement that all disputes be arbitrated in Washington D.C. as administered by the American Arbitration Association.

6. The movants for a stay are not in default in a proceeding in arbitration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2022

_____
GARY PODELL