# **Exhibit A**

## PROMISSORY NOTE
### (Legal Recovery Associates, LLC to Brenes Law Group, PC)

$1,100,000                                                                July 8, 2019

FOR VALUE RECEIVED, Brenes Law Group, PC, with an office at 27141 Aliso Creek Road, Suite 270, Aliso Viejo, CA 92656 ("Maker"), promises to pay to the order of Legal Recovery Associates LLC or its assigns ("Lender"), on the Payment Date (defined below), the principal sum of One Million One Hundred Thousand Dollars ($1,100,000), together with interest at the annual rate of Seventeen and one half Percent (17.5%) thereon from the date hereof, such interest to accrue daily and to be paid with the payment of principal on the Payment Date or when prepaid. Any amounts past due under this Note shall accrue interest at the rate of Eighteen Percent (18%) per annum until paid in full.[1]

The term "Payment Date" means the date on which Maker receives payment of any award in respect of all product liability litigations represented by Brenes Law Group, PC (the "Case"), whether as a result of judgment, settlement or otherwise.

All sums called for, payable, or to be paid hereunder shall be paid in lawful money of the United States of America, which, at the time of payment, is legal tender for the payment of public and private debts therein.

The Maker shall have the right to prepay this Note, either in whole or in part, without any prepayment fee or penalty, but together with interest accrued to the date of prepayment.

All payments under this Note shall be made without setoff, counterclaim or other defense; provided that Lender may in its discretion setoff amounts owing to Maker against amounts due and payable under this Note. All payments by the Maker shall be made free and clear of and without deduction for any present or future income, stamp or other taxes, levies, imposts, deductions, charges, fees, withholding, restrictions or conditions of any nature now or hereafter imposed, levied, collected, withheld or assessed by any jurisdiction or by any political subdivision or taxing authority thereof or therein, and all interest, penalties or similar liabilities.

At the option of Lender, the unpaid balance of this Note shall become due and payable immediately on the occurrence or existence of any of the following events or conditions (each, an "Event of Default"): (a) any payment required by this Note is not made when due; (b) any default occurs in the performance of any covenant, obligation, warranty or provision contained in this Note; (c) any warranty, representation, financial information or statement made or furnished to Lender by or on behalf of Maker proves to have been false in any material respect when made or furnished; or (d) any bankruptcy, reorganization, debt arrangement or other case or proceeding

under any bankruptcy or insolvency law is commenced with respect to Maker or any of its partners or principals. In addition to the other rights and remedies provided for herein, upon any Event of Default, Lender may exercise all rights and remedies under applicable law, including all of the rights and remedies of a secured party on default under the Uniform Commercial Code then in effect in the State of New York (the "UCC") in respect of the Collateral (as hereinafter defined). All proceeds of the Collateral received following any Event of Default hereunder shall be applied to the indebtedness, obligations and liabilities of Maker under or in connection with this Note as Lender shall determine in its sole and absolute discretion.

As collateral security for the indebtedness, obligations and other liabilities of Maker to Lender hereunder, whether now or hereafter arising, Maker hereby transfers, grants, assigns and pledges to Lender a continuing first-priority, perfected security interest in all of Maker's right, title and interest in, to and under the following property, whether now or hereafter existing, and whether now owned or hereafter acquired (collectively, the "Collateral"): (a) all proceeds, receivables, property, cash and other consideration payable to Maker or any of its affiliates, in connection with the Case (whether as a result of judgment, settlement or otherwise), including, without limitation, contingent fees, common benefit fees, reimbursable expenses and any interest awarded or later accruing on the foregoing; and (b) all proceeds of any of the property described in the preceding clause (a). Maker shall take all steps necessary to perfect and evidence the perfection of the first-priority security interest granted herein, and hereby covenants and agrees to take all such actions in connection therewith as Lender may reasonably request, including, but not limited to, executing and delivering all further instruments and documents, and any other actions relating to the renewal or extension of any provision for the continuing first-priority perfected security interest of Lender in the Collateral, to carry into effect the purposes of this Note or better to assure and confirm the validity, enforceability and priority of Lender's security interest in the Collateral or to enable Lender to exercise and enforce its rights and remedies hereunder or under the UCC. Maker hereby irrevocably authorizes Lender to file a UCC financing statement naming Maker as debtor and Lender as secured party and describing the Collateral.

Maker hereby represents, warrants and covenants for the benefit of Lender as follows: (a) it is duly organized or formed, validly existing and in good standing under the laws of the state of California, and its exact legal name is as set forth in the preamble of this Note; (b) it has all requisite power and authority to own and operate its properties, to carry on its business as now conducted and as proposed to be conducted, to execute and deliver this note, and to carry out the transactions contemplated hereby and fulfill its obligations

---
[1] NTD – Consider specifying applicable day-count convention for interest accrual.

DOC ID - 32247178.3

{N0553255; 3}

hereunder; (c) it is qualified to do business and in good standing in every jurisdiction where its assets are located and wherever necessary to carry out its business and operations; (d) the execution, delivery and performance by Maker of this Note, and the granting of the security interest in accordance with the terms hereof, does not contravene any law or any contractual restriction binding on or affecting Maker or any of its properties; (e) no authorization or approval or other action by, and no notice to or filing with, any governmental authority or regulatory body is required for the due execution, delivery and performance by Maker of this Note; (f) this Note constitutes the legal, valid and binding obligation of Maker, enforceable against Maker in accordance with its terms; (g) it is and will be at all times the legal and beneficial owner of the Collateral, free and clear of any lien, security interest, option or other charge or encumbrance except those of the foregoing created by this Note; (h) this Note creates a valid security interest in favor of Lender in the Collateral, as security for the indebtedness, obligations and liabilities of Maker arising hereunder; (i) it has entered into a retainer agreement with each client it represents in the Case, which retainer agreements comply with all applicable laws, rules and regulations (including all applicable rules of professional conduct), are enforceable in accordance with their respective terms, and create a right of Maker to be paid fees for the legal services rendered by it to the applicable clients; (j) it shall comply in all respects with all applicable laws, rules, regulations and orders and shall not use any proceeds of the loan evidenced hereby in any manner that violates any applicable law, rule, regulation or order.

The Maker agrees that if, and as often as, this Note is placed in the hands of an attorney for collection or to defend or enforce any of the holder's rights hereunder, the Maker will pay to the holder hereof holder's reasonable attorneys' fees, together with all court costs and other expenses paid by such holder.

The Maker, endorsers, sureties, guarantors and all other parties who may become liable for all or any part of this Note jointly and severally waive demand, presentment, notice of dishonor, protest, notice of protest, notice of nonpayment, notice of intent to accelerate, notice of acceleration of the maturity of this Note and consent to: (a) any and all extensions of time for any term or terms regarding any payment due under this Note, including partial payments or renewals before or after maturity; (b) any substitutions or release of the Collateral; and (c) the addition, substitution or release of any party liable for payment of this Note.

The Note shall be deemed to have been made and delivered in the State of New York and shall be governed by the laws of the State of New York without regard to principles of conflicts of laws. The Maker agrees that in any action or proceeding brought on or in connection with this Note (i) the Supreme Court of the State of New York for the County of New York, or the United States District Court for the Southern District of New York, shall have exclusive jurisdiction of any

such action or proceeding, (ii) service of any summons and complaint or other process in any such action or proceeding may be made by registered or certified mail directed to Maker at the address referenced above, Maker hereby waiving personal service thereof, (iii) within thirty (30) days after such mailing, Maker shall appear or answer to any summons and complaint or other process, and should Maker fail to appear to answer within said thirty (30) day period, Maker shall be deemed in default and judgment may be entered for the amount as demanded in any summons or complaint or other process so served and (iv) the MAKER HEREBY IRREVOCABLY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, CLAIM, OR COUNTERCLAIM, WHETHER IN CONTRACT OR TORT, AT LAW OR IN EQUITY, IN ANY MANNER CONNECTED WITH THIS NOTE.

This Note may not be terminated orally, but only by a discharge in writing and signed by the party who is the owner and holder of this Note at the time enforcement of any discharge is sought.

This Note shall be binding upon and inure to the benefit of Maker and Lender and their respective successors and assigns, except that Maker may not assign any rights or obligations hereunder or any interest herein without the prior written consent of Lender.

No failure on the part of Lender to exercise, and no delay in exercising, any right, power, privilege or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof by Lender preclude any other or further exercise thereof or the exercise of any other right, power, privilege or remedy of Lender. No amendment or waiver of any provision of this Note, nor consent to any departure by the Maker therefrom, shall in any event be effective unless the same shall be in writing and signed by Maker, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

Any provision hereof which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective only to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any other jurisdiction.

This Note evidences the loan described herein and is not meant to, and does not, alter any previous obligations owing by the Maker to the Lender, all of which survive the execution and delivery of this Note.

Maker acknowledges that any lender, administrative agent (or any affiliate of any such lender or administrative agent) under the Credit Agreement dated as of July 3, 2019 to which Legal Recovery Associates LLC is a party, is an intended third party beneficiary of this Note with all rights of such a beneficiary.

DOC ID - 32247178.3

Any notice required to be sent to Maker may be sent by mail, and adequate postage prepaid, addressed to Maker at 27141 Aliso Creek Road, Suite 270, Aliso Viejo, CA 92656.

DOC ID - 32247178.3

{N0553255; 3}

Executed effective as of the date first set forth above.

                                                    Brenes Law Group, PC

                                          BY:_____
                                                    Name: Troy Brenes
                                                    Title: President