# Exhibit C

**GUARANTEE AGREEMENT**

GUARANTEE AGREEMENT dated as of July 8, 2019 made by Troy Brenes (the "Guarantor") in favor of Legal Recovery Associates LLC (the "Lender").

Certain Definitions

Unless the context indicates otherwise, all terms used herein and not otherwise defined shall have the meanings provided for such terms in the Promissory Note of even date herewith issued by Brenes Law Group, PC (the "Borrower") to the Lender, as such Promissory Note may from time to time be amended, restated, replaced, novated, supplemented or otherwise modified (as so amended, restated, replaced, novated, supplemented or otherwise modified from time to time, the "Note").

**Recitals**

The Guarantor owns an interest in the Borrower and has agreed to enter into a guarantee of the obligations of the Borrower under the Note.

**Agreement**

IN CONSIDERATION OF the mutual promises herein contained and to induce the Lender to extend financial accommodation to the Borrower, and in recognition of the direct and indirect benefits to be received by Guarantor thereby, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed as follows:

1. Guarantee.

(a) Subject to the provisions of Section 1(b) of this Agreement, Guarantor hereby unconditionally and irrevocably guarantees to the Lender the prompt and complete payment when due (whether at the stated maturity, by acceleration or otherwise) of any and all of all present and future indebtedness and obligations of the Borrower, mature or contingent, at any time and from time to time outstanding, in connection with the Note, including without limitation all interest which may be payable on the liabilities of the Borrower prior to or during the pending of any insolvency or similar proceeding with respect to such person. All such indebtedness and obligations are referred to in this Agreement as the "Indebtedness" and will be payable by Guarantor to the Lender at such payment office as the Lender may notify Guarantor of in writing, in Dollars, immediately on demand in the event of any default of the Borrower with respect to any payment when due of the Indebtedness or any part thereof, without setoff or counterclaim. If the Lender is prevented by law from accelerating any of the Indebtedness in accordance with the terms of any agreement or instrument governing same, the Lender shall be entitled to receive hereunder from Guarantor, upon demand therefor, the sum which would have otherwise been due had such acceleration occurred.

(b) Anything herein the contrary notwithstanding, the Guarantor shall be liable hereunder only to the extent that the Borrower fails to repay any Indebtedness as a result of:

(i) fraud or willful misconduct by the Borrower or any of its Affiliates (including the Guarantor), agents or representatives in connection with the Note;

(ii) the Borrower's or the Guarantor's misapplication or misappropriation of funds of the Borrower;

(iii) the Borrower's or the Guarantor's misapplication or misappropriation of insurance proceeds; or

(iv) any act of criminal conduct by the Borrower or any of its Affiliates (including the Guarantor), agents or representatives;

(v) any representation, warranty, certification or other statement made or deemed made by the Guarantor or the Borrower at any time given by the Guarantor or the Borrower pursuant to or in connection with this Agreement or the Note shall have been false in any material respect as of the date made;

(vi) the Guarantor is convicted of or pleads guilty to a felony, or the Guarantor willfully violates any material laws or material legal requirements relating to the business property or assets of the Borrower;

(vii) the Guarantor is disbarred or suspended from the practice of law in any State material to the operations of the Borrower or otherwise suffers the loss of license or ability or right to practice law in any State material to the operations of the Borrower, or the Borrower ceases to or is restricted from operating as a law firm or being involved in the practice of law, or is disallowed from receiving or sharing case proceeds pursuant to any disciplinary action; or

(viii) the Guarantor leaves the law firm of Brenes Law Group, PC, whether by resignation, dismissal or otherwise, or the Guarantor practices law or is otherwise in any way involved in the practice of law other than through the law firm of Brenes Law Group PC, whether individually or through any other law firm or other enterprise.

(ix) The Borrower shall file, initiate or consent to the filing of any liquidation, conservatorship, bankruptcy, assignment for the benefit of creditors, moratorium, rearrangement, receivership, insolvency, reorganization, or any debtor relief laws.

(x) Any intentional act by the Guarantor or the Borrower that prevents, delays or hinders the perfection of the Lender's security interest granted under the Note or otherwise results in

any material damage or diminution in value of any of the security interest or the Lender's interest therein.

(xi) The Guarantor or the Borrower disaffirms, disclaims, repudiates or rejects, in whole or in part, or challenges the validity of the Note, this Agreement, or any term or provision thereof.

(c) No payment or payments made by the Borrower, any other guarantor or any other person or received or collected by the Lender from the Borrower, any other guarantor or any other person by virtue of any action or proceeding or any setoff or appropriation or application at any time or from time in reduction of or in payment of the Indebtedness shall be deemed to modify, reduce, release or otherwise affect the liability of Guarantor hereunder which shall, notwithstanding any such payment or payments other than payments made to the Lender by Guarantor or payments received or collected by the Lender from Guarantor, remain liable for the Indebtedness in accordance herewith until the Indebtedness is indefeasibly paid in full.

2. Rights of Lender. Guarantor authorizes the Lender at any time in its discretion (subject only to the consent of the Borrower where the Note specifically provides for such consent) to alter any of the terms of the Indebtedness, to take and hold any security for the Indebtedness and to accept additional or substituted security, to subordinate, compromise or release any security, to release the Borrower or any other party of its liability for all or any part of the Indebtedness, to release, substitute or add any one or more guarantors or endorsers, and to assign this Agreement in whole or in part. Any modifications, renewals and extensions of the Indebtedness may be made at any time by the Lender, before or after any termination of this Agreement, and Guarantor shall be fully liable for any such modifications, renewals or extensions. The Lender may take any of the foregoing actions upon any terms and conditions as the Lender may elect, without giving notice to Guarantor or obtaining the consent of Guarantor and without affecting the liability of Guarantor to the Lender.

3. Independent Obligations.

(a) This Agreement is a guarantee of payment rather than a guarantee of collection. Guarantor's obligations under this Agreement are independent of those of the Borrower and any security for or other guarantee of the Indebtedness of the Borrower. The Lender may bring a separate action against Guarantor without first proceeding against Borrower or any other person or any security held by the Lender and without pursuing any other remedy. The Lender's rights under this Agreement will not be exhausted by any action or inaction by the Lender until all of the Indebtedness has been indefeasibly paid in full. Any statute of limitations which is tolled as to the Borrower by reason of any payment by the Borrower or other circumstance shall operate to toll the statute of limitations as to Guarantor.

(b) The liability of Guarantor hereunder is not affected or impaired by any direction or application of payment by the Borrower or by any other party, or by any other guarantee or undertaking of any other guarantor or any other party as to the Indebtedness of the Borrower, by any payment on, or in reduction of, any such other guarantee or undertaking, by the termination, revocation or release of any obligations hereunder or of any other guarantor, or by any payment made to the Lender on the Indebtedness which the Lender repays to the Borrower or any other guarantor or other person or entity pursuant to court order in any bankruptcy, reorganization, arrangement, moratorium or other debtor relief proceeding, or any other fact or circumstance which would excuse the obligation of a guarantor or surety, and Guarantor waives any right to the deferral or modification of Guarantor's obligations hereunder by reason of any such proceeding, fact or circumstance. This Agreement shall continue to be effective in accordance with its terms, or be reinstated, as the case may be, if at any time payment, or any part thereof, of or with respect to any of the Indebtedness is rescinded or must otherwise be restored or returned by the Lender upon the insolvency, bankruptcy, dissolution, liquidation or reorganization of the Borrower or any other payor thereof, or upon or as a result of the appointment of a receiver, intervenor or conservator of, or trustee or similar officer for, the Borrower or any other payor thereof or any substantial part of its property, or otherwise, all as though such payments had not been made.

4. Waivers of Defenses. Guarantor, to the fullest extent permitted by law, waives: (a) all statutes of limitation as to the Indebtedness, this Agreement or otherwise as a defense to any action brought against Guarantor by the Lender; (b) any defense based upon any legal disability of the Borrower or any discharge or limitation of the liability of the Borrower to the Lender, whether consensual or arising by operation of law or any bankruptcy, insolvency, or debtorrelief proceeding, or from any other cause; (c) presentment, demand, protest and notice of any kind; (d) any defense based upon or arising out of any defense which the Borrower may have to the payment or performance of any part of the Indebtedness; (e) any defense based upon any disbursements by the Lender to the Borrower pursuant to any agreements or instruments governing or securing the Indebtedness whether same be deemed an additional advance or be deemed to be paid out of any special interest or other fund accounts, as constituting unauthorized payments hereunder or amounts not guaranteed by this Agreement; (f) all rights to participate in any security held by the Lender for the Indebtedness; (g) irregularity or unenforceability of any agreement or instrument representing or governing or securing the Indebtedness; (h) any request that the Lender be diligent or prompt in making demands hereunder or under any agreement or instrument representing or governing or securing the Indebtedness; and (i) any other defense in law or equity (other than the defense that the Indebtedness has been indefeasibly paid in full) which, under applicable law, would release the obligation of a guarantor or surety, until the Indebtedness has been indefeasibly paid in full.

5. Borrowers' Authority and Financial Condition. It is not necessary for the Lender to inquire into the capacity or powers of the Borrower or the officers, directors, partners or agents acting or purporting to act on behalf of the Borrower, and any indebtedness made or created in reliance upon the professed exercise of such powers shall be guaranteed hereunder. Guarantor has independently, and without reliance on any information supplied by the Lender, taken, and will continue to take, whatever steps it deems necessary to evaluate the financial condition and affairs of the Borrower or any collateral, and the Lender shall have no duty to advise Guarantor of information at any time known to it regarding such financial condition or affairs or any collateral.

6. Waiver of Subrogation Until Indebtedness Paid. Irrespective of any payment by Guarantor to the Lender pursuant to this Agreement, Guarantor will not be subrogated in place of and to the claims and demands of the Lender nor will Guarantor have any right to participate in any security or lien now or hereafter held by or on behalf of the Lender until the final indefeasible payment and satisfaction of all claims and demands due to the Lender hereunder and under the Note.

7. Costs and Expenses. In addition to the amounts guaranteed hereunder, within three business days of demand, Guarantor agrees to pay the Lender's reasonable outofpocket costs and expenses, including but not limited to legal fees and disbursements, incurred in connection with any effort to collect or enforce this Agreement, whether or not any lawsuit is filed.

8. Delay; Cumulative Remedies. No delay or failure by the Lender to exercise any right or remedy against, or to require performance by, the Borrower or Guarantor or any other party shall be construed as a waiver of that right, remedy or requirement, and all such powers of the Lender shall remain in full force and effect, until specifically waived or released by an instrument in writing executed by the Lender. All remedies of the Lender against the Borrower and Guarantor are cumulative.

9. Subordination. Guarantor agrees that any and all indebtedness or claims it may have against the Borrower or any other guarantor, whether such claims are in connection with this Agreement, the Indebtedness, or are completely independent of this Agreement and the Indebtedness, will be subordinate to the claims of the Lender under this Agreement and all Indebtedness guaranteed hereby, and that Guarantor will not assert any such claim against the Borrower until all Indebtedness to the Lender has been completely satisfied hereunder. Notwithstanding such subordination, and without affecting or impairing in any manner the liability of Guarantor under the other provisions of this Agreement, any Indebtedness of the Borrower to any other guarantor, if the Lender so requests, shall be collected, enforced and received by Guarantor as trustee for the Lender and paid over to the Lender on account of the Indebtedness of the Borrower to the Lender. Nothing contained in this paragraph shall prohibit Guarantor from making any prepayment or repayment of any amounts owing by Guarantor to the Borrower.

10. Representations and Warranties. Guarantor represents and warrants to the Lender that:

(a) Binding Obligations. This Agreement constitutes his legal, valid and binding obligation enforceable against him in accordance with its terms, except as enforceability may be limited by bankruptcy, insolvency, reorganization or other similar laws affecting the enforcement of creditors' rights generally and by equitable limitations on the availability of specific remedies, regardless of whether such enforceability is considered in a proceeding in equity or at law.

(b) No Violation. The consummation of the transactions contemplated by this Agreement, and the fulfillment of the terms of this Agreement, shall not conflict with, result in any breach of any of the terms and provisions of, or constitute (with or without notice or lapse of time) a default under any indenture, agreement, mortgage, deed of trust or other instrument to which he is a party or by which he is bound or any of his properties are subject, or result in the creation or imposition of any Lien upon any of his properties pursuant to the terms of any such indenture, agreement, mortgage, deed of trust or other instrument, or violate any law, order, rule or regulation applicable to him or any of his properties, or in any way adversely affect his ability to perform his obligations under this Agreement.

(c) Consents or Approvals. No consent of any other person or entity (including, without limitation, any creditor of the Guarantor) and no consent, license, permit, approval or authorization of, exemption by, notice or report to, or registration, filing or declaration with, any governmental authority is required in connection with the execution, delivery, performance, validity or enforceability of this Agreement.

(d) Financial Benefit. Guarantor has derived or expects to derive a financial or other advantage from the Note or other Indebtedness incurred by the Borrower to the Lender.

(e) No Proceedings. There are no proceedings or investigations pending or, to his knowledge, threatened against him, before any court or other governmental authority having jurisdiction over him or his properties (A) asserting the invalidity of this Agreement, (B) seeking to prevent the consummation of any of the transactions contemplated by this Agreement, or (C) that could have a material adverse effect on the Guarantor.

11. Guaranty Absolute. Guarantor hereby knowingly accepts the full range of risk encompassed within a contract of "continuing guaranty", which risk includes the possibility that the Borrower will contract additional Indebtedness for which the Guarantor may be liable hereunder after the Borrower's financial condition or ability to pay its lawful debts when they fall due has deteriorated, whether or not the Borrower has properly authorized incurring such additional indebtedness. The liability of the Guarantor under this Agreement shall be absolute and unconditional, in accordance with its terms, and shall remain in full force and effect without regard to, and shall not be released, suspended, discharged, terminated or

otherwise affected by, any circumstance or occurrence whatsoever.

12. Governing Law. THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REFERENCE TO CHOICE OF LAW DOCTRINE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF ANOTHER JURISDICTION.

13. Jurisdiction. Guarantor hereby agrees that ANY LEGAL ACTION OR PROCEEDING AGAINST GUARANTOR WITH RESPECT TO THIS AGREEMENT OR ANY OTHER AGREEMENT OR DOCUMENT CONTEMPLATED HEREBY OR REFERRED TO HEREIN (INCLUDING WITHOUT LIMITATION ANY SECURITY DOCUMENT EXECUTED BY IT) MAY BE BROUGHT IN THE COURTS OF THE STATE OF NEW YORK LOCATED IN THE CITY OF NEW YORK OR OF THE UNITED STATES OF AMERICA FOR THE SOUTHERN DISTRICT OF NEW YORK AS THE LENDER MAY ELECT, AND BY EXECUTION AND DELIVERY OF THIS AGREEMENT GUARANTOR ACCEPTS AND CONSENTS FOR ITSELF AND IN RESPECT TO ITS PROPERTY, GENERALLY AND UNCONDITIONALLY, THE JURISDICTION OF THE AFORESAID COURTS, and further consents (to the extent permitted by applicable law) to the service of process in any such action or proceeding being made upon Guarantor by mail at the address stated alongside its name on the signature page hereof or at such other address as the Lender is notified of in accordance with Section 15 hereof. The Guarantor agrees that Sections 5-1401 and 5-1402 of the General Obligations Law of the State of New York shall apply to the Loan Documents and waives any right to stay or to dismiss any action or proceeding brought before said courts on the basis of forum non conveniens. Nothing herein shall limit the right of the Lender to bring proceedings against Guarantor in the courts of any other jurisdiction. Guarantor covenants that he is and will remain subject to service of process in the State of New York so long as any of the Indebtedness is outstanding.

14. Severability. If any one or more of the provisions contained in this Agreement or any document executed in connection herewith shall be invalid, illegal or unenforceable in any respect under any applicable law, the validity, legality and enforceability of the remaining provisions contained herein shall not (to the full extent permitted by law) in any way be affected or impaired.

15. Notices. Except as otherwise expressly provided herein, all notices, requests, demands or other communications to or upon the respective parties hereto shall be given in the manner and, in the case of the Lender, to the address, set out in the Note, and shall be effective as set out therein. All notices, requests, demands or other communications to the Guarantor shall be given to the address set forth opposite his signature hereto.

16. Amendment. No provisions of this Agreement shall be waived, amended, supplemented or otherwise modified except by a written instrument executed by Guarantor and the Lender, and then such waiver or modification shall be effective only in the specific instance and for the specific purpose for which given.

17. Miscellaneous. The provisions of this Agreement will bind and benefit the successors and assigns of Guarantor and the Lender; provided, no rights, duties or obligations of the Guarantor hereunder nor any interest of the Guarantor herein may be assigned or delegated without the prior written consent of the Lender, and any attempted assignment or transfer by the Guarantor without such consent shall be null and void. The descriptive headings used in this Agreement are for convenience only and shall not be deemed to affect the meaning or construction of any provision hereof.

18. Counterparts. This Agreement may be executed in any number of counterparts, and by the different parties hereto or thereto (as the case may be) on the same or separate counterparts, each of which when so executed shall be deemed to be an original and all the counterparts shall together constitute one and the same instrument. Electronic signatures hereto shall be of the same force and effect as an original of a manually signed copy.

19. Note to Control. In the event of any conflict or inconsistency between the provisions of this Agreement and the Note, the provisions of the Note shall control.

20. WAIVER OF JURY TRIAL. EACH OF THE LENDER AND GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY AND ALL RIGHTS IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH, THIS AGREEMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN), OR ACTIONS OF THE LENDER, THE BORROWER OR GUARANTOR. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE LENDER ENTERING INTO THIS AGREEMENT AND ACCEPTING THE NOTE.

21. Third Party Beneficiary. Maker acknowledges that any lender, administrative agent (or any affiliate of any such lender or administrative agent) under the Credit Agreement dated as of July 3, 2019 to which Legal Recovery Associates LLC is a party, is an intended third party beneficiary of this Agreement with all rights of such a beneficiary.

22. Recapture. Anything in this Agreement to the contrary notwithstanding, if the Lender receives any payment or payments on account of the liabilities guarantied hereby, which payment or payments or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside and/or required to be repaid to a trustee, receiver, or any other party under any debtor relief law, common law or equitable doctrine, then to the extent of any sum not finally retained by the Lender, the Guarantor's obligations to the Lender shall be reinstated and this Agreement shall remain in full force and effect (or be reinstated) until payment shall have indefeasibly been made to the Lender in full, which payment shall be due on demand.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first above written.

LENDER:

LEGAL RECOVERY ASSOCIATES LLC

By__________________________
Name: Greg Goldberg
Title: Manager

GUARANTOR:

By__________________________
Troy Brenes

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Orange )

On July 10, 2019 before me, Brooke Lynn Meyers
(insert name and title of the officer)

personally appeared Troy Brenes,
who proved to me on the basis of satisfactory evidence to be the person(~~s~~) whose name(~~s~~) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(~~ies~~), and that by his/~~her/their~~ signature(~~s~~) on the instrument the person(~~s~~), or the entity upon behalf of which the person(~~s~~) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

BROOKE LYNN MEYERS
Commission # 2240377
Notary Public - California
ORANGE County
My Comm. Expires APR 29, 2022

Signature [signature] (Seal)

BROOKE LYNN MYERS
Comm. 15748 = 1240177
Notary Public - California
ORANGE County
My Comm. Expires APR 30, 2022