UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

LEGAL RECOVERY ASSOCIATES LLC,

                Plaintiff,

    -against-

BRENES LAW GROUP, P.C. and TROY A. BRENES,

                Defendants.

------------------------------------------------------------------------X

Case No. 22-cv-1778 (ER)(BCM)

**PRE-CONFERENCE STATEMENT PURSUANT TO FRCP 26(F)(2)**

        Pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure, Plaintiff Legal Recovery Associates LLC (LRA) and Defendants Brenes Law Group, P.C. (BLG) and Troy Brenes, through their attorneys, state:

        1.      The date of the conference and appearances for the parties, including the names of the individual attorneys who will attend, their law firms, addresses, and telephone numbers, and the party or parties represented. The Court expects each party's principal trial attorney to attend the conference.

*The conference is scheduled for April 27, 2023, at 11:00 a.m. Andrew T. Solomon, Solomon, Cramer & Summit LLP, 25 W. 39th Street, 7th Floor, New York, N.Y. 10018, will appear for Plaintiff. Troy Brenes will appear for defendants.*

        2.      A concise statement of the nature of the case and the issues as they appear on the date of the Statement, including any issues as to jurisdiction or venue and any anticipated motions pursuant to Fed. R. Civ. P. 12(b) or (c).

*Plaintiff seeks to enforce two defaulted promissory notes in the amounts of $1.1 million and $500,000 against BLG and against Troy Brenes (only the $1.1 million note). Defendants raise affirmative defenses alleging that Plaintiff intentionally and in bad faith prevented Defendants' ability to repay the loans forcing Defendants to breach the contractual agreement. Defendants also assert a counterclaim for breach of the implied duty of good faith and fair dealing. Defendants have asserted two additional counterclaims, but the Court stayed them from proceeding.*

*There are no issues as to jurisdiction or venue and no anticipated motions pursuant to Fed. R. Civ. P. 12(b) or (c).*

        3.      A proposed deadline for joining additional parties, amending the pleadings, or moving for leave to do so.  <u>MAY 4, 2023</u>.

4. A proposed discovery schedule including:

   a. A date for exchanging the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)(A), or the date on which such disclosures were accomplished: <u>APRIL 26, 2023</u>.

   b. Dates for the service of initial document production requests and interrogatories (limited in accordance with Local Civil Rule 33.3): <u>APRIL 26, 2023</u>.

   c. A date by which all fact depositions will be completed, including the names (if known) or descriptions of persons expected to be deposed: <u>JUNE 26, 2023</u>.

   d. A date for the close of all fact discovery: <u>JULY 26, 2023</u>.

   e. Dates by which each party's expert report(s) or other expert disclosure, and any responding reports, will be supplied to the adversary: <u>AUGUST 11, 2023</u>.

   f. A date for the close of all discovery, including expert depositions: <u>SEPTEMBER 29, 2023</u>.

5. Any proposed limitations to be placed on discovery, including protective or confidentiality orders. The parties may (but are not required to) use the Model Protective Order found on the Court's website at https://nysd.uscourts.gov/honbarbara-moses.

*The parties will use the model protective order. No other limitations on discovery are to be implemented.*

6. Any anticipated discovery issues that may warrant early attention from the Court (including ESI protocols, litigation holds, and other issues relating to the preservation, retrieval and/or production of electronically stored information).

*Plaintiff's statement: Plaintiff has requested defendants to produce ESI, including emails, in native format and with load file that meet the specification for Relativity. The parties will cooperate to identify custodians, time periods, and search terms to be used.*

*Defendants' Statement: Both parties will request the production of ESI. The parties have not agreed upon a format of production or search methodology at this time but will continue to meet and confer in good faith.*

7. A date, approximately 30 days prior to the close of fact discovery, for a status conference with the Court: <u>June 26, 2023</u>.

8. When the case should be (a) referred to mediation or (b) scheduled for a settlement conference with the Court: <u>Settlement Conference</u>.

9. A date for the filing of pre-motion conference requests regarding summary judgment: <u>October 9, 2023</u>.

10. The anticipated length of trial and whether a jury has been requested: <u>Three days</u>.

      11.    Whether the parties wish to consent to trial before the designated magistrate judge:  <u>No</u>.

Dated: April 20, 2023

| BRENES LAW GROUP | SOLOMON, CRAMER & SUMMIT LLP |
|---|---|
| *Defendants Pro Se* | *Attorneys for Plaintiff* |
| By: <u>/s/Troy A. Brenes</u> | By: <u>/s/Andrew T. Solomon</u> |
|     Troy A. Brenes |     Andrew T. Solomon |
|     tbrenes@breneslawgroup.com |     asolomon@solomoncramer.com |
| 100 Spectrum Center Drive, Ste. 220 | 25 West 39th Street, 7th Floor |
| Irvine, CA 92618 | New York, NY 10018 |
| (949) 397-9360 | (212) 884-9102 |