UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEGAL RECOVERY ASSOCIATES LLC,

                Plaintiff,

-against-

BRENES LAW GROUP, P.C., et al.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/27/2023
```

22-CV-1778 (ER) (BCM)

**INITIAL CASE MANAGEMENT ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following case management and scheduling order pursuant to Fed. R. Civ. P. 16:

1. <u>Joinder and Amendment</u>. No later than **May 11, 2023**, defendants shall amend their Answer and Counterclaims so as to adequately allege facts demonstrating that the parties are completely diverse. Thereafter, amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties filed after May 11, 2023 will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4).

2. <u>Related Case: Waiver of Service and Consolidation</u>. A related action, titled *Legal Recovery Associates LLC v. Brenes Law Group, P.C.*, is now pending in this District as No. 23-CV-2446 (ER) (the Related Action). The parties to that case (who are also parties in this action) are in disagreement as to whether the defendant in the Related Action has been properly served. However, they have stipulated that: (a) plaintiff in the Related Action will request a waiver in accordance with Fed. R. Civ. P. 4(d)(1), and (b) defendant in the Related Action will timely return a waiver in accordance with Fed. R. Civ. P. 4(d)(3). Thereafter, no later than **July 27, 2023**, the parties to the Related Action shall either stipulate to the consolidation of this action and the Related Action or submit a joint letter (in both actions) explaining the nature of their disagreement.

3. <u>Stipulation re: Electronic Service</u>. The parties to this action have further stipulated that they will accept electronic (email) service of all discovery demands, notices, and responses.

4. <u>Automatic Disclosures</u>. The parties shall exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **April 28, 2023**.

5. <u>Written Discovery</u>. The parties shall serve their initial requests for production of documents and any initial interrogatories (in compliance with Local Rule 33.3(a)) no later than **May 4, 2023**.

6. <u>Depositions and Additional Fact Discovery</u>. All remaining fact discovery, including depositions, shall be completed no later than **August 25, 2023**.

7. <u>Close of Discovery</u>. All discovery shall be completed no later than **August 25, 2023**.

8. <u>Timely Discovery</u>. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

9. <u>Status Conference</u>. Judge Moses will conduct a status conference on **August 2, 2023, at 11:00 a.m.** No later than **July 26, 2023**, the parties shall submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

10. <u>Conferences and Hearings</u>. All court conferences, hearings, and other proceedings will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call **(888) 557-8511** on their scheduled date, a few minutes before their scheduled time, and enter the access code **7746387**. **Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.** If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

11. <u>Remote Depositions</u>. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

12. <u>Summary Judgment</u>. Summary judgment motions, if any (or, if required by the district judge, pre-motion conference letters with respect to summary judgment)

shall be filed no later than **30 days after the close of discovery**. Summary judgment motion papers shall conform to the individual practices of the district judge.

13. Joint Pretrial Order. The parties' proposed joint pretrial order shall be filed no later than **30 days after the close of discovery**, unless there are summary judgment motion(s), in which case the joint pretrial order shall be filed no later than **30 days after the decision on the motion(s)**. The proposed joint pretrial order shall conform to the individual practices of the district judge.

14. Trial. The parties have stated that the anticipated length of trial is three days. Plaintiff has requested a bench trial.

15. Extensions and Adjournments. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied.**

16. Discovery of ESI. Counsel are hereby directed to confer with one another by telephone or in person **within two weeks of the date of this Order** regarding potential discovery issues concerning electronically stored information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs.

17. Discovery Applications. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required.

18. Fed. R. Evid. 502(d) Order. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Dated: New York, New York
April 27, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**