

June 5, 2023

VIA ECF

Hon. Barbara C. Moses
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *Legal Recovery Associates LLC v. Brenes Law Group, P.C. et al.*
             Civil Action No. 22-CV-1778(ER)(BCM)

Dear Judge Moses:

This firm represents non-parties California Attorney Lending, LLC ("CAL"), Megan Payne ("Payne"), and Steven Mingle ("Mingle," and together with CAL and Payne, the "Affected Non-Parties") with regard to certain Subpoenas issued by Plaintiff Legal Recovery Associates LLC ("LRA") seeking, in the instance of CAL, the production of documents regarding a loan CAL made to Brenes Law Group, P.C. ("BLG"), and, in the instance of Payne and Mingle, testimony regarding same. Payne and Mingle are both employees of the business that services the CAL loan subject to the Subpoenas.

Pursuant Section 2(B) of Your Honor's Civil Individual Practices Rules, the Affected Non-Parties, request a conference seeking permission to file a Motion to Quash the Subpoenas pursuant to Rule 45. Copies of the Subpoenas are attached hereto as Exhibits A, B, and C.

The Affected Non-Parties further request a stay of the Subpoenas until such time the Court rules on the Motion to Quash.

Undersigned counsel and counsel for LRA met and conferred via telephone on May 30, 2023 at 10:00 a.m. The conference lasted approximately twenty-eight (28) minutes. Further, after the phone conference, LRA's counsel sent an email proposal. However, the proposal would merely stage discovery over time and not limit what was ultimately sought from the Affected-Non Parties. As such, the present pre-motion letter request remains necessary.

I.    Background

By way of background, LRA commenced this action against Defendants BLG and Troy Brenes ("Brenes") for breach of contract and breach of an associated guaranty. LRA alleges that BLG breached certain promissory notes between the parties when BLG granted a security interest in certain collateral to a third-party lender. (Doc. 1-1, ¶¶17-18). It is understood that CAL is the third-party lender LRA refers to in its Complaint. BLG has filed counterclaims alleging – relevant

Richard M. Scherer, Jr.  |  Partner  |  rscherer@lippes.com

50 Fountain Plaza, Suite 1700, Buffalo, NY 14202   **Phone:** 716.853.5100   **Fax:** 716.853.5199   lippes.com

**New York:** Albany, Buffalo, Long Island, New York City, Rochester  //  **Florida:** Jacksonville  //  **Illinois:** Chicago
**Ontario:** Greater Toronto Area  //  **Texas:** San Antonio  //  **Washington, D.C.**



here – a breach of the duty of good faith and fair dealing. The Subpoenas broadly seek information and documents regarding CAL's lending relationship with BLG.

As set forth below, it is the Affected Non-Parties position that the discovery sought (1) should be obtained from Defendant BLG and is overly burdensome; (2) is not relevant to LRA's claims; and (3) is confidential.

II.     The Subpoenas Should Be Quashed

   A.   *The Discovery Sought Should be Obtained from Defendants and Creates and Undue Burden on the Affected Non-Parties.*

It is well-settled that a third-party subpoena should be quashed, if the documents sought from the non-party can be obtained through party discovery. See, e.g., Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2204 (3d ed.) ("Ordinarily, it is thought preferable that documents should be sought from a party using Rule 34 rather than from a nonparty."). "[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Burns v. Bank of Am.*, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (granting motion to quash subpoena where that subpoena sought "precisely the same documents as demanded in [the] First Request for the Production of Documents [directed to defendant]."); s*ee also Alcon Vision, LLC v. Allied Vision Grp., Inc.*, 2019 WL 4242040, at *2 (S.D.N.Y. Sept. 6, 2019); *Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 382 (S.D.N.Y. 2011). Accordingly, Courts in this Circuit have, "consistently granted motions to quash where the subpoenaed documents were requested from or could have been requested from the party-opponent during the normal course of discovery." *Lemoine v. Mossberg Corp.*, 2020 WL 3316119, at *1 (D. Conn. June 18, 2020). Further, even if the discovery sought was relevant, it should only be permitted if, and to the extent that, it is "proportional" in the context of the case—a limitation intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse[.]" *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (internal quotation omitted) (quashing subpoena for employment records that called for "[a]ll documents and communications . . . referring or related to [plaintiff]" and collecting cases that reject such requests for "any and all documents") (citations omitted).

As set forth above, LRA's Complaint is a simple breach of contract action. However, LRA has propounded broad demands to CAL seeking (per the directions) "any and all items responsive to the request." In short, the Subpoena seeks every document in any way related to CAL's lending relationship with BLG from September 1, 2019 to present. Similarly, the Subpoenas to Mingle and Payne broadly seek testimony about this relationship. Simply put, the Subpoenas seek to circumvent party discovery to target the Affected Non-Parties. To whatever extent LRA may be entitled to such documents at all, LRA could seek from BLG appropriately discoverable information related to CAL's loan with BLG. Indeed, LRA have explicitly done so. While the Affected Non-Parties have not been provided copies of the discovery served on BLG and Brenes, from speaking with LRA's counsel it is understood that there is a significant overlap in requested information. Of course this is not surprising given the Subpoenas seek information that would most certainly be in the possession of the parties.



Despite this, LRA has taken the position that it does not know what documents BLG and/or Brenes has or how good their records are. (Doc. 43, pp. 42-43). However, this speculation is not a basis to look first to a non-party. On that basis alone, the subpoena should be quashed as unduly burdensome. *See Genus Lifesciences Inc. v. Lannett Co.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) ("Because of [the plaintiff's] failure to attempt to obtain the requested documents from [the defendant] prior to seeking them from [the non-party], its subpoena is an undue burden on [the non-party]."); *Alcon Vision, LLC v. Allied Vision Grp., Inc.*, No. 19-MC-384 (AT), 2019 WL 4242040, at *2 (S.D.N.Y. Sept. 6, 2019) ("[T]he subpoena imposes an undue burden on [the non-party]. To the extent that [the plaintiff] seeks Defendants' representations to [the non-party], [the plaintiff] can obtain that information from Defendants...." (internal quotation marks and citation omitted)).

### B. The Discovery Sought Is Not Relevant.

"Any subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (citations omitted).

Here, LRA's breach of contract claim is premised on whether BLG breached its loan agreement with LRA by providing CAL a security interest in certain collateral. While in theory CAL's loan agreement with BLG might be relevant – something BLG would have in its possession – none of the other documents or information sought is relevant to BLG's breach of contract claim.

LRA has seemingly acknowledged this and has instead claimed that it requires information and documents from the Affected Non-Parties to defend against BLG's counterclaim for breach of the duty of good faith and fair dealing. The Affected Non-Parties, however, fail to see the relevance of its testimony and documents. Here, BLG's counterclaim is premised on the allegation that "LRA breached the duty of good faith and fair dealing owed to BLG and Troy Brenes by intentionally and knowingly preventing BLG from repaying the debts in 2020 and 2021." (Doc. 43, at p. 42). Whether LRA breached this duty by preventing BLG from repaying certain debts would come from information by and between the parties – not from information and documents in the possession of the Affected Non-Parties

### C. The Discovery Sought Seeks Confidential and Propriety Information.

"Courts within this Circuit have been keenly sensitive to the burden imposed upon a nonparty witness who may be subject to irreparable harm and prejudice for exposing its proprietary information." *Banner Indus. of N.E., Inc. v. Wicks*, 2013 WL 5722812, at *8 (N.D.N.Y. Oct. 21, 2013); *see also* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed.) (observing that the authority to quash a subpoena pursuant to Rule 45(d)(3)(B) is "particularly useful when the subpoena is being used to secure some type of a competitive advantage."). Indeed, "where a subpoena may have little or no relevance to the claims and defenses in a particular action, while having the potential of disclosing confidential or proprietary information that could create a contemporary and possibly an uncompromising competitive business edge over others, a court should consider quashing the subpoena." *Banner Indus. of N.E., Inc.*, 2013 WL 5722812 at *8.



That is particularly true where, as here, LRA is a competitor of CAL. In this regard, CAL and LRA are both litigation finance companies that provide financing to plaintiffs' law firms involved in mass torts and personal injury cases.

Here, the Subpoenas seek documents and testimony regarding CAL's collateral reports, internal escrow arrangements, reserves, and more generally credit relationship with BLG. This amounts to proprietary information that is not only not relevant but are also confidential information that should not be disclosed to a competitor.

While counsel for LRA has indicated a willingness to enter into a protective order, no such draft order has been provided and the Affected Non-Parties remain concerned that a protective order will not alleviate its concerns due to the competitive nature of LRA and CAL's relationship.

III.     Conclusion

For the reasons set forth above, non-parties California Attorney Lending, LLC, Megan Payne, and Steven Mingle request permission to file a motion to quash the Subpoenas and for a stay of compliance during the pendency of motion.

Respectfully submitted,

LIPPES MATHIAS LLP

*/s/ Richard M. Scherer, Jr.*

Richard M. Scherer, Jr.

cc: All Counsel via ECF.