# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEGAL RECOVERY ASSOCIATES LLC,  )<br>_Plaintiff_  )<br>v.  )<br>BRENES LAW GROUP, P.C. AND TROY BRENES,  )<br>  )<br>_Defendant_  ) | Civil Action No. 22-CV-1778(ER)(BCM) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: California Attorney Lending, LLC
500 Pearl Street, Ste. 820, Buffalo, NY 14202

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Appendix A (Instructions, Documents Requested)

| Place: CA LLC<br>69 Delaware Ave, Ste. 1101<br>Buffalo, NY 14202 | Date and Time:<br>06/05/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/09/2023

_CLERK OF COURT_

OR

_____          _Andrew Solomon_____
Signature of Clerk or Deputy Clerk        Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Legal Recovery Associates LLC , who issues or requests this subpoena, are:
Andrew T. Solomon, asolomon@solomoncramer.com, (212) 884-9102

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-CV-1778(ER)(BCM)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Appendix A

# I. INSTRUCTIONS

**A.     The following uniform rules of construction apply to the attached discovery requests:**

1. **All/Any/Each**. The terms "all," "any," and "each" shall be construed as encompassing any and all.

2. **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. **Number**. The use of the singular form of any word includes the plural and vice versa.

**B.     The following additional instruction shall apply:**

1. The term **Documents** is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states:

    > any designated documents or electronically stored information—
    > including writings, drawings, graphs, charts, photographs, sound
    > recordings, images, and other data or data compilations—stored in
    > any medium from which information can be obtained either
    > directly or, if necessary, after translation by the responding party
    > into a reasonably usable form.

2. **Information**:

    > Shall include individual documents and records (including
    > associated metadata) whether on paper, film, or other media, as
    > discrete files stored electronically, optically, or magnetically, or as
    > a record within a database, archive, or container file, including
    > emails, messages, word processed documents, digital
    > presentations, spreadsheets, and database content."

3. **Communication** means "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)."

4. **Control**: You are required to produce Documents and Information within your possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

5. **Tense**. The use of present tense includes past tense, and vice versa.

6. **Applicable Time Frame**. Unless otherwise stated herein, all documents requested are for the period commencing September 1, 2019 up to and including the date of your response.

7. **Form of ESI**. ESI must be produced in its native format with its accompanying metadata. For example: Documents created using Microsoft Word must be produced as .DOC files.

i

Appendix A

> Emails must be produced in a form that readily supports import into standard email client programs, or the form of production should adhere to the conventions set out in the internet email standard.

8. **Privileged and protected documents.**

    a. "If any document is withheld in whole or in part, for any reason, including, without limitation, a claim of privilege or other protection from disclosure such as the attorney-client privilege, the attorney work product doctrine, or any other business confidentiality or trade secret protection, set forth separately with respect to each document:

        i. The ground of confidentiality claimed.

        ii. Each and every basis for withholding the document.

        iii. The type of document.

        iv. Its general subject matter.

        v. The document's date.

        vi. Other information to enable an assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules."

    b. Where to send the response. "All objections to the production of the documents requested herein shall be made in writing on or before the date set for production.

9. **Producing documents in their entirety.** Each request contemplates production of all documents in their entirety. If a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

10. **Organizing the document production.** All documents shall be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.

11. **The scope of the requests.** Requests for production should be read so as to encompass any and all items responsive to the request.

12. **The continuing duty to supplement.** These requests are continuing, and your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

13. **Identifying whether the producing party has no responsive information, or has withheld information.** If there are no documents in response to any particular request, or if you withhold any responsive information or categories of information based on any objections, you shall state so in writing.

Appendix A

## II. TABLE OF DEFINITIONS

A. **The following uniform definitions apply to the attached discovery requests.**

1. **Communication.** The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.
2. **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term "documents or electronically stored information" in Fed R Civ P 34(a)(1)(A). A draft or nonidentical copy is a separate document within the meaning of this term.
3. **Identify (with Respect to Persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this sub-paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.
4. **Identify (with Respect to Documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).
5. **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.
6. **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.
7. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

B. **The following case specific definitions apply to the attached discovery requests.**

1. **LRA** means Legal Recovery Associates LLC
2. **BLG** means Brenes Law Group, P.C.
3. The **BLG Parties** mean BLG and Troy Brenes
4. The **Notes** means promissory notes given by BLG to LRA.
5. The **Guaranty** means the guaranty given by Troy Brenes to LRA.

Appendix A

### III. REQUESTS

1. Agreements and related transaction documents (*i.e.*, the entire transaction binder) concerning any extension of credit by you to BLG.

2. Documents and Communications concerning BLG's credit relationship with LRA.

3. Documents and Communications concerning planned, contemplated, or attempted payoff of BLG's credit obligation to LRA.

4. Documents and Communications concerning BLG's relationship with Lawrence Litigation Group LLP as it pertained to its interest, if any, in BLG's cases.

5. Loan statements relating to any credit arrangement between you and BLG.

6. Collateral reports relating to collateral securing any loan extended to BLG.

7. Reports received from BLG concerning the existence, status, and any proceeds from BLG's cases.

8. Documents and communications relating to calculating the payoff amount on BLG's obligation to LRA.

9. Documents and communications relating to any escrow arrangements, reserves, indemnities, or other protections established by you concerning BLG's obligation to LRA.

10. Communications concerning this lawsuit.