July 26, 2023

**Via ECF**

Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re:  *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778-ER-BMC

Dear Judge Moses:

This is the parties' joint status letter in advance of the conference scheduled for August 2, 2023, at 11:00 a.m.

Documents

*Plaintiff's Statement*: Plaintiff completed its document production in accordance with the parties' agreement regarding ESI, including its privilege log.

Defendants have produced documents in the AAA arbitration (in which the stayed claims are being litigated), some of which may also apply here. But Defendant has not produced the documents as required by the agreed ESI parameters and has produced no privilege log.

*Defendants' Statement*: Defendant has produced responsive documents in accordance with the Federal Rules of Civil Procedure. Plaintiff's requests far exceeded the claims asserted in this case. The scope of the request would require hundreds of hours to create a privilege log to cover the scope of Defendants' request, the vast majority of which have no conceivable relevance to any claims in this case. Defendants contend that the parties/court should first address the scope of what can be conceivably relevant to this case so that Defendant is not required to substantial time logging  thousands of communications not relevant to any claim or defense in this case.

Depositions

No deposition has been taken.  Plaintiff anticipates taking one party deposition (Troy Brenes) and one (or two) non-party depositions of Brenes Law Group's lender, California Attorney Lending (CAL). Defendants intend on deposing Howard Berger, Greg Goldberg and Gary Podell.  Plaintiff objects to more than one.

Third party discovery

Plaintiff served a subpoena for documents and testimony on CAL and two of its officers, Steve Mingle and Megan Payne. CAL and the officers moved to quash, first trying to move here and later filing a formal motion in the W.D.N.Y. On Monday, July 23, CAL and Plaintiff argued the motion before Magistrate Judge Roemer. Judge Roemer reserved his decision and wants to hear from Plaintiff's counsel this week about whether this case is likely to settle.

Settlement

The parties have engaged in extensive direct settlement negotiations regarding the claims being litigating in this Court and in the arbitration. These discussions were accompanied by a temporary pause in discovery to conserve resources. Although the negotiations have come close to resolving all disputes (here and in the arbitration), no resolution has been reached as of today.

Companion Case (1:23-cv-02446)

Brenes Law Group has not answered the complaint in the second action. Plaintiff agreed not to seek a default pending the outcome of the settlement negotiations. Brenes Law Group will file its response to the complaint by Friday, July 28, 2023.

The Court's deadline for submitting a stipulation to consolidate the cases is July 27, 2023. The parties will file a stipulation to consolidate by that deadline.

Discovery Cutoff Date

The end date for discovery is August 25, 2023. Except for the CAL subpoena, Plaintiff believes that this date remains feasible but would not oppose a short extension if necessary. Defendant also believes this discovery date does not need to be amended.

Respectfully yours,

| /s/ Troy Brenes | /s/ Andrew T. Solomon |
|---|---|
| Troy Brenes | Andrew T. Solomon |