# SOLOMON CRAMER & SUMMIT LLP

25 West 39th Street, 7th Floor
New York, NY 10018
(212) 884-9102
solomoncramer.com

July 31, 2023

By ECF Filing

Hon. Edgardo Ramos
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:     *Legal Recovery Associates LLC v. Brenes Law Group P.C.*, 23-cv-2446 (ER)(BCM)[1]

Dear Judge Ramos:

This firm represents the Plaintiff, Legal Recovery Associates LLC ("LRA"). In this action, LRA seeks to enforce six defaulted promissory notes (the "Notes") issued by the Defendant, Brenes Law Group P.C. ("Brenes Law").  We write pursuant to the Court's Individual Practices to request a pre-motion conference in connection with LRA's intended motion to strike the first, sixth, and ninth affirmative defenses contained in Brenes Law's Answer and Counterclaim (ECF 13) under Rule 12(f) of the Federal Rules of Civil Procedures.

Under Rule 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  It may do so, "on its own" or on motion by a party."

The standards for a Rule 12(f) motion are familiar. An affirmative defense is "insufficient" if, "as a matter of law, the defense could not succeed under any circumstances," *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Alexander*, 728 F. Supp. 192, 203 (S.D.N.Y. 1989) (quoting *Fed. Sav. & Loan Ins. Corp. v. Burdette*, 696 F. Supp. 1183, 1186 (E.D. Tenn. 1988)), or if it fails to meet the "plausibility standard of *Twombly*." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) (referring to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Three affirmative defenses should be struck: the first, sixth, and ninth.

Brenes Law's first and sixth affirmative defenses are equitable: "unclean hands" and "laches." Neither is a viable defense to an action at law for money damages. *See Nautilus Neurosciences, Inc. v. Fares*, No. 13 CIV. 1078 SAS, 2013 WL 6501692, *4 (S.D.N.Y. Dec. 11, 2013) (unclean

---

[1] This case is related to *Legal Recovery Associates LLC v. Brenes Law Group, P.C.*, 22-cv-1778 (ER)(BCM).

hands); *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 386 F. Supp. 2d 461, 477 (S.D.N.Y. 2005) (same); *Ranney v. Tonawanda City Sch. Dist.*, 160 A.D.3d 1461, 1462, 76 N.Y.S.3d 704, 706 (2018) (laches); *In re Liquidation of Am. Druggists' Ins. Co.*, 15 A.D.3d 268, 789 N.Y.S.2d 483, 484 (2005) ("[t]he defense of laches is unavailable in an action at law commenced within the period of limitation."). Accordingly, the first and sixth affirmative defenses must be struck.

Finally, the ninth affirmative defense – a cheap shot in which Brenes Law alleges that it may "void the promissory note agreements as they are part of LRA's 'private placement agreement' and [LRA advisor] Howard Berger meets the definition of a 'Bad Actor' under Rule 506 of Regulation D under the Securities Act of 1933" – must be struck because it is legally insufficient, if not sanctionable under Rule 11.

The registration requirements of the securities laws do not even apply to LRA. "Reg D" creates a safe harbor from the registration requirements of the securities laws for issuers raising money by offering and selling securities. 17 C.F.R. § 230.506; *see generally* the SEC's "Investor.gov Glossary, *Regulation D Offerings*."[2] LRA, as lender, was neither raising money nor offering or selling any instrument. Indeed, in the securities regulation realm, LRA would be the "investor" (whom the law protects) and Brenes Law, which was raising money, was the "issuer" of the notes. In any event, the six notes at issue are not even "securities." This is because they bear a "strong family resemblance" to a private commercial loan. *Equitable Life Assur. Soc. of U.S. v. Arthur Andersen & Co.*, 655 F. Supp. 1225, 1235-45 (S.D.N.Y. 1987); *Reves v. Ernst & Young*, 494 U.S. 56, 66 (1990) (adopting Second Circuit's "family resemblance" test). Finally, even if LRA were an "issuer" and even if the notes were "securities," the ninth defense would still fail (among many other reasons) because the SEC settlement and consent judgment alleged by Brenes Law "issued before September 23, 2013," which is the start date for the "bad actor" disqualification. 17 C.F.R. § 230.506(d)(2)(i), meaning that only disclosure was required.[3]

In that the Regulation D "defense" is utterly meritless, it follows that the allegations in the counterclaim concerning Mr. Berger's settlement and consent judgment with the SEC (*see* ECF 13 at ¶¶ 74-75) should also be struck under Rule 12(f) as "impertinent and immaterial." *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976) (striking allegations about consent judgment); *Gruber v. Gilbertson*, No. 16CV9727, 2019 WL 4458956, at *9 (S.D.N.Y. Sept. 17, 2019) (striking references to a CFTC order); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593 (S.D.N.Y. 2011) ("the references to the CFTC's findings are properly stricken from the Complaint"). LRA respectfully requests leave to move to strike those allegations as well.

LRA is prepared to file the formal motion to strike within three days of receiving permission from the Court.

---

[2] Available at https://www.investor.gov/introduction-investing/investing-basics/glossary/regulation-d-offerings
[3] But, again, as the investor (not the issuer), no disclosure is required. That is the SEC regulations do not restrict "bad actors" from making investments; they affect the ability to raise money through private placements.

Respectfully,

Andrew T. Solomon