<b>SOLOMON CRAMER & SUMMIT LLP</b><br>
25 West 39th Street, 7th Floor<br>
New York, NY 10018<br>
(212) 884-9102<br>
solomoncramer.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/10/2023



August 10, 2023

**Via ECF**

Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re: *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778-ER-BMC

Dear Judge Moses:

This firm is counsel to Plaintiff Legal Recovery Associates, LLC (LRA). I am updating the Court on the lack of progress since the last conference on August 2, 2023, and requesting another discovery conference.

**Wednesday, August 2, 2023**: After the conference, I met with counsel to meet and confer regarding outstanding discovery disputes. We also discussed taking at least two depositions the following week. At the end, I agreed to provide examples of defendants' production deficiencies and we agreed to continue the "meet and confer" process the next day.

**Thursday, August 3, 2023**: I provided counsel the examples of defendants' production deficiencies. Later, I emailed asking if there was a good time to continue the "meet and confer."

Counsel did not respond.

**Friday, August 4, 2023**. At 10:00 a.m., counsel wrote back:

> I suggest we talk on Monday. We are currently going over the concerns you have raised and evaluating our responses. I expect there will be some supplementation, which can discuss on Monday.

I agreed. I also asked to confirm whether counsel wanted to take the depositions that were tentatively scheduled for the next week.

Counsel responded: "Let's push it a week at least. We can discuss Monday."

**Monday, August 7, 2023**: I emailed counsel at 12:56 p.m.: "I called your cell phone to try to have our meet and confer. It is full and cannot accept messages. Let me know when you are available."

No response.

At 3:35 p.m., I emailed again: "What time are you free today to meet and confer?"

Counsel responded:

> I am working on supplementing Plaintiff's responses. As discussed in NY, I ask that you do the same to bring your responses into compliance with the guidance given by the magistrate judge. In reviewing your request, there were also a number of responses where you alleged a lack of relevance as basis for refusing to respond. I request that you review your responses and reconsider your relevancy objections. For my part, <u>I expect to serve the supplemental responses on Wednesday.</u> Regarding depositions, I suggest we set depositions for 8/21 - 8/25.

Counsel also asked that I confirm my position that it was improper for counsel to question one of my witnesses about a 10+ year old SEC settlement (this is also the subject of the pre-motion conference letter (Doc 55)).

I responded that I thought we should "meet and confer today"; I provided (yet again) a list of the discovery issues; I addressed counsel's generalized complaint about LRA's discovery compliance; and I confirmed Plaintiff's objection about the SEC settlement.

Counsel did not respond to my request to hold the meet and confer.

**Tuesday, August 8, 2023**: No response regarding meet and confer.

**Wednesday, August 9, 2023.** No response by defendants' counsel regarding the meet and confer and no supplemental discovery produced, despite assurance from Monday.

Given the short time remaining on the discovery schedule, which has not been adjusted, I do not believe that counsel is complying with the letter and spirit of the Court's statements at the last conference or the requirements of Local Rule 26.4(a).

I respectfully request that the Court either schedule another conference or issue whatever order is necessary to ensure that discovery remains on track.

Respectfully yours,

*Andrew Solomon*

Andrew T. Solomon

cc: Troy A. Brenes, Esq. (via ECF)

---

Application DENIED. *See* Moses Ind. Prac. § 2(b) ("The letter-motion must succinctly set forth . . . the relief sought," and set forth verbatim (or attach) "each discovery request and response in contention[.]"). The parties are reminded of their obligation under the Federal Rules and Local Civ. R. 26.4 to cooperate in good faith in all phases of the discovery process. The parties are further reminded that their proposed consolidated pretrial schedule is due no later than **August 18, 2023**. (*See* Dkt. 51 ¶ 4.) SO ORDERED.

Barbara Moses
United States Magistrate Judge
August 10, 2023