UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,          22-cv-1778 (ER)(BCM)

       Plaintiff,

   -against-

BRENES LAW GROUP, P.C. et al.,

       Defendants.
-----------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

       Plaintiff,          23-cv-2446 (ER)(BCM)

   -against-

BRENES LAW GROUP, P.C.,

       Defendant.
-----------------------------------------------------------x
CONSOLIDATED CASES

-----------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Dated: August 18, 2023

Solomon Cramer & Summit LLP
*Attorneys for the Plaintiff*
25 West 39th Street, 7th Floor
New York, New York 10018
(212) 884-9102

Plaintiff Legal Recovery Associates, LLC (LRA), through its counsel, Solomon Cramer & Summit, LLP, respectfully submits this memorandum of law in support of its motion to strike certain affirmative defenses and allegations asserted by defendant Brenes Law Group, P.C. (BLG) in the second action captioned above. This motion is brought under Rule 12(f) of the Federal Rules of Civil Procedure.

## I.   INTRODUCTION

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," on its own or on timely motion by a party. Three of BLG's affirmative defenses must be stricken:  the First and Sixth defenses, for unclean hands and laches, improperly assert equitable defenses against a legal claim for money damages; and the Ninth, an incoherent, insufficiently pleaded, made-up defense ostensibly under the Securities Act of 1933, 48 Stat. 74, 15 U.S.C.A. § 77a et seq. (the "'33 Act") and the Securities Exchange Commission's Regulation D,[1] which appears for no reason other than to sully an adversary.

## II.   BRIEF STATEMENT OF THE CASE

In the second captioned action, LRA seeks to enforce six promissory notes in the total principal amount of $1,400,000 (Compl. ¶ 8). The Complaint (ECF 52) alleges that the borrower, BLG, defaulted under the notes by failing to repay them on the "Payment Date"—defined as the date that BLG received collections on one or more of its product liability cases (Compl. ¶ 15). Based on those defaults, on February 24, 2023, LRA issued a demand for payment and notice of acceleration (Compl. ¶ 20). BLG ignored it (Compl. ¶ 21).

---

[1] "Regulation D provides exemptions from Securities Act registration for securities offerings under three separate rules: Rules 504, 505, and 506." *Sec. & Exch. Comm'n v. Bronson*, 246 F. Supp. 3d 956, 968 (S.D.N.Y. 2017), *aff'd sub nom. United States Sec. & Exch. Comm'n v. Bronson*, 756 F. App'x 38 (2d Cir. 2018), as amended (Nov. 20, 2018) (*quoting* Revision of Rule 504 of Regulation D, the "Seed Capital" Exemption, 64 Fed. Reg. 11,090, 11,090 (Mar. 8, 1999)).

In its Answer (ECF 54), BLG admits that it received the loans and gave LRA the promissory notes (Ans. ¶¶ 7-8), but asserts various affirmative defenses, including unclean hands (First Affirmative Defense), laches (Sixth Affirmative Defense), and because the notes were somehow "void" under the '33 Act (Ninth Affirmative Defense).

The unclean hands defense is alleged as a mere conclusion (ECF 54 at ¶ 39). The laches defense echoes BLG's principal defense and counterclaim, which is that LRA cannot enforce the six notes because "Plaintiff acted to prohibit Defendant from paying off its debts in 2020 and 2021 under the promissory notes and then waited an unreasonable amount of time to claim Defendant refused to pay the debt" (ECF 54 at ¶ 44). The Securities Act defense claims that BLG "may void the promissory notes" because a person (namely, Howard Berger) associated with LRA "meets the definition of a 'Bad Actor' as defined in Rule 506 of Regulation D of the Securities Act of 1933" (ECF 54 at ¶ 47). BLG bases this allegation on a 10-year-old consent judgment entered against Berger on January 15, 2013, in an action filed by the SEC (Doc. 54 at ¶ 50).

### III.   LEGAL ARGUMENT

#### A.   The Standards on a Motion to Strike

The standards for a Rule 12(f) motion are familiar. An affirmative defense is "insufficient" if, "as a matter of law, the defense could not succeed under any circumstances," *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Alexander*, 728 F. Supp. 192, 203 (S.D.N.Y. 1989) (*quoting Fed. Sav. & Loan Ins. Corp. v. Burdette*, 696 F. Supp. 1183, 1186 (E.D. Tenn. 1988)), or if it fails to meet the "plausibility standard of Twombly." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) (referring to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Though a motion to strike is "generally disfavored," courts grant them if the movant meets a three-part test:

> (1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense.

*City of New York v. Fedex Ground Package Sys., Inc.*, 314 F.R.D. 348, 355 (S.D.N.Y. 2016) (quoting *Specialty Minerals, Inc. v. Pluess–Staufer AG*, 395 F.Supp.2d 109, 111 (S.D.N.Y. 2005). On the third prong, the court may consider "whether inclusion of the legally insufficient defense would needlessly increase the 'time and expense of trial' or 'duration and expense of litigation.'" *City of New York*, 314 F.R.D. at 355 (quoting *Coach, Inc. v. Kmart Corps.*, 756 F. Supp.2d 421, 426 (S.D.N.Y. 2010)).

### B.    The Equitable Defenses Must be Stricken Because LRA's Claim is an Action at Law for Money Damages Only

BLG's First and Sixth Affirmative Defenses for "unclean hands" and "laches" cannot succeed in this case as matter of fact or law. These are equitable defenses that are not viable against a claim at law for money damages under written promissory notes. *See Nautilus Neurosciences, Inc. v. Fares*, No. 13 CIV. 1078 SAS, 2013 WL 6501692, *4 (S.D.N.Y. Dec. 11, 2013) (unclean hands); *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 386 F. Supp. 2d 461, 477 (S.D.N.Y. 2005) (same); *Ranney v. Tonawanda City Sch. Dist.*, 160 A.D.3d 1461, 1462, 76 N.Y.S.3d 704, 706 (2018) (laches); *In re Liquidation of Am. Druggists' Ins. Co.*, 15 A.D.3d 268, 789 N.Y.S.2d 483, 484 (2005) ("[t]he defense of laches is unavailable in an action at law commenced within the period of limitation."). Moreover, the "unclean hands" defense is pleaded as a mere conclusion and, thus, fails to meet the *Iqbal* standard. *See, e.g., Cartier Int'l AG v. Motion in Time, Inc.*, No. 12 CIV. 8216 JMF, 2013 WL 1386975, at *3 (S.D.N.Y. Apr. 5, 2013); *Tracy v. NVR, Inc.*, No. 04-CV-6541L, 2009 WL

3

3153150, at \*8 (W.D.N.Y. Sept. 30, 2009), *report and recommendation adopted as modified,* 667 F. Supp. 2d 244 (W.D.N.Y. 2009).

Permitting these two unmeritorious defenses to remain in the case would prejudice Plaintiff. If not stricken, Plaintiff would suffer the cost and delay of propounding and responding to discovery on extraneous matters of equity and, potentially litigating them through trial, when neither will impact the case's disposition. That is prejudice enough to warrant relief under Rule 12(f). *See Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. M.C.F. Assocs., Inc.*, 530 F. Supp. 3d 460, 467 (S.D.N.Y. 2021); *Colonial Funding Network, Inc. for TVT Cap., LLC v. Epazz, Inc.*, 252 F. Supp. 3d 274, 287 (S.D.N.Y. 2017). For these reasons, courts routinely dismiss both defenses when inappropriately asserted. *See, e.g., S.E.C. v. Condron,* No. CIV. B-85-87, 1985 WL 2054, at \*1 (D. Conn. June 11, 1985) (striking defenses of unclean hands and laches because they are unavailable against the government and allowing them to stand "could unnecessarily complicate the case and waste valuable litigation time"); *Haber v. Bankers Standard Ins. Co.*, No. 3:19-CV-276 (VLB), 2019 WL 7343397, at \*3 (D. Conn. Dec. 31, 2019) (striking laches and unclean hands because neither defense is available as matter of law); *In re RFC & ResCap Liquidating Tr. Litig.*, No. 13-CV 3520 JRT/HB, 2015 WL 2451254 (D. Minn. May 21, 2015) (applying New York law) (striking unclean hands and laches because equitable defenses do not apply to claims at law). New York State courts are in accord. *See, e.g., Transamerica Credit v. Kolokotsas,* 11 Misc. 3d 1070(A), 816 N.Y.S.2d 702 (Sup. Ct. 2006) (striking laches defense when foreclosure action is timely commenced within statute of limitation); *Falk v. Gallo*, 18 Misc. 3d 1146(A), 859 N.Y.S.2d 894 (Sup. Ct. 2008) ("unclean hands is an equitable defense that is not available in action at law for damages").

4

### C.  The Defense Based on the Securities Law Is Frivolous and the Allegations Should Be Stricken from the Answer as Impertinent and Immaterial

BLG alleges in its Ninth Affirmative Defense that it may "void the promissory note agreements as they are part of LRA's 'private placement agreement'[2] and [LRA advisor] Howard Berger meets the definition of a 'Bad Actor' under Rule 506 of Regulation D under the Securities Act of 1933." This incoherent defense must be struck because it is legally insufficient, if not sanctionable.

The allegation that Howard Berger is a "Bad Actor" under Rule 506(d) (Doc. 54 at ¶ 47) is based on a consent judgment Berger reached with the SEC more than ten years ago, in January 2013, which is a matter of public record.[3] BLG further claims that "LRA and Berger's conduct as described herein constitutes what the United States Securities and Exchange Commission define [*sic*] as 'private placements,' which allow LRA and LLG [*sic*] to avoid regulation under the Investment Company Act of 1940 and the Securities Act of 1933." (*Id.* at ¶ 74). But, BLG continues, because of the "Bad Actor" involvement, "anyone may terminate any part of the transaction" (*id.*) Thus, BLG claims the right to "declare void the additional promissory notes negotiated between Berger and BLG." (*Id.* at ¶ 75).

In the context of the '33 Act, BLG's "defense" makes no sense.

The registration requirements of the '33 Act apply to *issuers* of securities. "The term 'issuer' means every person who issues or proposes to issue any security." 15 U.S.C. § 77b(a)(4). LRA, however, was not an "issuer." It *received* promissory notes from BLG. Thus, LRA could not have possibly violated the '33 Act.

---

[2] BLG's claim that the loans were a "private placement" is nonsensical. According to the SEC, "Rule 506(b) Private Placements allow companies to raise unlimited capital from investors with whom the company has a relationship and who meet certain wealth thresholds or have certain professional credentials. A company cannot use general solicitation in a 506(b) private placement." https://www.sec.gov/education/glossary/jargon-z#GS

[3] https://www.sec.gov/enforcement/information-for-harmed-investors/howard-berger

The '33 Act is also not implicated because it exempts "transactions by an issuer not involving any public offering," 15 U.S.C. § 77d(a)(2). The loan of money from LRA to BLG was a private transaction, which did not involve any public offering. Rather, "these were personal promissory notes issued by a private party" which are "therefore exempt from the '33 Act." *Ave. State Bank v. Tourtelot*, 379 F. Supp. 250, 255-56 (N.D. Ill. 1974).

Nor are the promissory notes "securities." Though "security" is defined to include "any note" (15 U.S.C.A. § 77b(a)(1)), "not all notes are securities." *Reves v. Ernst & Young*, 494 U.S. 56, 63 (1990). To distinguish notes that are "securities" from those that are not, courts apply the "family resemblance" test. *Reves*, 494 U.S. at 66 (adopting Second Circuit's "family resemblance" test). A note that bears a "strong family resemblance" to a private commercial loan is not a "security." *Equitable Life Assur. Soc. of U.S. v. Arthur Andersen & Co.*, 655 F. Supp. 1225, 1235-45 (S.D.N.Y. 1987); *see also Great W. Bank & Tr. v. Kotz*, 532 F.2d 1252, 1260 (9th Cir. 1976) (Wright, C.J., concurring) ("With one exception [not applicable here], the courts have ruled that notes given by borrowers to banks in commercial loan transactions are not securities").

Because the '33 Act's registration requirements are inapplicable, so too is the SEC's Regulation D or "Reg D." Reg D creates a safe harbor from the registration requirements of the securities laws for issuers raising money by offering and selling securities. 17 C.F.R. § 230.506; *see generally* the SEC's "Investor.gov Glossary, *Regulation D Offerings*."[4] Here, LRA was not raising money (it was lending); there was no "offering and selling of securities"; and, if there was, it could only have been by BLG, which issued the notes. Because LRA need not rely on Reg D to lend money in a private transaction to BLG, the "Bad Actor" disqualification has nothing to do with this case (and is foisted upon the Court here, as it was in the first-captioned

---

[4] Available at https://www.investor.gov/introduction-investing/investing-basics/glossary/regulation-d-offerings

matter, as a gratuitous smear tactic).[5] Unsurprisingly, after extensive research, no decision can be located in which a court voided a promissory note based on Reg D or its "Bad Actor" exception.

Indeed, the "defense" asserted by BLG should really be a "claim" for private enforcement of the registration requirements under 77 U.S.C. § 77l(a)(1), in which it would have to claim that LRA made a public offering of unregistered securities in violation of Section 5 of the '33 Act. Of course, that did not happen here. Moreover, the remedy (if it applied) would be subject to a one-year statute of limitation. *See* 15 U.S.C.A. § 77m. These alleged "violations," however, took place in 2019 and 2020. The upshot being that even if BLG had asserted a spurious Section 5 claim, it would be untimely.

In that the Regulation D "defense" is utterly meritless, it follows that the allegations in the counterclaim concerning Berger's settlement and consent judgment with the SEC (*see* ECF 54 at ¶¶ 48-51, 74-75) should also be struck under Rule 12(f) as "impertinent and immaterial." *See Lipsky v. Commonwealth United Corp.,* 551 F.2d 887 (2d Cir. 1976) (striking allegations about consent judgment); *Gruber v. Gilbertson*, No. 16CV9727, 2019 WL 4458956, at *9 (S.D.N.Y. Sept. 17, 2019) (striking references to a CFTC order); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593 (S.D.N.Y. 2011) ("the references to the CFTC's findings are properly stricken from the Complaint").

Finally, prejudice is readily shown. This "Bad Actor" affirmative defense invites an entirely new body of inapposite law and irrelevant facts, which have absolutely nothing to do with the gravamen of the case—BLG's breach of its repayment obligations under six promissory notes—and cannot affect the outcome.

---

[5] SEC regulations do not restrict "Bad Actors" from making investments; rather, they limit their ability to raise money through private placements.

## IV. CONCLUSION

Based on the foregoing, LRA respectfully requests that the Court grant its motion to strike BLG's First, Sixth, and Ninth Affirmative Defenses, together with the allegations in its Answer and Counterclaim relating to the consent judgment Howard Berger reached with the SEC.

Dated: New York, New York
August 18, 2023

SOLOMON CRAMER & SUMMIT LLP
*Attorneys for Plaintiff Legal Recovery Associates, LLC*

By: /s/Andrew T. Solomon
Andrew T. Solomon
asolomon@solomoncramer.com

25 West 39th St., 7th Floor
New York, NY 10018
(212) 884-9102

8