UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

        Plaintiff,                              22-cv-1778 (ER)(BCM)

  -against-

BRENES LAW GROUP, P.C. et al.,

        Defendants.
-----------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

        Plaintiff,

  -against-

BRENES LAW GROUP, P.C.,                               23-cv-2446 (ER)(BCM)

        Defendant.
-----------------------------------------------------------x
CONSOLIDATED CASES
-----------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

      Legal Recovery Associates LLC (LRA), through its attorneys Solomon Cramer & Summit LLP, submits this reply memorandum of law in further support of its motion to strike insufficient defenses and immaterial, impertinent and scandalous allegations from the answer filed by Brenes Law Group PC (BLG) (ECF 61-2)

### I.     INTRODUCTION

      BLG's allegations about the SEC's enforcement action against a non-party were included for no reason other than to embarrass a non-party agent of LRA. Indeed, BLG now admits that its related, ninth affirmative "defense" had no merit and has withdrawn it (ECF 65 at p. 9). LRA's motion to strike all of the allegations in BLG's answer concerning the ten-year old SEC

enforcement action should be granted as well.

BLG also concedes that its equitable defenses of laches and unclean hands are invalid, but refuses to withdraw them. They too should be struck, as is commonly done by district courts in this circuit, because they have no place in a promissory note enforcement action.

## II.   REPLY ARGUMENT

### A.   The SEC "Defense" - Now Withdrawn - Also Should Be Struck

Under Fed. R. Civ. P. 12(f), a court may strike "immaterial, impertinent, or scandalous" matters from a pleading based on an SEC consent judgment or SEC's complaint. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976). Decisions from this court have followed *Lipsky. See, e.g., In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (striking references to SEC and NASD complaints); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593 (S.D.N.Y. 2011) (striking references to CFTC findings).

In its ninth affirmative defense, BLG alleges that, based on SEC Rule 506, it can void the promissory notes that it provided to LRA because of one of LRA's agent's status as a "bad boy." In support of this contrivance, BLG identifies LRA's agent by name (Mr. Berger) (ECF 54 at ¶48); details the SEC's allegations of a "cherry picking" scheme (*id.* at ¶49); describes the January 15, 2013 judgment against Mr. Berger and the disgorgement amount (*id.* at ¶50); brands him as a "Bad Actor" (*id.* at ¶74); and claims that it has the right to "void the … promissory notes negotiated between Berger and BLG" (*id.* at ¶75).

After being called out on its nonsense, BLG now has withdrawn the ninth affirmative defense. (ECF 65 at p. 9). Yet BLG, ever keen to tar Mr. Berger, wants to retain the scandalous allegations in the body of its answer.

Withdrawal of the defense is not enough. LRA's motion should also be granted, with the

2

impertinent, immaterial, and scandalous allegations supporting the now-withdrawn defense struck from its answer. *See* § 1381 Motion to Strike—Insufficient Defense, 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed.) ("Of course, if a defense has been withdrawn, a motion to strike it from the pleadings is proper"); *see, e.g., Butler v. Adoption Media, LLC*, No. C 04-0135 PJH, 2005 WL 1513142, at *7 (N.D. Cal. June 21, 2005).

BLG's arguments for retaining its allegations about the SEC's statements and sanctions—now untethered to any claim or defense in the case—are not serious or credible.

BLG's first argument is based on its speculation that the SEC consent judgment and related events "could be probative of [Berger's] … credibility as a witness" (ECF 65 at p. 9). But even if BLG were correct about the evidential value of these allegations (it is not), the argument is not a valid reason to preserve the allegations in a pleading. This is explained by the Second Circuit in *Lipsky:* "If the trial judge finds that testimony or documents from the SEC are admissible on the 'best efforts' question, surely Darin need not allude to this evidence in his complaint as a condition for its admission." 551 F.2d at 894.

In any case, BLG is wrong on admissibility. The SEC consent judgment, sanction, and allegations against Berger are not admissible, even for credibility. To be sure, the Federal Rules of Evidence allow a party to "attack the witness's credibility." Fed. R. Evid. 607. But "specific instances of a witness's conduct," may only be admitted under Rule 608, which limits any attack on a witness's truthfulness to cross-examination of the witness himself but which excludes extrinsic evidence. Fed. R. Evid. 608(b). Moreover, as explained by the Advisory Committee, the inquiry is subject to the overriding protections of Rule 403 (entitled, "Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons") and Rule 611(a)(3) ("[t]he court should exercise reasonable control … so as to protect witnesses from harassment or

undue embarrassment").

Here, Rules 403 and 611 would preclude any interrogation relating to the SEC settlement or the underlying events for at least three reasons.

First, the events are stale. The judgment, entered in January 2013, is more than ten years old and is based on conduct from 2008-2010 that is even older.[1] Although Rule 608(b) does not explicitly restrict a party from using evidence at trial of events that are more than ten years old, as Rule 609(b) does, courts have found that same limit to be implicit. *Anwar v. United States*, 648 F. Supp. 820, 829 (N.D.N.Y. 1986) ("courts in construing Rule 608, no doubt noting the inconsistency which would result if the credibility of a witness could not be attacked by reference to convictions that are more than ten years old but could be impeached by inquiry into mere arrests that are just as stale, have generally applied Rule 608(b) as if the time limits imposed by Rule 609 were a part of Rule 608"), *aff'd*, 823 F.2d 544 (2d Cir. 1987); *accord United States v. Vereen,* No. 3:99 CR 279 (CFD), 2000 WL 490740, at *6 (D. Conn. Mar. 2, 2000); *United States v. Toner*, 728 F.2d 115, 122 (2d Cir. 1984) (barring evidence of conduct, which had they resulted in convictions would have been excludable under Fed. R. Evid. 609).

Second, the evidence is not probative of credibility. As a general matter, a "consent judgment between a federal agency and a private corporation which is not the result of an actual adjudication of any of the issues" is inadmissible against a defendant under Rule 410. *Lipsky*, 551 F.2d at 893; *Atl. City Elec. Co. v. Gen. Elec. Co.*, 207 F. Supp. 620, 628-30 (S.D.N.Y. 1962) (striking references to pleas of nolo and judgments thereon). Though Mr. Berger is not "a defendant" in this case, the rationale underlying Fed. R. Evid. 410's exclusion applies. He settled with the SEC under a consent judgment, without the allegations against him being adjudicated. It

---

[1] https://www.sec.gov/enforcement/information-for-harmed-investors/howard-berger

4

is also significant that, in settling, Berger neither admitted nor denied the allegations. That too is grounds to exclude the allegations and sanction. *See Manbro Energy Corp. v. Chatterjee Advisors, LLC*, No. 20 CIV. 3773 (LGS), 2023 WL 2563054, at *3 (S.D.N.Y. Mar. 17, 2023), *reconsideration denied*, No. 20 CIV. 3773 (LGS), 2023 WL 3600924 (S.D.N.Y. May 23, 2023) (excluding evidence or argument concerning "neither-admit-nor-deny SEC settlement"); *United States v. Schellhaas*, 253 F.3d 703 (5th Cir. 2001) (affirming district court's refusal to permit cross-examination about SEC settlement). Moreover, Rule 608 precludes, in all cases, any mention of the sanction imposed by the SEC. *See* 2003 Advisory Committee Notes Rule 608 ("It should be noted that the extrinsic evidence prohibition of Rule 608(b) bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act. For example, Rule 608(b) prohibits counsel from mentioning that a witness was suspended or disciplined for the conduct that is the subject of impeachment, when that conduct is offered only to prove the character of the witness.")

Third, under Rule 611(a)(3), Berger is entitled to protection from harassment and undue embarrassment. Allegations that are of "marginal relevance to the issues" and unlikely to affect a witness's credibility are properly excluded under this rule. *See, e.g., United States v. Wiggins*, No. 17-CR-419 (NGG), 2018 WL 10126062, at *2 (E.D.N.Y. Jan. 26, 2018). BLG has displayed in its pleadings, memoranda of law, and other filings its inclination to harass and embarrass plaintiff's witness.

Finally, the case will not turn on the credibility of Mr. Berger. This is a promissory note enforcement case, in which documents will establish the facts. Any minor complexity comes from BLG's defense that LRA prevented it from repaying the notes for a brief period. The back-and-forth on this subject is also documented in emails between the parties.

BLG's second argument for keeping the allegations about Berger is because LRA's alleged "failure to disclose this information alone could represent a breach of the agreements." (ECF 65 at p. 9). That is also wrong. First, Mr. Berger's incident was a matter of public record. Any suggestion that it was a secret is nonsensical. Second, LRA had no duty of disclosure. *Par Plumbing Co. v. Engelhard Corp.*, 256 A.D.2d 124, 124, 681 N.Y.S.2d 280, 280 (1998). Thus, as a matter of law, LRA was not required to disclose to its borrower the adverse facts about its agent's regulatory history. Finally, the non-disclosure of this publicly available information about Berger did not cause BLG any damage, so it cannot be relevant to its claim for breach of the implied duty of good faith and fair dealing.

### B. The Unclean Hands and Laches Defenses, Now Admitted to be Without Merit, Should Be Struck

Rule 12(f) authorizes a district court to strike any "insufficient defense" from the answer.

Insufficiency is not contested. BLG concedes that its unclean hands and laches defenses are without merit. It makes no argument and, more importantly, cites no case where a court allowed these equitable defenses to defeat a legal claim to enforce promissory notes.

Having conceded the insufficiency, the only issue is prejudice. One might expect that BLG would consent to the defenses being struck from the answer. But no. BLG claims that the defenses should be retained in Action 2's answer because they were not struck from Action 1's answer.

BLG's position is legally and logically wrong.

On the law, the Court can act in one case differently from the other. Even after consolidation, "the actions do not lose their separate identity." § 2382 Consolidation—When Permissible, 9A Fed. Prac. & Proc. Civ. § 2382 (3d ed.); *Zdanok v. Glidden Co., Durkee Famous*

6

*Foods Div.*, 327 F.2d 944, 950 n.6 (2d Cir. 1964). Thus, the Court can strike insufficient defenses in one action, even if they remain in another.

As a matter of logic, where the first and second actions both contain the same insufficient equitable defenses, the rational response would be to strike them from both actions. But LRA can no longer timely file a motion to strike in the first case under Fed. R. Civ. P. 12(f)(2). Nevertheless, the Court, on its own motion and in its discretion, can strike them at any time under Fed. R. Civ. P. 12(f)(1), which contains no time limit, *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 155 n.2 (S.D.N.Y. 2003). No hearing is required. *United States v. 416.81 Acres of Land,* 514 F.2d 627, 630 (7th Cir. 1975).

Finally, unlike the allegations about the SEC's enforcement action, these two equitable defenses are fundamentally inoffensive. Had BLG not included the former, LRA likely would have abstained from moving to strike the latter. But once compelled to file the motion, the policy arguments against granting a motion to strike (delay, etc.) disappear. Moreover, as evidenced by the numerous decisions cited in Plaintiff's moving brief, courts routinely grant motions to strike equitable defenses when asserted against purely legal claims.

### III.    CONCLUSION

For the reasons set forth above, Plaintiff's motion to strike BLG's "immaterial, impertinent, or scandalous" defenses and allegations should be granted. The allegations about Mr. Berger's SEC consent judgment should never have been asserted and were obviously included only to embarrass him. The two equitable defenses, unclean hands and laches, are admitted to be without merit—the epitome of "insufficient" under the Rule—and should be struck in order to avoid any wasteful discovery or confusion of the issues.

7

Dated: New York, New York
September 7, 2023

    SOLOMON CRAMER & SUMMIT LLP
    *Attorneys for Plaintiff Legal Recovery Associates, LLC*

    By: /s/Andrew T. Solomon
        Andrew T. Solomon
        asolomon@solomoncramer.com

    25 West 39th St., 7th Floor
    New York, NY 10018
    (212) 884-9102