**SOLOMON CRAMER & SUMMIT LLP**
25 West 39th Street, 7th Floor
New York, NY 10018
(212) 884-9102
solomoncramer.com

September 26, 2023

**Via ECF**

Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re: *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778-ER-BMC

Dear Judge Moses:

This firm represents plaintiff Legal Recovery Associates LLC ("LRA"). We submit this letter pursuant to Local Civil Rule 37.2 and for the purpose of requesting an informal conference on LRA's planned motion for preclusion sanctions under Rule 37(c)(1) of the Federal Rules of Civil Procedure.[1]

The basis of the planned motion is the violation by defendant Brenes Law Group, P.C. ("BLG") of Rule 26(a)(1)(iii) of the Federal Rules of Civil Procedure, which requires it to provide to other parties: "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

In its counterclaim, BLG alleges that it "suffered financial harm" as a result of "LRA's breach of duty of good faith and dealing," which includes "interest that BLG accrued on the funds that were set aside by BLG to repay LRA in early 2021." (ECF 43 at p. 16 ¶ 4).

Despite having asserted a counterclaim for monetary damages, BLG's initial disclosures do not contain a computation for this damage amount. (Exhibit A – BLG's initial disclosure responses). It simply ignored the disclosure requirement. Furthermore, BLG has produced no underlying documents showing, for example, when the funds were set aside for this new lender, how much

---

[1] Because this motion is for sanctions, we do not read the rules (either federal or local) to require LRA to confer first with counsel for the defendant. Unlike Rule 37(a)(1), Rule 37(c)(1) contains no meet and confer requirement. *See Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, No. 15CV2926DRHSIL, 2019 WL 5694256, at *5 (E.D.N.Y. July 22, 2019), *report and recommendation adopted*, No. 15CV2926DRHSIL, 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), as amended (Sept. 16, 2008) ("Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable.")

was set aside, under what terms, how much interest accrued, and when it stopped accruing, if ever.

BLG received a second chance to update its initial disclosures from the Court's most recent scheduling order. There, after the cases were consolidated, the Court ordered that "No later than September 4, 2023, the parties shall supplement these [Automatic] Disclosures in light of the consolidation." ECF 64 at ¶ 2. BLG served no supplementation or update of any kind.

The failure to provide a computation of its alleged damages and to produce supporting documents "bearing on the nature and extent of injuries suffered" is a clear violation of Rule 26(a)(iii) and warrants a sanction. The default sanction is preclusion. Rule 37(c)(1) provides that a party that fails to provide information as required under Rule 26(a) is not allowed to use that information or witness to supply evidence at a trial. To be sure, preclusion is not mandatory, *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006), but it has been described as "near automatic," *Tse v. UBS Fin. Servs., Inc.*, 568 F. Supp. 2d 274, 307 (S.D.N.Y. 2008) (*quoting Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20 (1st Cir. 2001)), although the rule also provides alternative lesser sanctions. *See* Fed. R. Civ. P. 37(c)(1)(A)-(C).

In some cases, a less drastic sanction than preclusion can be warranted, if the violator shows that non-compliance was "substantially justified" or "harmless." *See Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013). But not here. BLG's default was complete and its violation knowing and willful. The issue of BLG's alleged damages, if any, was discussed in open court. BLG even suggested that it was inclined to withdraw the counterclaim, but never followed through. BLG also refused to produce information about its damages in response to LRA's interrogatories and to specific document requests. It also failed to supplement its initial disclosure in response to the Court's order (ECF 64). LRA, for its part, was required to take no further action. That is, it did not have to move to compel "as a predicate for imposition of the sanction." § 2289.1 Automatic Exclusion of Undisclosed Information, 8B Fed. Prac. & Proc. Civ. § 2289.1 (3d ed.). In this sense, the sanction is "self executing." Advisory Comm. Note (1993 Amendments).

Nor could it be said that its violation was harmless, as the failure has "prevented [LRA] ... from obtaining discovery regarding the alleged damages and has hindered [LRA's] … ability to prepare a defense to [BLG's] … claim for damages." *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 331 F. Supp. 3d 221, 237 (S.D.N.Y. 2018) (party names substituted for "Plaintiff" and "Defendants" in the original).

That BLG has refused to produce information supporting its damage claim is no shock. The entire notion that BLG was harmed by any supposed delay in receiving payoff information from LRA is fanciful. If the harm was real, BLG would have and could have paid LRA long ago. It complains that it did not receive payoff information when it closed on the loan with California Attorney Lending II at the end of October 2020.[2] Not so. BLG had the payoff calculation in August 2020 (Exhibit B) (and could have mailed a check at any time). It also received wire and updated payoff information from LRA on January 6, 2021 (Exhibit C), again on January 15, 2021 (Exhibit D), again in March 2021, and again in January 2022 (ECF 1-1), when LRA issued

---

[2] We don't know the exact date because BLG has still refused to produce the loan documents.

its notice of default.³ The truth is that BLG has not repaid LRA because it prefers to have continued access to the loaned funds.

Preclusion is warranted here.

Respectfully yours,

*Andrew Solomon*
Andrew T. Solomon

cc: Troy A. Brenes, Esq. (via ECF)

---

³ With several of the payoff calculations, LRA also provided an excel spreadsheet, in native format, so BLG could see how it was calculating the payoff amounts and all of the inputs.