## SOLOMON CRAMER & SUMMIT LLP
25 West 39th Street, 7th Floor
New York, NY 10018
(212) 884-9102
solomoncramer.com

September 29, 2023

**Via ECF**

Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re: *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778-ER-BMC

Dear Judge Moses:

This firm represents plaintiff Legal Recovery Associates LLC ("LRA"). We submit this letter pursuant to Local Civil Rule 37.2 and for the purpose of requesting an informal conference on LRA's planned motion for sanctions under Rule 37(d)(1) of the Federal Rules of Civil Procedure.

### Basis of the Dispute

Defendant Brenes Law Group, P.C. ("BLG") has failed to respond in any kind to LRA's Second Request for Production (Exhibit A). BLG has no legitimate excuse for its failure to comply, and the violation is consistent with a pattern of non-compliance.

The circumstances of this latest default are as follows:

On August 24, 2023, I emailed to Mr. Brenes (i) LRA's first request to admit to defendant Troy Brenes; (ii) LRA's second request to admit to Brenes Law Group; (iii) LRA's second request for production of documents to Brenes Law Group; and (iv) the documents referenced in the request to admit. Service by email was pursuant to the Initial Case Management Order (ECF 41, ¶ 3), in which the parties stipulated and agreed that "they will accept electronic (email) service of all discovery demands, notices, and responses."

Defendants defaulted.  Their deadline to respond to the discovery requests was September 25, 2023. None was provided. For the requests to admit, the default is not LRA's problem. All are now admitted. But the document demand still requires a response.

### Certification of Meet and Confer

On September 27, 2023, I sent Mr. Brenes a letter demanding immediate compliance. The principal depositions are scheduled for next week, so timing is important.

On September 28, 2023, I conferred with Mr. Brenes over the telephone. On the call, he claimed that the email that I had sent "must have gone to Spam." (Not the first time he's said that). He also claimed that email service was not valid.  Nevertheless, he offered to respond "in two weeks."

The "gone to Spam" excuse is not valid. First, I have seen no evidence that it is true. Second, I know that my other emails to Mr. Brenes seem to make it just fine. Indeed, when I re-sent the August 24, 2023 email to him during our call, he received it. Finally, if there *really* was an email issue, Mr. Brenes could have avoided it by providing a second or back up email address for me to use. In fact, on May 17, 2023, I wrote to Mr. Brenes: "Whom else should I copy on emails so that my emails don't get caught in your spam folder or otherwise escape your attention?" He never responded.

### Defendants' Pattern of Non-Compliance

BLG's defense and counterclaim is essentially that LRA frustrated its ability to pay off the notes at issue in this case by refusing to provide a payoff calculation and not providing payment instructions. (ECF 33 at 1, summarizing allegations). The claim is not well founded, as recently demonstrated (ECF 68). But if BLG wants to pursue it, it is required to produce responsive information.

Requests 5-9 in the second document demand (Exhibit A) focus on BLG's defense and first counterclaim. Requests 5 and 6 seek information that would show whether BLG suffered any injury. Request 7 seeks information about whether BLG made a proper "tender" of the amounts due to LRA. Request 8 seeks a specific credit agreement that BLG alleged in its answer (*i.e.*, the new loan that was to replace LRA's). Request 9 seeks documents evidencing BLG's claim in its answer that it notified LRA that it had obtained this new financing.

BLG has no excuse for its failure to produce this information. First, all the information was previously demanded more generally in LRA's first request for information (Exhibit B; Defendant's Response to Request for Production of Documents at 3, 6, 8, 10, 11, 12, 14, 15, 16, 18). Second, the demands are narrowly tailored and request specific documents. Third, the requests go to the core of BLG's claims.

### BLG Should be Sanctioned

Under Fed. R. Civ. P. 37(d), a court may order sanctions if "(ii) a party, after being properly served with … a request for inspection under Rule 34, fails to serve its answers, objections, or written response." The sanctions may include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." That includes preclusion and "striking pleadings in whole or in part."

As a sanction, BLG's defense and counterclaim should be struck. It has failed to conduct discovery in good faith, offering "dog ate my homework" excuses. The defense and counterclaim

was flimsy in its pleading, is now shown to be without merit, and has resulted in substantial delay, which appears to be BLG's entire motive in defending this case. Short of striking the defense and counterclaim, BLG should be precluded from supporting the defense and counterclaim regarding LRA's supposed breach of the implied duty of good faith and fair dealing with any documents or information that should have been produced.

We recognize that the requested sanctions are severe. But they are justified by defendants' willfulness and bad faith on top of their history of noncompliance. The sanctions will deter defendants from further discovery misconduct and serve the goal of general deterrence.

Respectfully yours,

Andrew T. Solomon

cc: Troy A. Brenes, Esq. (via ECF)