# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

                Plaintiff,

  -against-

BRENES LAW GROUP, P.C., et al.,

                Defendants.
-----------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

                Plaintiff,

  -against-

BRENES LAW GROUP, P.C.,

                Defendant.
-----------------------------------------------------------x
CONSOLIDATED CASES
-----------------------------------------------------------x

22-cv-1778 (ER)(BCM)

**REQUEST FOR PRODUCTION**

23-cv-2446 (ER)(BCM)

    Set:    Second Request for Production

    To:    Brenes Law Group, P.C.

    Date:  August 24, 2023

    In accordance with Fed. R. Civ. P. 34, Plaintiff Legal Recovery Associates LLC ("LRA") requests Defendant Brenes Law Group, P.C. ("BLG") produce the documents specified below, within thirty days of service, or at such other time and place, or in such other manner, as may be mutually agreed upon by the parties. BLG's production of documents must be in accordance with the Instructions and Definitions set forth below and the Local Rule 26.2, 26.3, and 26.4 of the United States District Court for the Southern District of New York (https://www.nysd.uscourts.gov/sites/default/files/local_rules/2021-10-15%20Joint%20Local%20Rules.pdf ).

## INSTRUCTIONS AND DEFINITIONS

A.   Whenever reference is made to a person (which can be an entity or a natural person), it includes any and all of that person's principals, employees, agents, attorneys, consultants and other representatives. Any reference to "you," "your," and "BLG" is to defendant BLG, its predecessors, and its partners, principals, employees, agents, attorneys, consultant and other representatives.

B.   When production of any document in BLG's possession is requested, the request includes documents subject to BLG's possession, custody or control. In the event that BLG is able to provide only part of the document or documents called for in any particular Request for Production, BLG must provide all document or documents that BLG is able to provide and state the reason, if any, for the inability to provide the remainder.

C.   Every Request for Production must be deemed a continuing Request for Production and Defendant is to supplement its answers promptly if and when Defendant obtains responsive documents which add to or are in any way inconsistent with Defendant's initial production.

D.   If no responsive documents exist in response to a request, you are to so state.

E.   The following definitions apply:

    1.   **LRA** means Legal Recovery Associates LLC

    2.   **LLG** means Lawrence Litigation Group LLP.

    3.   **BLG** means Brenes Law Group, P.C.

    4.   The **BLG Parties** mean BLG and Troy Brenes

    5.   The **Notes** means promissory notes given by BLG to LRA.

    6.   The **Guaranty** means the guaranty given by Troy Brenes to LRA.

    7.   The **Second RFA** is the Second Request to Admit dated August 24, 2023.

       8.      The **Answer** refers to Defendant's Answer and Counterclaim filed in Case No. 23-cv-02446.

       9.      The production should be made electronically to Plaintiff's counsel, Andrew T. Solomon, asolomon@solomoncramer.com.

**REQUESTS**

1. If BLG denies Second RFA number 2, produce the response to George Lui's August 4, 2020 email.

2. If BLG denies Second RFA number 3, produce the response to George Lui's January 6, 2021 email.

3. If BLG denies Second RFA number 4, produce the response to George Lui's January 15, 2021 email.

4. If BLG denies Second RFA number 5, produce the communication to LRA asking that LRA recalculate the interest under the Notes to account for the delay in providing payoff information.

5. Produce documents sufficient to show the interest rate charged by California Lending II to BLG on any extension of credit.

6. Produce documents evidencing the establishment of any reserve account, escrow, or "set aside" of money by BLG for the payment of its indebtedness to LRA, at the request, direction, or requirement of California Attorney Lending II.

7. Produce all documents evidencing the "tender offer" referenced in the Eighth Affirmative Defense in the Answer.

8. Produce the documents evidencing the "credit line agreement with the third-party lender" as alleged in paragraph 72 of the Answer.

9. Produce any document evidencing the allegation that BLG "notified LRA" that it had entered into the third-party credit agreement, as alleged in paragraph 72 of the Answer.

Dated: New York, New York
August 24, 2023

    SOLOMON, CRAMER & SUMMIT LLP
    *Attorneys for Plaintiff*

By: _____
    Andrew T. Solomon
    asolomon@solomoncramer.com

25 West 39th Street, 7th Floor
New York, New York 10018
(t) 212-884-9102
(f) 516-369-3896

To: Troy A. Brenes, Esq.

5