# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X

LEGAL RECOVERY ASSOCIATES LLC,

            Plaintiff,                          Case No. **22-CV-1778 (ER)(BM)**

  -against-

BRENES LAW GROUP, P.C. and TROY A. BRENES,

           Defendants.

------------------------------------------------ X

### DEFENDANT RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

    1.    All records relating to your receipt of loans from LRA, including bank records.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. LRA's claim relate to two promissory notes. Plaintiff does not deny the loans were made. Demanding BLG's bank records and every conceivable document that may relate to those loans is unnecessary, unduly burdensome and harassing. This is particularly the case where LRA, the requesting, party has equal access to records showing whether or not those loans were made.  BLG's bank records are also contain confidential and private financial information to which the request party has no need for.

    2.    All records evidencing your receipt of proceeds (by judgment, settlement, fee sharing arrangements, or otherwise) relating to any product liability case in which BLG was involved as counsel, including bank records.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. The request also seeks the disclosure of confidential financial information and trade secret information

of BLG, including the disclose of its client lists, all recoveries obtained for all clients, the identity of all of BLG's referral counsel and the details of their agreements, and all bank records of the firm. Moreover, the request seeks information protected by strict confidentiality agreements that prevent BLG from disclosing confidential settlement amounts. There is no justification for this demand. LRA claims it entered into loans with the BLG. This is not disputed. Defendants claim that BLG subsequently entered into a loan agreement with a 3rd party entity under which required BLG to use recoveries it obtained on cases to pay down any loan amounts. BLG also does not dispute this, and Defendants have been aware of this agreement for years. The dispute is whether BLG breached by doing so, or if LRA breached first by acting in bad faith to prevent BLG from repaying the promissory notes. The demanded information is irrelevant and unnecessary to resolution of the disputes in this case.

    3.    All Documents relating to BLG obtaining financing from a lender, including, but not limited to Counsel Financial II LLC or any of its affiliate (collectively, "Counsel Financial").

    **Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. LRA has not included any temporal limitation on the request and therefore it targets documents which preexist any agreement between BLG and LRA. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party. LRA's need for relevant information is satisfied by confirmation the loan was taken, the date it was taken, and that the loan agreement required some portion of any fees BLG earned on cases to be used to repay the loan. These issues are not in dispute and can be easily confirmed without BLG incurring the

substantial burden of having to collect and produce every document that in any conceivable way relates to BLG taking a loan with California Attorney Lending II Inc. Subject to and without waiving these objections, BLG responds as follows:

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further will to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

4.     Communications with any lender, including Counsel Financial, about BLG's transactions or relationship with LRA or LLG.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party. LRA's need for relevant information is satisfied by confirmation the loan was taken, the date it was taken, and that the loan agreement required some portion of any fees BLG earned on cases to be used to repay the loan. These issues are not in dispute and can be easily confirmed without BLG incurring the substantial burden of having to collect and produce every document that in any conceivable way relates to BLG taking a loan with California Attorney Lending II Inc. Subject to and without waiving these objections, BLG responds as follows:

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at

issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further willing to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

     5.     Information provided by BLG and any guarantor relating to obtaining financing from any source, including Counsel Financial.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. The request contains no temporal limitation to limit the information sought to the relevant time period. The request also seeks BLG's trade secret information, including client list, as well private confidential financial information of BLG and Troy Brenes. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. LRA has not included any temporal limitation on the request and therefore it targets documents which preexist any agreement between BLG and LRA. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party.

LRA's need for relevant information is satisfied by confirmation the loan was taken, the date it was taken, and that the loan agreement required some portion of any fees BLG earned on cases to be used to repay the loan. These issues are not in dispute and can be easily confirmed without BLG incurring the substantial burden of having to collect and produce every document that in any conceivable way relates to BLG taking a loan with California Attorney Lending II Inc. Subject to and without waiving these objections, BLG responds as follows:

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at

issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further willing to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

   6.  All Documents, including internal and external Communications, relating to the receipt of loans from Counsel Financial, including bank records evidencing the receipts.

  **Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. The request also seeks BLG's trade secret information, including client list, as well private confidential financial information of BLG and Troy Brenes. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. LRA has not included any temporal limitation on the request and therefore it targets documents which preexist any agreement between BLG and LRA. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party.

  BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further willing to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

   7.  All Documents, including internal and external Communications, relating to the repayment of loans from Counsel Financial, including bank records evidencing the repayments.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. The request contains no temporal limitation to limit the information sought to the relevant time period. The request also seeks BLG's trade secret information, including client list, as well private confidential financial information of BLG and Troy Brenes. The request also seeks information subject to confidentiality agreements that prevent disclosure to the requesting party. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party.

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further willing to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc, and the date BLG first received a fee on a product liability case that was used in part to repay any loan to Attorney Lending II Inc.

8.   All Documents, including internal and external Communications, relating to establishing or relating to an escrow or indemnity obligation to Counsel Financial relating to BLG's obligations to LRA.

**Response:** Objection. The request is so unclear as to what is being requested that the responding party does not understand the nature of the request. The request is also so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. BLG requests disclosure as to what is meant by this request and how this information could be relevant to the claims and defenses asserted in this case. Additionally, California

Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field.

9. Any document not already produced that relates, in any way, to an effort by BLG to obtain third-party financing from any source other than LRA. Include in your production loan applications, responses from lenders, Communications with actual and potential lenders about BLG's financial wherewithal and about its relationship with LRA and LLG.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. The request contains no temporal limitation to limit the information sought to the relevant time period. The request also seeks BLG's trade secret information, including client list, as well private confidential financial information of BLG and Troy Brenes. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. LRA has not included any temporal limitation on the request and therefore it targets documents which preexist any agreement between BLG and LRA. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party.

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further willing to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

10. Documents relating to BLG's allegation in paragraph 12 of the Answer that "BLG attempted to repay the promissory notes in full in 2019."

**Response:** BLG will make responsive documents available for inspection. Additional responsive documents are likely solely in the possession of the LRA, LLG, and its agents.

11. Documents relating to BLG's allegation in paragraph 12 of the Answer that"Legal Recovery Associates LLC ("LRA") and Howard B. Berger ("Berger") knowingly and in bad faith prevented BLG from repaying the promissory notes. This bad faith conduct consisted of, inter alia, refusing to disclose the total amount owed, refusing to disclose the account information necessary for BLG to wire repayment funds, and by demanding terms be inserted into a payoff letter required by Defendants' new lender that had no relevance to the promissory notes or repayment thereof, but rather sought to force Defendants into improper concessions regarding a co-counsel relationship with a separate entity."

**Response:** BLG will make responsive documents available for inspection. Additional responsive documents are likely solely in the possession of the LRA, LLG, and its agents.

12. Documents relating to BLG's admissions in paragraph 17 of the Answer that it "did arrange a new line of credit with a third-party creditor."

**Response:** Objection. The request is unduly burdensome as it seeks the production of every communication BLG has ever had with California Attorney Lending II Inc over the last several years, which would require the production of substantial material that has no relevance to the claims or defenses in this case and is certainly not proportional to the needs of this case. LRA's need for relevant information is satisfied by confirmation the loan was taken, the date it was taken, and that the loan agreement required some portion of any fees BLG earned on cases to be used to repay the loan. These issues are not in dispute and can be easily confirmed without BLG incurring the substantial burden of having to collect and produce every document that in any conceivable way relates to BLG taking a loan with California Attorney Lending II Inc.

The request also seeks BLG's trade secret information, including client list, as well private confidential financial information of BLG and Troy Brenes. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party. Subject to and without waiving these objections, BLG responds as follows:

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further willing to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

13. Documents relating to BLG's affirmative defenses, including that Plaintiff has "unclean hands"; that Plaintiff breached its obligation under the promissory notes to allow BLG to prepay the promissory notes; that Plaintiff "failed to mitigate its damages by taking actions designed to prevent Defendants from being able to repay the debt"; that Plaintiff made "it an

impossibility for Defendants to perform"; that Plaintiff's claims are barred or limited by laches; or that Plaintiff acted in "bad faith."

**Response:** BLG will make responsive documents available for inspection. Additional responsive documents are likely solely in the possession of the LRA, LLG, and its agents.

14. Documents, including all internal and external Communications, relating to BLG's alleged efforts to repay or prepay the Notes.

**Response:** BLG will make responsive documents available for inspection. Additional responsive documents are likely solely in the possession of the LRA, LLG, and its agents.

15. Documents relating to the allegations in the First Counterclaim that LRA breached its duty of good faith and fair dealing.

**Response:** BLG will make responsive documents available for inspection. Additional responsive documents are likely solely in the possession of the LRA, LLG, and its agents.

16. Documents, including internal and external Communications, relating to your calculation of the amounts due under the Notes.

**Response:** Objection. The request appears to call for the premature disclosure of expert opinion. The request also seeks information protected by the work production doctrine and attorney-client privilege to the extent it seeks the thoughts and impressions of BLG's counsel in preparation of this case and/or communications between BLG's counsel and other BLG employees for the purposes of seeking or preparing legal advice. Additionally, the request is unduly burdensome and not proportional to the extent it seeks to have BLG produce materials already in the requesting party's possession, e.g. the promissory notes and email communications between the parties. Subject to and without waiving these objections, BLG responds as follows:

BLG will make responsive materials available for inspection, including the communications between the parties.

17. Case lists, case status reports, collection reports, and other information provided or reported to any lenders about cases in which BLG is involved as counsel.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. First, LRA

has made no effort to limit the request temporally to the relevant time frame. Second, the request seeks information that is not relevant or necessary to the claims and defenses asserted in this case. LRA's need for relevant information is satisfied by confirmation the loan was taken, the date it was taken, and that the loan agreement required some portion of any fees BLG earned on cases to be used to repay the loan. These issues are not in dispute and can be easily confirmed without BLG incurring the substantial burden of having to collect and produce every document that in any conceivable way relates to BLG taking a loan with California Attorney Lending II Inc.

The request also seeks information that is trade secret and highlight confidential to BLG. Client list and referral sources are highly protected information that are derived through years of work, hold significant value, and are kept confidential. LRA is an entity that has established numerous law firms in the District of Columbia that compete in the same mass tort landscape as BLG. Disclosing BLG's trade secret client list and referral source would allow LRA through the multiple law firms it owns to substantially harm BLG's financial interest. This is of particular concern when LRA cannot identify why this information is necessary to claims and defenses in this case.

Additionally, this request seeks the disclosure of settlement information that is subject to confidentiality orders that BLG cannot violate. Subject to and without waiving these objections, BLG responds as follows:

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further will to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

18. Documents you intend to use as proof or evidence at the trial of this action.

**Response:** BLG has not decided what documents it will use at trial. That decision will be made at

the appropriate time pursuant to the scheduling order.

Dated: May 25, 2023					BRENES LAW GROUP, P.C.


						By:  __/s/ Troy A. Brenes_____
						       Troy A. Brenes
						       100 Spectrum Center Dr., Ste. 330
						       Irvine, CA 92618
						       T: (949)-397-9360
						       F:  (949)-607-4192