

October 10, 2023

**Via ECF**

Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

*Re: Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al., 22-cv-1778-ER-BMC*

Dear Judge Moses:

 Please take notice that Defendants Brenes Law Group, P.C. (BLG) and Troy Brenes (Brenes) oppose Legal Recovery Associates, LLC's (LRA) letter-motion (ECF Dkt. No. 68) seeking sanctions based on Defendants' alleged failure to disclose computation of damages. Defendants acted reasonably in not disclosing a computation of damages under these circumstances and Plaintiff has not suffered prejudice.

 The dispute between the parties relate to a series of promissory notes taken by Brenes Law Group, P.C. from LRA. The first two promissory notes were taken on or about July 10, 2019 and the second on or about September 12, 2019. Defendants allege these promissory notes were subject to a personal guaranty from Defendant Troy Brenes dated July 8, 2019. The personal guarantee only triggers as result of fraud by the Defendants in relation to the Promissory note, misappropriation of funds of the BLG by BLG or Brenes, BLG or Brenes' misappropriation of insurance proceeds, or any act of criminal conduct by BLG or any of its affiliates. LRA's complaint relating to these promissory notes does not allege that any contingency necessary to trigger the personal guarantee ever occurred. Instead, LRA's sole allegation for breach of the two promissory notes is that BLG arranged another line of credit with a third party and the Brenes did not pay back promissory notes when requested. LRA alleges that BLG entered into a second group of promissory notes with LRA dated December 9, 2019, March 5, 2020, June 5, 2020, August 6, 2020, August 31, 2020, and October 13, 2020. LRA admits the personal guarantee from Brenes does not apply to this group of promissory notes.

 All the promissory notes define the "payment Date" as "the date on which [BLG] receives payment of any award in respect of all product liability litigation…." However, each note also allowed BLG to repay the promissory notes at any time in any manner recognized as lawful money of the United States of America.

 The first LRA case regarding the first two promissory notes was removed to this Court in March 2022, and Plaintiff's Answer to second LRA case was filed on July 28, 2023. The two cases were consolidated on August 3, 2023. A confidentiality order was entered on August 21, 2023. BLG's Answer in both cases included a counter claim for Breach of Duty of Good Faith and Fair Dealing based on LRA intentionally and knowingly preventing BLG from repaying the debts in 2020 and 2021.

Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party -- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). If a party fails to provide or supplement information, that party is prohibited from "us[ing] that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"Preclusion is, of course, a harsh sanction, to be imposed rarely." *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co*., Nos. 12 Civ. 6811 (CM)(JCF), 13 Civ. 1580 (CM)(JCF), 2013 U.S. Dist. LEXIS 143398, 2013 WL 5495542, at *2 (S.D.N.Y. Oct. 3, 2013) (citing *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd*. v. *Coventry First LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012)); see *Lujan v. Cabana Mgmt., Inc*., 284 F.R.D. 50, 68 (E.D.N.Y. 2012). Despite the seemingly mandatory language in the Rule, even where a court finds that a discovery failure is not harmless or substantially justified, preclusion is subject to the court's wide discretion. See *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294, 297 (2d Cir. 2006). Courts have considered four factors in determining whether preclusion is the appropriate sanction for the failure to timely disclose: 1) the party's explanation for the failure to comply with its disclosure obligations; 2) the importance of the precluded evidence; 3) the prejudice to the opposing party from having to prepare to meet the new evidence; and 4) the possibility of a continuance. See *Id*. at 296.

<u>Defendants Acted Reasonably In Not Disclosing a Computation of Damages</u>

In both Answers, BLG and Brenes notified LRA of the damages being sought pursuant to breach of good faith and fair dealing. As to LRA's case regarding the first promissory notes,[1] Defendants specifically state the damages being sought under this Counter Claim are any interest that was owed to LRA that accrued after September 2020, the interest that BLG accrued on the funds that were set aside by BLG under its line of credit to provide for repayment to LRA, as well as litigation costs and attorney fees. See, ECF Dkt. No. 43 at p. 16 ¶ 4 and p. 18 ¶ (a) and (b) in case number 1:22-cv-01778-ER-BCM. BLG's Answer and Counter Claim filed in response to LRA's second case also clearly stated that the measure of damages being sought under the counter claim for breach of duty of good faith and fair dealing was that LRA be limited to the recovery of the loan amount and interest that was due as of September 2020 when LRA acted to knowingly and in bad faith prevent BLG from repaying the loans, as well as litigation costs and attorney fees. See, ECF Dkt. No. 13 at pp. 13 ¶79 and p. 14 ¶ (a), case No. 1:23-cv-02446-ER-BCM.

Defendant acted reasonably in not disclosing a specific computation as to what interest accrued after September 2020, because that computation is based on what formula is applied to the interest calculation and what LRA ultimately represents was owed by the end of September

---

[1] This complaint is located at ECF Dkt. No. 1, Ex. 1 pp. 1-34 of case number 1:22-cv-01778-ER-BCM.

2020, inclusive of interest. The promissory notes themselves do not specify how interest should be calculated and LRA and its lawyers have applied different methods at different times on which computation should be used. However, Plaintiff has made clear that whatever computation method determined by the Court that should be applied and whatever amount LRA alleges was due by the end of September 2020, LRA should not be entitled to collection of further interest beyond that point.

In respect to the computation of damages relating to the interest accrued on the funds BLG set aside to try to account for any possible amounts owed to LRA, Defendants did not disclose a computation because it would have required disclosure of information claimed by the third-party lender as trade secret and confidential, i.e. what was the interest rate on the reserved funds and how much funds were reserved. BLG also contends that information is confidential but has no position on the trade secret claim. A confidentiality order in these cases was not entered until August 21, 2023. By that point, LRA had to disclosed to Defendants that a separate case had been opened regarding whether the contents of the loan agreement should be disclosed and other confidential economic information. LRA indicated that the third-party lender was maintaining the trade secret claim. LRA disclosed that briefing had been submitted on the matter and an order is pending. While this issue is still pending, Defendants have been concerned about supplementing their initial disclosures to reveal information that is claimed as trade secret by a third party and regarding which an order is pending.

Defendants did not list a computation of damages for attorney fees and litigation costs as those amounts will not be known until the case concludes.

Defendants also note that in response to the Court's August 21, 2023 case management order, which required any supplementation of initial disclosures be made by September 8, 2023, Defense counsel specifically asked Plaintiff's counsel if he felt any supplementation of the initial disclosures was required. Defense counsel indicated his belief that the initial disclosures regarding the initial case were sufficient for the second case as well.  Plaintiff's counsel indicated he did not believe supplementation was required. Defendants were never made aware that Plaintiff had any concerns regarding the Defendants' initial disclosures. Indeed, Plaintiff did not meet and confer prior to filing its motion such that Defendants would be aware of the concern and have the opportunity to address it.

<u>Plaintiff Has Not Been Prejudiced By Any Alleged Failure to Disclose a Computation of Damages</u>

Plaintiff has not suffered any prejudice related to any alleged failure to disclose a computation of damages. Plaintiff has always been aware that Defendants allege under the breach of good faith and fair dealing counter claim that the economic harm consists of any interest that accrued on the promissory notes after September 2020. This has been disclosed in the Answers and Counter Claim filed as to both of Plaintiff's Complaints. There is also no dispute that Plaintiff knows what amount of interest it claims accrued after September 2020. So Plaintiff cannot claim it was unaware of and denied the right to obtain discovery regarding Defendants' claim that Plaintiff is only entitled to repayment of the amounts that were owed to Plaintiff as of September 2020.

As to Plaintiff's first complaint, Defendants also alleged damages under the breach of good faith and fair dealing claim for the interest that accrued on the funds that Defendant had to reserve with its lender to try to account for any amount that might be owed to LRA. Plaintiff has been aware of this claim for damages as it was specifically stated in Defendants Answer and Counter Claim. Further, following the in-person hearing on August 2, 2023, Defendants specifically discussed with Plaintiff's counsel that the interest rate on the reserved funds was 1%. At deposition on October 9, 2023, Defendants disclosed alleged harm under this claim, as well as the amount that was reserved, the interest rate that applied to the reserve, and documentation supporting these claims. Plaintiff has also now served a supplemental initial disclosure confirming the alleged amount owed under the reserve amount. This supplemental initial disclosure has been designated as Confidential under the protective order entered by the Court.

Even where the courts have found a party acted unreasonably in failing to disclose a computation of damages and the information was important to the case, the courts have denied requests for preclusion where adequate time remained for supplemental discovery. See, *Certain Underwriters at Lloyd's v. Amtrak*, case No. 14-CV-4717, 2017 U.S. Dist. LEXIS 45823 (E.D.N.Y March 28, 2017)(denying claim for preclusion ample time remained for supplemental discovery and moving party could have raised issue more promptly). As in *Amtrak*, Plaintiff has adequate time to conduct any supplemental discovery it allegedly needs. Discovery in this case remains open until October 31, 2023 and no motions for summary judgment have bene filed. Moreover, Plaintiff acted unreasonably by never raising this concern to Defendants prior to filing its motion.

Those cases that have granted preclusion are distinguishable to the facts of this case. Those cases involved situations where a party waited until the even of trial or in response to a motion for summary judgement to disclose a theory of liability and computation of damages such that the opposing had no notice of the claim or opportunity to obtain discovery regarding same. See e.g. *Design Strategy, Inc. v. Davis* 469 F.3d 284, 294-95 (2d Cir. 2006) (plaintiff changed damages theory in pretrial order); *Agence Fr. Presse v. Morel,* 293 F.R.D. 682, 683-85 (party for the first time changed his damages theory in connection with the preparation of the pretrial order); *24/7 Records, Inc. v. Sony Music Entm't, Inc.,* 566 F.Supp.2d 305, 318 (S.D.N.Y. 2008) (plaintiff asserted new damages theory just weeks before trial).

Respectfully yours,

Troy A. Brenes
Brenes Law Group, P.C.
100 Spectrum Ctr. Dr., Ste. 330
Irvine, CA  92618
P: (949) 397-9360
E: tbrenes@breneslawgroup.com

cc. Andrew T. Solomon, Esq. (via ECF)