

October 10, 2023

**Via ECF**

Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

*Re: Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al., 22-cv-1778-ER-BMC*

Dear Judge Moses:

Defendants Brenes Law Group, P.C. (BLG) and Troy Brenes (Brenes) hereby respond to Legal Recovery Associates, LLC's (LRA) letter-motion dated September 29, 2023 (ECF Dkt. No. 69).

> I. <u>Plaintiff Requests Until October 12, 2023 To Respond to Defendants' Written Discovery Served by Email on August 24, 2023</u>.

On Thursday August 24, 2023, Plaintiff served written discovery, including requests for admissions and requests for production, via electronic email solely to Brenes.[1]

Brenes had agreed to Plaintiff's request to accept electronic service of discovery matters so long as Brenes' paralegal (Justin Sabol) was also included on service. Brenes receives hundreds of emails each day because he is involved in multiple multidistrict litigations involving thousands of cases each, and any filing in those cases results in an email to all counsel of record. Therefore, Brenes always conditions the acceptance of electronic service on the agreement to include his paralegal in service. Otherwise, there is a concern that important discovery matters can be missed with significant consequences.

Brenes was not aware discovery had been served via electronic email on August 24, 2023 because he was out sick with Covid and service was solely made to him. See, Exhibit 3 (August 29 email from Brenes to Mr. Solomon noting he had been out with Covid). When Brenes returned to the office he diligently reviewed the hundreds of emails that he had received while he was out of the office but did not locate the email sent from Plaintiff on August 24. Brenes also met with his paralegals to confirm what pleadings had come in while he was out. As they were not copied on the email from Plaintiff, this second layer of protection was not triggered.

Plaintiff's counsel was aware that Brenes was out with Covid-19 when the discovery was served,[2] but he never mentioned that he had served the discovery. Brenes met and conferred with Plaintiff's counsel on September 28 and explained that he was not aware the service had been made and why. Brenes requested two weeks to respond to the written discovery. Mr. Solomon refused and stated he was moving for sanctions. Plaintiff noted he would prepare letter-motion

---

[1] Copies of the Request for Admissions are attached hereto as Exhibits 2 and 3.
[2] See, Exhibit 3.

seeking relief from the Court. Plaintiff's counsel filed the at issue letter-motion before Defendant could seek relief.

Under Rule 36(b), a court "may permit withdrawal [of matters deemed admitted] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).  The Court should withdraw the admissions under Federal Rule of Civil Procedure 36(b) because withdrawal will promote the interests of justice and permit a resolution on the merits, rather than allowing Defendants' a virtual "default" through the technical operation of a procedural rule. Moreover, Defendants face no risk of prejudice because there is no risk of harm to Plaintiff's case.

Similarly, the courts recognize that a responding party should be allowed to respond to written discovery, including with appropriate objections, where there was good cause for their untimely response. See e.g., *Coker v. Duke & Co.*, 177 F.R.D. 682, 684-85 (M.D. Ala. 1998); *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 530 (E.D. Pa. 1999).  Waiver is a serious sanction to be imposed in cases of "unjustified delay, inexcusable conduct, bad faith or other flagrant violations."  *Applied Systems, Inc. v. Northern Insurance Co. of New York*, 1997 U.S. Dist. LEXIS 16014, Case No. 97 C 1565, *2 (N.D. Ill. Oct. 7, 1997). As discussed above, Defendants did not respond as they did not receive notice of the discovery due to the Brenes being out with Covid-19 when the electronic communication was sent and because the electronic service was only made on Brenes. Contrary to Defendants' claims, Defendant did not ignore the discovery. Further, once the issue was raised, Defendants offered to provide responses within two weeks, which Plaintiff admits it refused.

II.     Defendants' Statement Regarding Request Nos. 5-9

Plaintiff identifies Request for Production Numbers Request 5-9 to its Second Request for Production as the request it is specifically seeking responses to. As noted above, Defendants request leave to respond to these requests by October 13. However, Defendants also note the following statements as to each request.

Request number 5 seeks "documents sufficient to show the interest rate charged by" the third-party lender BLG worked with after LRA. Plaintiff offers no explanation of why this is relevant to any claim or defense in this case. Defendants agree what is relevant is what the interest rate is that was charged on the reserve funds that Defendant reserved on the line of credit in light of the promissory notes with LRA. However, Defendant has already disclosed this interest rate, the amount of the reserve, and documentation supporting these amounts.

Request Number 6 seeks the production of documents evidencing that BLG set up a reserve on its line related to the promissory notes with LRA. Defendant has already produced responsive documents.

Request No. 7, seeks "all" documents evidencing the "tender offer" referenced in the Eighth Affirmative Defense. This request is duplicative of Plaintiff's request for production, set one. Defendant has already produced these documents.

Request No. 8 seeks the "credit line agreement with the third-party lender." Defendants personally have no objection to producing the document subject the Confidentiality order. However, LRA has disclosed that the third-party lender has claimed the document is protected trade secret and they object to its production. LRA has further disclosed that the matter has been briefed in another case and a ruling is pending. Defendantss review of the document confirms that the third-party lender is supposed to have the right to challenge its production and that BLG must give them the chance to do so. Given that there is a pending ruling on this issue, Defendant believes the best course is to wait for that order. In the meantime, Defendant has spoken with the third-party lender and has requested they provide a copy of the agreement which redacts anything the third party lender believes is trade secret.

Request Number 9 is duplicative of requests LRA made in its request for production, set one. Defendants have already produced responsive documents.

III. Plaintiff Claims a Pattern of "Non-Compliance" But Offers No Support for This Claim

Plaintiff makes broad unsupported claims that Defendants have somehow acted unreasonably in discovery or that Defendants' claims lack support. These statements are contrary to the facts. Aside from the discovery served by email on August 24 solely to Brenes while he was out with Covid, Defendants timely and appropriately responded to all discovery requests. Defendants have further timely and in good faith responded to all meet and confer efforts by Defendants. When Plaintiff brought the discovery to Defendants' attention, Defendants offered to provide responses within two weeks. However, Plaintiff refused this reasonable request.

IV. Plaintiff's Request For Production, Set One

Based on the letter-motion it does not appear that Plaintiffs are moving to compel further responses as to Plaintiff's request for production, set one. Therefore, Defendants will not address the adequacy of the responses and objections made thereto.

V. Defendants' Demand for Sanctions Should Be Denied

Plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi) should be denied. As discussed above, Defendants did not choose to ignore the requested discovery. Rather, Plaintiff knew that discovery was served via email solely to Brenes while Brenes was out of the office with Covid-19. Moreover, Defendants had agreed to electronic service contingent on service also being made to Brenes' paralegal so that situations like this could not occur. Further, contrary to Plaintiff's claim no substantial delay has occurred. Once Defendants became aware of the issue, Defendants proposed responses be served in two weeks. In order to try to create an argument for sanctions, Plaintiff refused.

Respectfully yours,

*[signature]*

Troy A. Brenes
Brenes Law Group, P.C.
100 Spectrum Center Dr., Ste. 330
Irvine. CA 92618
P: (949)-397-9360
E:  tbrenes@breneslawgroup.com

cc. Andrew T. Solomon, Esq. (Via ECF)