**SOLOMON CRAMER & SUMMIT LLP**
25 West 39th Street, 7th Floor
New York, NY 10018
(212) 884-9102
solomoncramer.com

October 12, 2023

**Via ECF**

Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re:   *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778-ER-BMC

Dear Judge Moses:

This firm represents plaintiff Legal Recovery Associates LLC ("LRA"). We write in reply to defendants Brenes Law Group, P.C. and Troy Brenes's (collectively, "Brenes Law") opposition (ECF 73) to LRA's letter motion for leave to move for preclusion sanctions.

## **Brenes Law's Failure to Provide Initial Disclosure on its Damage Calculation**

We will not spend much time responding to Mr. Brenes's attempt to cabin the grounds for triggering personal liability under the guarantee at issue in this case (ECF 73 at 1). Suffice it to say that the complaint alleges that he breached the guarantee and a complete, rather than cherry-picked, list of the grounds for triggering his liability is provided therein.

As to whether Brenes Law acted reasonably in refusing to disclose its damage calculation (ECF 73 at 2-3) in its initial disclosures, the excuses are easily shown to be either strawman arguments, based on misstatements of fact, or irrelevant.

*First,* the amount of avoided interest on LRA's loan to Brenes Law is not the calculation that LRA is seeking. Rather, we need to know the amount of damages Brenes Law allegedly sustained in reserving funds to pay its new lender, California Attorney Lending II LLC ("Cal. Lending").

*Second,* the argument that Brenes Law's calculation of excess amounts paid to Cal. Lending is somehow a "trade secret" or "confidential" is utterly spurious. Even if the loan agreements were confidential, that would not stop Brenes Law from providing a calculation of its damages . Moreover, Brenes Law offers no documentary evidence that it tried to obtain relief from its confidentiality obligations in this case. In any event, any "trade secret" or "confidentiality" argument is undercut by Brenes Law's recent disclosure of the closing statement from its Cal. Lending loan (during the last hour of Mr. Brenes's deposition on October 9, 2023).

*Third*, counsel's claim that I excused Brenes Law's obligation to provide a computation of damages (during a telephone call when we were discussing scheduling) is factually inaccurate. What I actually said was that I did not think that Brenes Law needed to supplement its initial disclosures based on the filing of the Answer in the second action (ECF 54) because, contrary to Brenes Law's misdescription of its own pleadings, the counterclaim in the second action does not include an affirmative claim for relief. But I never agreed that the initial disclosures were sufficient. Moreover, LRA has been expecting defendants to supplement their prior discovery responses, as counsel promised in writing three times:

August 7, 2023 (Ex. A)

> I am working on supplementing Plaintiff's responses. …. I expect to serve the supplemental responses on Wednesday.

September 4, 2023 (Ex B)

> As to discovery, I came down with Covid last week which delayed things as I prepared for a long planned vacation. That being said, I plan to supplement responses and email production along the lines we have discissed [sic] on Friday and given the magistrate's guidance. ….

September 29, 2023 (Ex C)

> I will make the supplemental production as discussed herein on October 2.

**Despite these promises, Brenes Law made no supplementation, except for the production of two emails, the Cal. Lending closing statement, and a completely redacted (every word blacked out) loan agreement— all of which were produced at 4:42 p.m. during the last break of Mr. Brenes's deposition on October 9, 2023.**

Brenes Law also claims that LRA "has not suffered any prejudice related to any failure to disclose computation of damages" (ECF 73 at 3). This is false. LRA still does not have Brenes Law's calculation. It has no time to conduct follow up discovery. And it did not have the calculation available to question Mr. Brenes during his deposition. At that deposition, Mr. Brenes identified other personnel at his firm when questioned about financial matters. While he did produce the closing statement, we still don't know what was actually paid to Cal. Lending, when, and in what amounts. Nor does LRA have the loan agreement (except an entirely blacked out version) or other documents showing when money was available to Brenes Law from Cal. Lending and at what rate(s) of interest. (LRA is also required to now move to compel Brenes Law to produce bank statements and loan statements because Brenes Law refuses to produce these obviously relevant documents).

LRA should not have to engage in motion practice to obtain information that should have been automatically produced in discovery. Brenes Law produced the closing statement (toward the end of a deposition) and the fully redacted loan agreement only because LRA filed this and

another letter motion (ECF 69) to compel defendants' cooperation. That's not the way discovery is supposed to work. *See* Fed. R. Civ. P. 1.

Respectfully yours,

/s/Andrew T. Solomon

Andrew T. Solomon

cc: Troy A. Brenes, Esq. (via ECF)

# EXHIBIT A

 Andrew Solomon <asolomon@solomoncramer.com>

## Re: Depositions
1 message

**Troy Brenes** <tbrenes@breneslawgroup.com>  Mon, Aug 7, 2023 at 3:41 PM
To: Andrew Solomon <asolomon@solomoncramer.com>

I am working on supplementing Plaintiff's responses. As discussed in NY, I ask that you do the same to bring your responses into compliance with the guidance given by the magistrate judge. In reviewing your request, there were also a number of responses where you alleged a lack of relevance as basis for refusing to respond. I request that you review your responses and reconsider your relevancy objections. For my part, I expect to serve the supplemental responses on Wednesday. Regarding depositions, I suggest we set depositions for 8/21 - 8/25.

Troy A. Brenes
*Managing Partner*
**Brenes Law Group, P.C.**
100 Spectrum Center Drive, Suite 330
Irvine, CA 92618
(888) 862-6104 Toll Free
(949) 397-9360 Telephone
(949) 607-4192 Facsimile
www.BrenesLawGroup.com

Privileged and Confidential Communication. This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC sections 2510-2521), (b) may contain confidential and/or legally privileged information and/or attorney work-product, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

On Mon, Aug 7, 2023 at 12:35 PM Andrew Solomon <asolomon@solomoncramer.com> wrote:
> Troy
>
> What time are you free today to meet and confer?
>
> Andrew
>
> On Fri, Aug 4, 2023 at 7:12 PM Troy Brenes <tbrenes@breneslawgroup.com> wrote:
>> Let's push a week at least. We can discuss on Moday.
>>
>> On Fri, Aug 4, 2023, 2:23 PM Andrew Solomon <asolomon@solomoncramer.com> wrote:
>>> Are we going to try to squeeze in the depositions next week?
>>>
>>> --
>>>
>>> Andrew T. Solomon
>>> Attorney at Law
>>> Solomon Cramer & Summit LLP
>>> 25 West 39th Street, 7th Floor
>>> New York, NY 10018
>>> asolomon@solomoncramer.com
>>> (t) (212) 884-9102 ext. 700
>>> (f) (516) 368-3896
>>>
>>> Notices: This message, including attachments, is confidential and may contain privileged information. If you are not the addressee, any disclosure, copying, distribution, or use of this message or its attachments is prohibited. If you have received this email in error, please destroy it and notify me immediately.
>
> --
>
> Andrew T. Solomon
> Attorney at Law
> Solomon Cramer & Summit LLP
> 25 West 39th Street, 7th Floor
> New York, NY 10018
> asolomon@solomoncramer.com
> (t) (212) 884-9102 ext. 700
> (f) (516) 368-3896

Notices: This message, including attachments, is confidential and may contain privileged information. If you are not the addressee, any disclosure, copying, distribution, or use of this message or its attachments is prohibited. If you have received this email in error, please destroy it and notify me immediately.

# EXHIBIT B

                                                                                         **Andrew Solomon <asolomon@solomoncramer.com>**

---

## Re: LRA v. Brenes
1 message

---

**Troy Brenes** <tbrenes@breneslawgroup.com>                                              Mon, Sep 4, 2023 at 8:01 AM
To: Andrew Solomon <asolomon@solomoncramer.com>

The proposed depositions dates sound fine. As to discovery, I came down with Covid last week which delayed things as I prepared for a long planned vacation. That being said, I plan to supplement responses and email production along the lines we have discissed on Friday and given the magistrate's guidance. On the same note, I've requested that you supplement to be consistent with the magistrates guidance. If you intend to do so, I would ask that you do so by Friday as well.

I don't believe we have any nee ESI issues to discuss but please let me know if you feel otherwise.

On Thu, Aug 31, 2023, 10:00 AM Andrew Solomon <asolomon@solomoncramer.com> wrote:
> Troy
>
> 1. We should fix dates for the depositions: Berger and you to start. The depositions must be completed by October 31, 2023. How about Oct 2 for Berger (subject to confirmation) and Oct 4 for you? That leaves us room for additional depositions.
>
> 2. You said that you were amending BLG and your RFP responses per the Court's direction. On August 7, you wrote "I expect to serve the supplemental responses on Wednesday." I have received no updated responses.
>
> 3. At our last meet and confer on August 16, 2023, you indicated that your office was conducting a new email collection and production. What is the status of that?
>
> Andrew
>
> --
>
> Andrew T. Solomon
> Attorney at Law
> Solomon Cramer & Summit LLP
> 25 West 39th Street, 7th Floor
> New York, NY 10018
> asolomon@solomoncramer.com
> (t) (212) 884-9102 ext. 700
> (f) (516) 368-3896
>
> Notices: This message, including attachments, is confidential and may contain privileged information. If you are not the addressee, any disclosure, copying, distribution, or use of this message or its attachments is prohibited. If you have received this email in error, please destroy it and notify me immediately.

# EXHIBIT C



Andrew Solomon <asolomon@solomoncramer.com>

---

## Re: LRA v. Brenes
1 message

---

**Troy Brenes** <tbrenes@breneslawgroup.com>  Fri, Sep 29, 2023 at 5:29 PM
To: Andrew Solomon <asolomon@solomoncramer.com>

Please take notice that I have reviewed your meet and confer communication and respond as follows:

Request No. 2:
We do not agree to withdraw the noted objections. As we've discussed in the past this request is overbroad, seeks information not relevant to any claim or defense, and is not proportional to the needs of the case.

First, there is no time limitation to the request. As we've discussed, I handled many product liability cases long before any agreement was entered into with LRA. Yet, you have refused to reasonably limit the time frame of your request.

Second, the requested information is not relevant to the claim actually asserted by LRA. LRA's complaint alleges that BLG breached the promissory notes "by granting a third-party lender a general security interest in its assets, including, on information and belief, the Collateral for the Notes." LRA alleges this triggered an event of default, which allowed LRA to issue notice of default and acceleration to BLG on January 21, 2022. There is no other stated basis in the complaint for why BLG allegedly breached the promissory notes. As noted in Plaintiff's answer, BLG in fact admits it entered into an agreement with a third-party lender and used its assets as collateral. That fact has never been in dispute. Therefore, demanding "all records evidencing [BLG's] receipt of proceeds...relating to any product liability case in which BLG was involved as counsel, including bank records," is neither necessary or proportional to the needs of the case. Even had LRA raised the claim in its complaint that BLG breached by failing to pay product liability claims, which it did not, this request would still be so overbroad and not proportional to the needs of the case. Instead of forcing mass production of all banking and settlement records ever created regarding BLG, LRA could simply propound interrogatories requesting on what date BLG entered into an agreement with a third party lender granting them a general security interest in its assets and when was the first date following the entry of the first promissory note with LRA that BLG received fees on an product liability case. Two simple questions would resolve any alleged need for the such a mass production of confidential information.

Request No. 3:
BLG stands by the objections and response asserted to what was actually requested. However, BLG will respond in good faith to LRA's proposed limitation on this request. Plaintiff will produce a copy of the agreement entered into with the third party lender, which also references the interest rate. I do not understand what a set aside escrow account is. However, I expect what you may be looking for would be in the agreement. We will further look for and produce communications referencing LRA/LLG and the payoff. I am unclear beyond what you mean by "communications about the security agreement" beyond the agreement between BLG and California Attorney lending.

Please note, however, we do not agree to produce all "documents sufficient to show the level of borrowing under the line of credit." The agreement itself demonstrates there was ample funds available at the time the agreement was entered into. We do not believe it is proportional to the needs of the case to demand to know exactly where BLG has been on it line of credit at all times since 2020.

Request Nos. 5 & 7: Contrary to your statement, we have provided the documents we agreed to produce. As noted in response to Request No. 3, we are agreeing to produce additional documents that may be deemed responsive to these requests. If you concern is that the objections are improper or that what we've agreed to produce is insufficient, we are happy to have that discussion.

Request No. 8. As noted in the objection, it is unclear to BLG what exactly LRA is requesting. BLG has agreed to produce the agreement with California Attorney lending, which I suspect may be the responsive document you are looking for.

I will make the supplemental production as discussed herein on October 2.

Troy A. Brenes
*Managing Partner*
**Brenes Law Group, P.C.**
100 Spectrum Center Drive, Suite 330
Irvine, CA 92618
(888) 862-6104 Toll Free
(949) 397-9360 Telephone
(949) 607-4192 Facsimile
www.BrenesLawGroup.com

Privileged and Confidential Communication.  This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC sections 2510-2521), (b) may contain confidential and/or legally privileged information and/or attorney work-product, and (c) are for the sole use of the intended recipient named above.  If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

> On Wed, Sep 20, 2023 at 10:11 AM Andrew Solomon <asolomon@solomoncramer.com> wrote:
>> Troy
>>
>> I am following up on BLG's document production and objections.

Request number 2 ask for all records evidencing receipt of proceeds on the product liability cases, including bank records. You objected in its entirety. The records are relevant to the notes, because receipt of proceeds, is a trigger for the payment date. The records are also relevant for the guarantee because the use of proceeds can trigger the good guy guarantee. Will you withdraw the objection and produce the documents?

Request number 3 asks for all documents relating to obtaining financing from CAL Attorney Lending. We are willing to accept the loan agreement and security agreement itself, the interest rate, the calculation of interest, the set aside/escrow that you describe in the answer, communications about LRA/LLG, communications about the payoff, communications about the security agreement, and documents sufficient to show the level of borrowing under the line of credit (relevant to the question of whether BLG had access to funds to even pay LLG, if it wanted to).

Request number 4 seeks communications with Counsel about LRA/LLG. Those would be covered by number 3, as limited.

You agreed to produce documents in response to Request number 5 to 7, but you have not produced them as far as I can tell.

Request number 8 seeks communications regarding the escrow or indemnity obligations to Counsel Financial (California Attorney Lending). You claim that responsive documents are trade secret. I don't see that, but the documents can be produced under the protective order.

Thanks,

Andrew

—

Andrew T. Solomon
Attorney at Law
Solomon Cramer & Summit LLP
25 West 39th Street, 7th Floor
New York, NY 10018
asolomon@solomoncramer.com
(t) (212) 884-9102 ext. 700
(f) (516) 368-3896

Notices: This message, including attachments, is confidential and may contain privileged information. If you are not the addressee, any disclosure, copying, distribution, or use of this message or its attachments is prohibited. If you have received this email in error, please destroy it and notify me immediately.