**SOLOMON CRAMER & SUMMIT LLP**
25 West 39th Street, 7th Floor
New York, NY 10018
(212) 884-9102
solomoncramer.com

October 12, 2023

**Via ECF**

Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re:   *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778-ER-BMC

Dear Judge Moses:

This firm represents plaintiff Legal Recovery Associates LLC ("LRA"). We write in reply to defendants Brenes Law Group, P.C. and Troy Brenes's (collectively, "Brenes Law") opposition (ECF 74) to LRA's letter motion for discovery sanctions.

### Brenes Law's Failure to Respond to Second Requests for Production

We can make short work of Brenes Law's opposition letter with respect to its failure to respond to LRA's Second Request for Production.

*First,* Brenes Law blames LRA for not serving the discovery on its paralegal. Of course, the order contains no such requirement (ECF 41 at ¶ 3). Making matters worse, counsel ignored my May 17, 2023 email inviting him to provide me with a secondary or back-up email address for communications and service of papers (Exhibit 1).

*Second,* counsel's reflexive excuse on the phone was that the document requests, which were served by email on August 24th, went to his "spam" folder. Now counsel blames Covid-19. But counsel was active in emails with me during the period when he was unhealthy. I received emails from counsel on August 25, August 29, September 1, September 4, and September 15. And we also spoke on the phone at least once, if not twice.

*Third*, Brenes Law admits that on September 28, 2023. it requested two weeks to respond to LRA's discovery demands. This "cure" was unreasonable given that principal depositions in the case were scheduled for the next week.

### Brenes Law's Counter-Request For Relief Under Rule 36(b)

Brenes Law appears to be requesting relief under Rule 36(b) for its failure to respond to the

requests to admit that were also served on August 24, 2023. This should be rejected out of hand. Absent from the application is prejudice, which is essential. *Weinberger v. Provident Life & Cas. Ins. Co.,* No. 97CIV9262(JGK)(HBP), 1999 WL 225537, at *1 (S.D.N.Y. Apr. 19, 1999). That is, Brenes Law has not identified which request to admit it would deny. On the other hand, LRA has clearly been prejudiced. *Id.* at *2. For example, some requests to admit sought to establish the authenticity of emails that LRA had sent to Brenes Law. During his deposition, Mr. Brenes challenged the authenticity of many emails, ostensibly on the ground that he could not see the underlying email addresses in the printed emails. Had we known in advance that spurious objections of this nature would be made, LRA would have used native files in the deposition.

### Document Requests Nos. 5 to 9 (Second Request)

Despite having plaintiff's second document demand since August 24, 2023, Brenes Law now seeks to raise relevance objections. These are clearly waived. *See Eldaghar v. City of New York Dep't of Citywide Admin. Servs.,* No. 02CIV.9151(KMW)(HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003). The objections are also improper and, if necessary, LRA will address them at the conference.

### Pattern of Discovery Non-Compliance/Prejudice

It is now near the end of discovery and, despite numerous conferences and demands, plaintiff has still not received Brenes Law's loan agreements with California Attorney Lending II, its loan balance statements, its bank records, and any private, substantive communications between Brenes Law and the replacement lender. As shown in ECF 77 at p. 2 and Exs. A-C, Brenes Law has made multiple promises to supplement its production, but has violated each of its self-imposed deadlines. Its electronic document production has never complied with industry standards and contains substantial gaps due to a purported *ad hoc* document deletion "policy," which cannot be easily tested. Still more instances of intransigence were documented in my letter to the Court of August 10, 2023 (ECF 57). Indeed, it appears that at least one more motion will be required to resolve outstanding discovery issues. If nothing else, Brenes Law's delays and omissions have deprived LRA of any meaningful opportunity to conduct supplemental discovery (including, for example, contention interrogatories).

### Sanctions

Plaintiff should not have to make sanctions threats and file motions to obtain basic discovery. Prejudice aside (which is real), sanctions are needed for the sake of specific and general deterrence. *See* Fed. R. Civ. P. 1.

Respectfully yours,

/s/Andrew T. Solmon

Andrew T. Solomon

cc: Troy A. Brenes, Esq. (via ECF)

# EXHIBIT 1



Andrew Solomon <asolomon@solomoncramer.com>

## Emails
1 message

**Andrew Solomon** <asolomon@solomoncramer.com>  Wed, May 17, 2023 at 2:37 PM
To: Troy Brenes <Tbrenes@breneslawgroup.com>

Whom else should I copy on emails so that my emails don't get caught in your spam folder or otherwise escape your attention?

--

Andrew T. Solomon
Attorney at Law
Solomon Cramer & Summit LLP
25 West 39th Street, 7th Floor
New York, NY 10018
asolomon@solomoncramer.com
(t) (212) 884-9102 ext. 700
(f) (516) 368-3896

Notices: This message, including attachments, is confidential and may contain privileged information.  If you are not the addressee, any disclosure, copying, distribution, or use of this message or its attachments is prohibited.   If you have received this email in error, please destroy it and notify me immediately.