UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/13/2023
```

| | |
|---|---|
| LEGAL RECOVERY ASSOCIATES LLC, | |
| Plaintiff, | **22-CV-1778 (ER) (BCM)** |
| -against- | **ORDER** |
| BRENES LAW GROUP, P.C., et al., | |
| Defendants. | |
| LEGAL RECOVERY ASSOCIATES LLC, | |
| Plaintiff, | 23-CV-2446 (ER) (BCM) |
| -against- | |
| BRENES LAW GROUP, P.C., | |
| Defendant. | |
| CONSOLIDATED CASES | |

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during today's discovery conference, it is hereby ORDERED that:

1.  <u>Discovery Responses</u>. No later than **October 20, 2023,** defendants Brenes Law Group, P.C. (BLG) and Troy A. Brenes (as applicable) shall:

    a.  Serve written responses to the second Request for Production served by plaintiff Legal Recovery Associates LLC (LRA) (Dkt. 69-1) in accordance with Fed. R. Civ. P. 34(b)(2) *and* produce all non-privileged responsive documents. For avoidance of doubt, BLG must produce its loan agreement with California Attorney Lending, unredacted. All objections, except as to privilege, are deemed waived.

    b.  Serve written responses to plaintiff's Requests for Admission (Dkts. 74-1, 74-2) in accordance with Fed. R. Civ. P. 36(a)(4)-(5); and

    c.  Serve supplemental disclosures regarding the computation of BLG's claimed damages, and produce the documents or other evidentiary material upon which each computation is based, in accordance with Fed. R. Civ. P. 26(a)(1)(iii) and 26(e)(1). All objections to such disclosure and production, except as to privilege, are deemed waived.

d.   If defendants withhold documents or information on privilege grounds, they must simultaneously serve a privilege log in compliance with Local Civ. R. 26.2.

2.   <u>Award of Fees and Expenses</u>. In accordance with Fed. R. Civ. P. 37(a)(5), defendants, jointly and severally, shall pay the reasonable expenses, including attorneys' fees, incurred by plaintiff in making and litigating the motions at Dkts. 68 and 69.

a.   No later than **October 27, 2023**, the parties shall meet and confer in good faith to attempt to resolve the fee portion of this Order by stipulation, and plaintiff shall file a letter advising the Court whether a resolution was reached.

b.   If the parties are unable to come to a resolution, plaintiff shall file its fee application no later than **November 3, 2023**. Plaintiff's fee application must include properly authenticated contemporaneous time records reflecting compensable attorney and other professional time, properly authenticated documentation of all other compensable expenses, and admissible evidence regarding the reasonable rates actually charged to and paid (or owed) by plaintiff.

c.   If plaintiff determines, after receiving the discovery set forth in ¶ 1 of this Order, that it needs additional deposition testimony, defendants shall be responsible, jointly and severally, for the reasonable costs and expenses incurred by plaintiff to do so, including, by way of example, court reporter and videographer fees (but not attorneys' fees).

3.   <u>Further Discovery Motions</u>. Any pending discovery disputes that the parties cannot resolve without Court intervention (including but not limited to disputes concerning the Berger deposition and defendants' responses to plaintiff's first Request for Production) shall be raised by letter-application no later than **October 20, 2023**. Nothing in this Order relieves the parties of the obligation to meet and confer in good faith prior to filing such an application. *See* Moses Ind. Prac. § 2(b).

4.   <u>Summary Judgment</u>. In light of the likelihood of additional discovery motion practice, the current summary judgment deadline (*see* Dkt. 64 ¶ 9) is ADJOURNED *sine die*.

5.   <u>Warning</u>. Although the Court has, thus far, declined to impose terminating sanctions, as requested by plaintiff, defendants are warned that further violations of the Federal Rules of Civil Procedure or this Court's orders may result in the imposition of significantly greater sanctions, up to and including the striking of their counterclaims and/or affirmative defenses.

The Clerk of Court is respectfully directed to close the motions at Dkts. 68 and 69.

Dated: New York, New York      **SO ORDERED.**
       October 13, 2023

**BARBARA MOSES**
**United States Magistrate Judge**