## SOLOMON CRAMER & SUMMIT LLP
25 West 39th Street, 7th Floor
New York, NY 10018
(212) 884-9102
solomoncramer.com

October 18, 2023

**Via ECF**

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re:   *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778-ER-BMC

Dear Judge Moses:

This firm represents Plaintiff, Legal Recovery Associates, LLC (LRA). We submit this letter to request a discovery conference for LRA's planned motion to compel Defendants Brenes Law Group, P.C. and Troy Brenes's (collectively, Brenes Law) response to LRA's first request for the production of documents (the 1st RFP).

### Plaintiff Has Conferred In Good Faith

Counsel have met and conferred in good faith and in real time on several occasions. We have also exchanged multiple emails. The last in-person phone call, on Saturday, October 7, 2023, lasted at least 15 minutes, and was attended by principal counsel on both sides.

### Plaintiff's Demand for Bank Statements

LRA seeks an order compelling Brenes Law to produce its bank statements and related records showing details of the receipt of case proceeds and transmission of payments from July 2020, when it first notified LRA of its intention to borrow money from California Attorney Lending II, LLC (Cal Lending), through the filing of LRA's second lawsuit in April 2023. These statements were demanded in the 1st RFP, Request Nos. 2, 3, 6, and 7 (Exhibit A is a summary of the requests; Exhibit B is Brenes Law's entire responses and objections).[1]

Brenes Law claims that LRA's discovery requests are not proportional and irrelevant.

---

[1] LRA's discovery requests are broader than what is sought here. However, during the meet and confer process, LRA agreed to limit these requests. But even as limited, Brenes Law refuses to comply.

The standard for discovery under Fed. R. Civ. P. 26 is familiar: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Ferguson v. Ruane Cunniff & Goldfarb Inc.*, No. 17CV6685ALCBCM, 2020 WL 4586800, at *3 (S.D.N.Y. Aug. 10, 2020).

**Proportionality**

Brenes Law's proportionality argument is easily refuted. On the one hand, LRA's claims are substantial—over $5.4 million. On the other, bank statements are electronically available and easily assembled. If they are unavailable, they can be requested from the bank. (LRA could also subpoena Brenes Law's bank records. But at his deposition, Mr. Brenes testified that he did not know—and did not want to guess—where *his own firm* currently maintains its bank accounts).

**Relevance**

Brenes Law's bank records are relevant to breach, to damages, and to test certain of Brenes Law's defenses.

In both the first and second lawsuits, LRA has alleged that Brenes Law breached multiple promissory notes by failing to make payments on contractually agreed "Payment Dates." ECF 1-1 at ¶¶ 12-13 and ECF 52 at ¶¶ 18-19. "Payment Dates" are defined in each of the notes as "the date[s] on which Maker received payment of any award in respect of all product liability litigations represented by Brenes Law Group, P.C." *See, e.g.*, ECF 1-1 at Ex. A. A failure to make a payment due on a Payment Date triggers an "Event of Default" and starts default interest. *Id.* The bank records will show the date and amount of the Payment Dates—essential data to show breach and to calculate interest. The Court itself made the point in its Report and Recommendation, dated February 13, 2023 (ECF 33) at 4, 7 and n. 7. There, the Court noted that LRA could not provide any specifics about the Payment Dates.[2]

Evaluation of the payments is also relevant to LRA's personal guarantee claim. Mr. Brenes' personal liability is only triggered if certain events occur. These events include the misapplication of payments or the diminution of LRA's security interest. ECF 1-1 at Ex. C. The bank records provide evidence of these events.

The bank records are also relevant to Brenes Law's principal defense: that it would have paid the notes but for LRA's alleged failure to provide a payoff balance and wire instructions. These records may reveal that Brenes Law already possessed LRA's banking information. They will show whether Brenes Law had the ability to repay LRA. And, they may show that Brenes Law *chose* not to pay LRA, for either economic or financial reasons, even after obtaining the line of credit from Cal Lending.

---

[2] Referring to the "Payment Dates," the Court observed: "LRA provides no further information as the triggering event(s). It does not allege that BLG received any particular payment, in any particular product liability litigation, on (or by) any particular date. Nor does it specify the basis for its information and belief that *some* triggering event occurred." ECF 33 at n. 7. The reason is that LRA did not have the specific data before filing, and still does not.

**Plaintiff's Demand for Loan Statements**

Plaintiff is also entitled to review the Cal Lending loan statements. Brenes Law objects, again on proportionality and relevance grounds.

**Proportionality**

Proportionality is not a genuine issue—producing a year or two of monthly or quarterly loan statements is no burden.

**Relevance**

Relevance is also easily demonstrated. For one thing, there is a mystery that must be examined and tested: Why didn't Brenes Law repay the loans when it received the payoff information (for the second time[3]) on January 6, 2021? The day prior, Mr. Brenes had requested it, writing:

> We have made several requests for information necessary for Brenes Law Group, P.C. to payoff all promissory notes from LRA. This includes the amount owed and the account information for us to wire the funds. We again ask that you please send this information in writing.

The next day, LRA emailed wire instructions, the payoff amount, and a spreadsheet showing LRA's calculation. But Mr. Brenes never responded and Brenes Law never paid. LRA followed up on January 15, 2021, asking Mr. Brenes to confirm that he received the information. Again, Mr. Brenes did not respond and Brenes Law did not pay.

Brenes Law now claims that it did not pay LRA because it was concerned about having been charged interest from July 2020 (when it first requested payoff information) through January 5, 2021. But no credible evidence shows that Brenes Law ever engaged LRA on this issue until months later, in March 2021. Even then, Brenes Law rejected LRA's proposal to pay amounts not in dispute and, thereafter, made no effort to pay LRA. This lawsuit followed.

The loan statements may show other motives for not repaying LRA. Perhaps Brenes Law needed or benefited from maintaining the debt from LRA rather than repaying it by drawing on Cal Lending's line of credit. The statements will certainly show whether Brenes Law had the ability to repay LRA.

Cal Lending's loan statements will also show Brenes Law's receipt of case proceeds, which will help LifeSci ascertain the precise Payment Dates, to the extent not obvious from the bank records.

---

[3] LRA disputes that it denied Brenes Law the payoff amount. In fact, Brenes Law received an Excel spreadsheet from LRA showing the payoff calculation on August 4, 2020. Brenes Law supplied it to Cal Lending, which then used it to prepare an early version of the payoff letter that it requested. LRA also disputes that Brenes Law has a legitimate claim based on the wire instructions. Nothing in the notes requires LRA to supply them; in any event, Brenes Law had wire instructions by January 6, 2021; and, prior to that, payment could have been made (or at least tendered) via alternative methods including by check, cashier's check, or cash.

**Conclusion**

LRA has identified concrete and non-speculative arguments for relevance. Indeed, the records requested go to central issues in the case: default, damages, and Brenes Law's defense. Given the relevance, the low cost of production, and the amount in dispute, proportionality is not a basis for refusing to comply.

Respectfully yours,

/s/Andrew T. Solomon

Andrew T. Solomon

cc: Troy A. Brenes, Esq. (via ECF)

Attachments (2)
  Exhibit A: excerpted requests
  Exhibit B: Brenes Law's responses and objections

## Exhibit A (RFPs)

**Request No. 2**

>All records evidencing your receipt of proceeds (by judgment, settlement, fee sharing arrangements, or otherwise) relating to any product liability case in which BLG was involved as counsel, including bank records.

**Request No. 3**

>All Documents relating to BLG obtaining financing from a lender, including, but not limited to Counsel Financial II LLC or any of its affiliate (collectively, "Counsel Financial").

**Request No. 6**

>All Documents, including internal and external Communications, relating to the receipt of loans from Counsel Financial, including bank records evidencing the receipts.

**Request No. 7**

>All Documents, including internal and external Communications, relating to the repayment of loans from Counsel Financial, including bank records evidencing the repayments.

# **Exhibit B**

## **Brenes Law Group's Responses and Objections**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LEGAL RECOVERY ASSOCIATES LLC,

           Plaintiff,           Case No. **22-CV-1778 (ER)(BM)**

-against-

BRENES LAW GROUP, P.C. and TROY A. BRENES,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### DEFENDANT RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1. All records relating to your receipt of loans from LRA, including bank records.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. LRA's claim relate to two promissory notes. Plaintiff does not deny the loans were made. Demanding BLG's bank records and every conceivable document that may relate to those loans is unnecessary, unduly burdensome and harassing. This is particularly the case where LRA, the requesting, party has equal access to records showing whether or not those loans were made. BLG's bank records are also contain confidential and private financial information to which the request party has no need for.

2. All records evidencing your receipt of proceeds (by judgment, settlement, fee sharing arrangements, or otherwise) relating to any product liability case in which BLG was involved as counsel, including bank records.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. The request also seeks the disclosure of confidential financial information and trade secret information

of BLG, including the disclose of its client lists, all recoveries obtained for all clients, the identity of all of BLG's referral counsel and the details of their agreements, and all bank records of the firm. Moreover, the request seeks information protected by strict confidentiality agreements that prevent BLG from disclosing confidential settlement amounts. There is no justification for this demand. LRA claims it entered into loans with the BLG. This is not disputed. Defendants claim that BLG subsequently entered into a loan agreement with a 3rd party entity under which required BLG to use recoveries it obtained on cases to pay down any loan amounts. BLG also does not dispute this, and Defendants have been aware of this agreement for years. The dispute is whether BLG breached by doing so, or if LRA breached first by acting in bad faith to prevent BLG from repaying the promissory notes. The demanded information is irrelevant and unnecessary to resolution of the disputes in this case.

3. All Documents relating to BLG obtaining financing from a lender, including, but not limited to Counsel Financial II LLC or any of its affiliate (collectively, "Counsel Financial").

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. LRA has not included any temporal limitation on the request and therefore it targets documents which preexist any agreement between BLG and LRA. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party. LRA's need for relevant information is satisfied by confirmation the loan was taken, the date it was taken, and that the loan agreement required some portion of any fees BLG earned on cases to be used to repay the loan. These issues are not in dispute and can be easily confirmed without BLG incurring the

substantial burden of having to collect and produce every document that in any conceivable way relates to BLG taking a loan with California Attorney Lending II Inc. Subject to and without waiving these objections, BLG responds as follows:

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further will to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

4.      Communications with any lender, including Counsel Financial, about BLG's transactions or relationship with LRA or LLG.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party. LRA's need for relevant information is satisfied by confirmation the loan was taken, the date it was taken, and that the loan agreement required some portion of any fees BLG earned on cases to be used to repay the loan. These issues are not in dispute and can be easily confirmed without BLG incurring the substantial burden of having to collect and produce every document that in any conceivable way relates to BLG taking a loan with California Attorney Lending II Inc. Subject to and without waiving these objections, BLG responds as follows:

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at

issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further willing to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

5. Information provided by BLG and any guarantor relating to obtaining financing from any source, including Counsel Financial.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. The request contains no temporal limitation to limit the information sought to the relevant time period. The request also seeks BLG's trade secret information, including client list, as well private confidential financial information of BLG and Troy Brenes. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. LRA has not included any temporal limitation on the request and therefore it targets documents which preexist any agreement between BLG and LRA. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party.

LRA's need for relevant information is satisfied by confirmation the loan was taken, the date it was taken, and that the loan agreement required some portion of any fees BLG earned on cases to be used to repay the loan. These issues are not in dispute and can be easily confirmed without BLG incurring the substantial burden of having to collect and produce every document that in any conceivable way relates to BLG taking a loan with California Attorney Lending II Inc. Subject to and without waiving these objections, BLG responds as follows:

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at

issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further willing to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

      6.      All Documents, including internal and external Communications, relating to the receipt of loans from Counsel Financial, including bank records evidencing the receipts.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. The request also seeks BLG's trade secret information, including client list, as well private confidential financial information of BLG and Troy Brenes. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. LRA has not included any temporal limitation on the request and therefore it targets documents which preexist any agreement between BLG and LRA. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party.

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further willing to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

      7.      All Documents, including internal and external Communications, relating to the repayment of loans from Counsel Financial, including bank records evidencing the repayments.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. The request contains no temporal limitation to limit the information sought to the relevant time period. The request also seeks BLG's trade secret information, including client list, as well private confidential financial information of BLG and Troy Brenes. The request also seeks information subject to confidentiality agreements that prevent disclosure to the requesting party. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party.

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further willing to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc, and the date BLG first received a fee on a product liability case that was used in part to repay any loan to Attorney Lending II Inc.

8. All Documents, including internal and external Communications, relating to establishing or relating to an escrow or indemnity obligation to Counsel Financial relating to BLG's obligations to LRA.

**Response:** Objection. The request is so unclear as to what is being requested that the responding party does not understand the nature of the request. The request is also so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. BLG requests disclosure as to what is meant by this request and how this information could be relevant to the claims and defenses asserted in this case. Additionally, California

Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field.

      9.      Any document not already produced that relates, in any way, to an effort by BLG to obtain third-party financing from any source other than LRA. Include in your production loan applications, responses from lenders, Communications with actual and potential lenders about BLG's financial wherewithal and about its relationship with LRA and LLG.

      **Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. The request contains no temporal limitation to limit the information sought to the relevant time period. The request also seeks BLG's trade secret information, including client list, as well private confidential financial information of BLG and Troy Brenes. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. LRA has not included any temporal limitation on the request and therefore it targets documents which preexist any agreement between BLG and LRA. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party.

      BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further willing to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

10. Documents relating to BLG's allegation in paragraph 12 of the Answer that "BLG attempted to repay the promissory notes in full in 2019."

**Response:** BLG will make responsive documents available for inspection. Additional responsive documents are likely solely in the possession of the LRA, LLG, and its agents.

11. Documents relating to BLG's allegation in paragraph 12 of the Answer that "Legal Recovery Associates LLC ("LRA") and Howard B. Berger ("Berger") knowingly and in bad faith prevented BLG from repaying the promissory notes. This bad faith conduct consisted of, inter alia, refusing to disclose the total amount owed, refusing to disclose the account information necessary for BLG to wire repayment funds, and by demanding terms be inserted into a payoff letter required by Defendants' new lender that had no relevance to the promissory notes or repayment thereof, but rather sought to force Defendants into improper concessions regarding a co-counsel relationship with a separate entity."

**Response:** BLG will make responsive documents available for inspection. Additional responsive documents are likely solely in the possession of the LRA, LLG, and its agents.

12. Documents relating to BLG's admissions in paragraph 17 of the Answer that it "did arrange a new line of credit with a third-party creditor."

**Response:** Objection. The request is unduly burdensome as it seeks the production of every communication BLG has ever had with California Attorney Lending II Inc over the last several years, which would require the production of substantial material that has no relevance to the claims or defenses in this case and is certainly not proportional to the needs of this case. LRA's need for relevant information is satisfied by confirmation the loan was taken, the date it was taken, and that the loan agreement required some portion of any fees BLG earned on cases to be used to repay the loan. These issues are not in dispute and can be easily confirmed without BLG incurring the substantial burden of having to collect and produce every document that in any conceivable way relates to BLG taking a loan with California Attorney Lending II Inc.

The request also seeks BLG's trade secret information, including client list, as well private confidential financial information of BLG and Troy Brenes. Additionally, California Attorney Lending II Inc., the entity with which BLG arranged a line of credit has indicated the loan document forms are covered by trade secret and should be shared with a competitor loan entity in the same field. Second, to the extent the request seeks productions of communications between BLG and LRA, it is unduly burdensome as it seeks the production of documents equally available to the requesting party. Subject to and without waiving these objections, BLG responds as follows:

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further willing to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

13.     Documents relating to BLG's affirmative defenses, including that Plaintiff has "unclean hands"; that Plaintiff breached its obligation under the promissory notes to allow BLG to prepay the promissory notes; that Plaintiff "failed to mitigate its damages by taking actions designed to prevent Defendants from being able to repay the debt"; that Plaintiff made "it an

impossibility for Defendants to perform"; that Plaintiff's claims are barred or limited by laches; or that Plaintiff acted in "bad faith."

**Response:** BLG will make responsive documents available for inspection. Additional responsive documents are likely solely in the possession of the LRA, LLG, and its agents.

14.     Documents, including all internal and external Communications, relating to BLG's alleged efforts to repay or prepay the Notes.

**Response:** BLG will make responsive documents available for inspection. Additional responsive documents are likely solely in the possession of the LRA, LLG, and its agents.

15. Documents relating to the allegations in the First Counterclaim that LRA breached its duty of good faith and fair dealing.

**Response:** BLG will make responsive documents available for inspection. Additional responsive documents are likely solely in the possession of the LRA, LLG, and its agents.

16. Documents, including internal and external Communications, relating to your calculation of the amounts due under the Notes.

**Response:** Objection. The request appears to call for the premature disclosure of expert opinion. The request also seeks information protected by the work production doctrine and attorney-client privilege to the extent it seeks the thoughts and impressions of BLG's counsel in preparation of this case and/or communications between BLG's counsel and other BLG employees for the purposes of seeking or preparing legal advice. Additionally, the request is unduly burdensome and not proportional to the extent it seeks to have BLG produce materials already in the requesting party's possession, e.g. the promissory notes and email communications between the parties. Subject to and without waiving these objections, BLG responds as follows:

BLG will make responsive materials available for inspection, including the communications between the parties.

17. Case lists, case status reports, collection reports, and other information provided or reported to any lenders about cases in which BLG is involved as counsel.

**Response:** Objection. The request is so overbroad in scope that it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of this case. First, LRA

has made no effort to limit the request temporally to the relevant time frame. Second, the request seeks information that is not relevant or necessary to the claims and defenses asserted in this case. LRA's need for relevant information is satisfied by confirmation the loan was taken, the date it was taken, and that the loan agreement required some portion of any fees BLG earned on cases to be used to repay the loan. These issues are not in dispute and can be easily confirmed without BLG incurring the substantial burden of having to collect and produce every document that in any conceivable way relates to BLG taking a loan with California Attorney Lending II Inc.

The request also seeks information that is trade secret and highlight confidential to BLG. Client list and referral sources are highly protected information that are derived through years of work, hold significant value, and are kept confidential. LRA is an entity that has established numerous law firms in the District of Columbia that compete in the same mass tort landscape as BLG. Disclosing BLG's trade secret client list and referral source would allow LRA through the multiple law firms it owns to substantially harm BLG's financial interest. This is of particular concern when LRA cannot identify why this information is necessary to claims and defenses in this case.

Additionally, this request seeks the disclosure of settlement information that is subject to confidentiality orders that BLG cannot violate. Subject to and without waiving these objections, BLG responds as follows:

BLG will make available for inspection communications between BLG and LRA regarding BLG's decision to establish a line of credit with a third party and/or to repay the at issue promissory notes. BLG will further make available for inspection communication between BLG and California Attorney Lending II Inc. regarding LRA required revision to the "pay-off" letter. BLG is further will to confirm the date BLG entered into a line of credit agreement with California Attorney Lending II Inc.

18. Documents you intend to use as proof or evidence at the trial of this action.

**Response:** BLG has not decided what documents it will use at trial. That decision will be made at

the appropriate time pursuant to the scheduling order.


Dated: May 25, 2023                                         BRENES LAW GROUP, P.C.



                                                By:  __/s/ Troy A. Brenes_____
                                                     Troy A. Brenes
                                                     100 Spectrum Center Dr., Ste. 330
                                                     Irvine, CA 92618
                                                     T: (949)-397-9360
                                                     F:  (949)-607-4192