October 23, 2023

Via ECF

Hon. Barbara Moses
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Legal Recovery Associates LLC v. Brenes Law Group, P.C.*, **22-CV-1778(ER)(BCM)**
        *Legal Recovery Associates LLC v. Brenes Law Group, P.C.*, 23-CV 2446(ER)(BCM)

### Status of Discovery

Dear Judge Moses:

### Status of Discovery

In anticipation of the discovery conferences scheduled for October 30, 2023, the parties, through their counsel, submit the following report, as required by the Court's order dated August 21, 2023 (ECF 64).

### I.    COMPLIANCE WITH THE COURT'S ORDER OF 10/13/23 (ECF 79)

#### A.    LRA's Position

BLG's written response to Plaintiff Second Production of Documents answers requests for specific documents with general references to BLG's entire production. BLG production, however, was not produced as kept in the usual course of business, organized and labeled to correspond to the categories in the request, or produced in the ESI format requested by Plaintiff. (See Fed. R. Civ. P. 34(b)(2)(E).

LRA does  not intend to file any other motion with respect to BLG's compliance with the order.

#### B.    BLG's Position

Plaintiff responded appropriately under the Federal Rules of Civil Procedure. Plaintiff's Second Production of Documents largely sought the production of documents already produced as to Plaintiff's much broader Request for Production, Set one. Defendant responded appropriately under Fed. R. Civ. P. 34 that all documents in its possession, custody or control had already been produced or were being produced as part of the supplemental production. Defendants' supplemental production consisted of 74 pages. Contrary to Plaintiff's unsupported claims, Defendants produced responsive documents as they were kept in the ordinary course of business as required by See Fed. R. Civ. P. 34(b)(2)(E). Defendant also agreed to stipulate that both parties designate responsive documents by bates number to each party's document requests to the extent Plaintiff felt that would be helpful.

## II. DEPOSITIONS

### A. LRA's Position

LRA reserves the right to depose one or both representatives of California Attorney Lending II, Inc., if permitted by the Western District of New York (1:23-MC-00020-LJV-MJR).

LRA does not intend to take any other party depositions.

BLG unilaterally suspended the Berger deposition over LRA's objection. BLG did so purportedly to bring a motion to the Court. But BLG's time to move expired on October 20, 2023, without having filed a motion. LRA, therefore, consider Berger's deposition closed.

### B. BLG's Position

Defendant contends discovery is complete.

While Defendant believes there were improper instructions not to answer questions during Mr. Berger's deposition, Defendant has decided not to seek to move to compel further testimony to avoid costs, time, and delay associated with a continued deposition.

## III. ATTORNEYS' FEES

### A. LRA's Position

LRA provided BLG with a statement of its attorneys' fees, as required under the October 23 order. BLG has by email disputed the claim. The parties intend to meet and confer over the issue. But if no agreement is reached, LRA will file its fee application on November 3,2023.

### A. BLG's Position

Plaintiff has demanded $10,383.00 in attorney fees, which is double what Plaintiff represented to the Court the amount would be. This includes billing for 24.5 hours of alleged work ranging from $620 and $350 an hour for attorney time and $155 an hour for paralegal time. Defendant has raised concerns over the reasonableness of the alleged time and rate. The parties have agreed to meet and confer.

## IV. PENDING MOTIONS

The only pending discovery motion is Plaintiff's letter motion dated October 18, 2023 (ECF 80).

## V. DISCOVERY CUTOFF DATE

### A. LRA's Position

The discovery cutoff date should be extended to November 30, 2023, assuming that will allow for the completion of discovery from California Attorney Lending II, Inc., and the resolution of the remaining issues between the parties as outlined above.

**B. BLG's Position**

Defendant opposes extending discovery indefinitely for "completion of discovery from California Attorney Lending II, Inc.

Plaintiff has filed two complaints against BLG relating to eight promissory notes taken by BLG from LRA. The crux of both complaints is that LRA was entitled to accelerate payment on the promissory notes by January 21, 2022 and February 24, 2023, respectively, and that Defendant the interest owed on the promissory notes after those dates escalates to 18% from 17.5%. Plaintiff alleges the acceleration is allowed because BLG had breached the promissory notes either by granting a security interest on Defendant's assets (attorney fees in future cases) or because Defendant paid fees obtained in product liability cases to the third-party lender instead of LRA as called for in the promissory notes. BLG has never disputed that it entered into a line of credit with a third-party lender in late October 2020 in which BLG granted the third-party lender a security interest on BLG's assets (attorney fees in future cases) or that the agreement required, and BLG did in fact, make repayment to the third-party lender from the attorney fees it earned in its product liability cases prior to January 21, 2022. Rather, BLG alleges that LRA breached the promissory notes by preventing Defendant from repaying the loans in late 2020 and early 2021. As these underlying facts alleged by Plaintiff supporting its theory of breach are not disputed and ample evidence has been produced regarding these issues, including the loan agreement and closing statement, Defendant does not agree there is need to delay resolution of this case to allow for deposition of California Attorney Lending II, Inc.

That being said, Defendant does not oppose limited extensions if Plaintiff identifies newly disclosed information that has raised the need to obtain deposition testimony or documents productions not previously anticipated.

Dated: October 23, 2023

/s/ Andrew T. Solomon
_____
Andrew T. Solomon

_____
Troy A. Brenes