October 23, 2023

**Via ECF**

Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re: *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778-ER-BMC

Dear Judge Moses:

Please take notice that Defendants Brenes Law Group, P.C. (BLG) and Troy Brenes (Brenes) offer this letter-brief in response to Legal Recovery Associates, LLC's (LRA) letter-motion dated October 18, 2023 (ECF Dkt. No. 80).

Defendants note several preliminary matters. First, Defendants' planned motion to compel relates to a request for production propounded to BLG, yet Plaintiff improperly indicates it is seeking to compel further responses to the discovery request from Brenes. Second, Plaintiff's discovery requests are far broader than what it now seeks. Defendants will respond to what LRA now indicates it is actually seeking.

**I.      Relevant Authority**

Rule 26 of the Federal Rules of Civil Procedure defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'") (internal citation omitted). *Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015). As Chief Justice Roberts wrote soon after the 2015 Amendments, "the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery."[1] Furthermore, several District Courts have held proportionality is often a question of "whether discovery production has reached a point of diminishing returns," and about the "marginal utility" of additional discovery once the core discovery in the case has been completed. See, e.g., *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *13 (S.D.N.Y. Feb. 16, 2016)(internal quotation omitted).

**II.     Plaintiff's Demand For All BLG Bank Statements and "Related Records" From July 2020 through April 2023 Should Be Denied As the Request Seeks Information Not Relevant To Claims or Defenses, And Is Not Proportional to the Needs of the Case**

    **a.  Evidence Of Breach**

---

[1] 2015 Year-End Report on the Federal Judiciary, p. 7 (https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.)

Plaintiff has not established that the requested information is relevant to its claims of breach because Plaintiff has not established that the underlying facts it claims it needs this information to prove are disputed in this case. Plaintiff has filed two complaints against BLG relating to eight promissory notes taken by BLG from LRA. The crux of both complaints is that LRA was entitled to accelerate payment on the promissory notes by January 21, 2022 and February 24, 2023, respectively, and that the interest owed on the promissory notes after those dates escalates to 18% from 17.5%.[2] Plaintiff alleges the acceleration is allowed because BLG had breached the promissory notes either by granting a security interest on Defendant's assets (attorney fees in future cases) or because Defendant paid fees obtained in product liability cases to the third-party lender instead of LRA as called for in the promissory notes. BLG has never disputed that it entered a line of credit with a third-party lender in late October 2020 in which BLG granted the third-party lender a security interest on BLG's assets (attorney fees in future cases) or that the agreement required, and BLG did in fact, make repayment to the third-party lender from the attorney fees it earned in its product liability cases prior to January 21, 2022. Rather, BLG alleges that LRA breached the promissory notes by preventing Defendant from repaying the loans in late 2020 and early 2021.

Even assuming proof of the alleged underlying facts were relevant, Plaintiff's demand for all banking statements and "related records" relating to any financial transaction engaged in by BLG from 2020 through 2023 is not proportional to the needs of this case. First, as noted above, the underlying facts Plaintiff alleges it needs this information to prove are not disputed. Second, Defendant has already produced the underlying loan agreement and closing statement regarding the loan agreement between BLG and the third party. Third, Plaintiff's claim is that it was entitled to accelerate repayment by January 21, 2022 and February 24, 2023, respectively, and that it should be entitled to the default interest rate after payment was not made once the request for acceleration was made. Therefore, Plaintiff's suggestion that it needs to know the exact date of every occasion BLG paid fees earned on product liability cases to the third-party loan provider is not accurate. Under Plaintiff's theory, it just needs to prove that prior to January 21, 2022 that at least one event occurred which it alleges triggered the right to accelerate the loan. Fourth, gathering all bank records and "related records" will require substantial time. This will require BLG to search all financial records it has ever created or had access to. This will likely consist of thousands of pages of responsive documents and will likely take well in excess of a dozen hours. Therefore, Plaintiff's demand has reached the point of diminishing returns and offers marginal utility at best.

### b. Relevance to Personal Guarantee

Plaintiff has not met burden of establishing how the BLG's bank statements and related records are relevant to any disputed fact regarding the personal guarantee. Plaintiff's only apparent stated basis in its first complaint for why the personal guarantee was triggered is the fact that BLG granted a security interest in BLG's future attorney fees on cases to a third party

---

[2] See, Case No. 1:22-cv-01778-ER-BCM at ECF Dkt. No. 1 ¶¶ 19-20, 21-25 (Plaintiff's First Complaint); Case No. 1:23-cv-02446-ER at Dkt. ¶¶ 20-21, 32.

lender and/or had paid fees it earned on cases to a third party lender by January 21, 2022.[3] As noted above, Defendant has never disputed those underlying facts. Further, for the same reasons noted above, the demand for all banking statement and related records from 2020 through 2023 are also not proportional to the needs of the case.

### c. Relevance to BLG's Defenses

Lastly, Plaintiff argues in a conclusory fashion that all such banking records are relevant to proving several purely speculative and unexplained claims. First, Plaintiff argues it needs these banking records to prove BLG already possessed LRA's wiring instructions. However, this claim is pure speculation, and Plaintiff offers no explanation for how BLG's banking records could possibly show this. Defendant has checked its banking records regarding wires received by LRA, and they do not show LRA's wiring information as speculated by the Plaintiff. Second, Plaintiff speculates the banking records would show BLG had the ability to repay LRA but chose not to do so. Again, this claim is based on pure speculation and does not explain why this would require three years of banking records. The claim also ignores the loan agreement and document productions made by Defendant evidencing the funds Defendant set aside with the third-party lender to account for the estimated amount owed to LRA. In order to establish the necessary relevance element, a party must do more than offer mere speculation or conjecture. *See Surles v. Air France*, No. 00 CIV 5004, 2001 WL 815522, at *4 (S.D.N.Y. July 19, 2001), aff'd, No., 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2001) ("discovery requests [can]not be based on pure speculation or conjecture. Indeed, "courts faced with such requests [ ] routinely decline to authorize fishing expeditions." *Id.* at *4.

### III. <u>Plaintiff's Demand for All "Cal Lending Loan Statements" Should Be Denied as It Seeks Information Not Relevant to the Claims or Defenses, and Is Not Proportional to the Needs of the Case</u>

Plaintiff argues that it should be entitled to all "Cal Lending Loan Statements" because Plaintiff speculates it will explain an alleged mystery of why BLG did not repay the loans to LRA once LRA finally disclosed the wiring instructions and payment amount to BLG. LRA speculates these documents would somehow suggest an ulterior motive for not repaying the debt owed to LRA. However, these arguments are nothing more than speculation in order to justify a fishing expedition. *See Surles v. Air France*, No. 00 CIV 5004, 2001 WL 815522, at *4 (S.D.N.Y. July 19, 2001), aff'd, No., 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2001) ("discovery requests [can]not be based on pure speculation or conjecture). First, Plaintiff offers no explanation to explain how these documents would show some ulterior motive or what that ulterior motive could be. Second, contrary to Plaintiff's claims, Defendant had been trying to repay the debts since July 2020. Plaintiff intentionally interfered with Defendant's ability to do so until January 2021 and then demanded that Defendant repay all interest that accrued while Plaintiff had prevented Defendant from repaying the loans. Plaintiff knew that Defendant could

---

[3] Plaintiff appears to be relying on paragraph (1)(b)(x) of the personal guarantee. See, ECF Dkt. No.1-1 at Ex. C.

not use the funds from its third-party creditor to repay the debt while there was a dispute as to what was owed.

As with the bank statements and related records, Plaintiff argues it needs all Cal Lending loan statements to prove the precise date BLG received payment on any product liability cases. However, there is no explanation for why Defendant would need such information. Plaintiff's claims in this matter are that that LRA was entitled to accelerate payment on the promissory notes by January 21, 2022 and February 24, 2023, respectively, and that the interest owed on the promissory notes after those dates escalated from 17.5%. to 18%. Plaintiff alleges the acceleration was allowed because BLG had breached the promissory notes at this point in time either by granting a security interest on Defendant's assets (attorney fees in future cases) or because Defendant paid fees obtained in product liability cases to the third-party lender instead of LRA as called for in the promissory notes. Under Plaintiff's claims, the exact date these events occurred is not relevant so long as they occurred before LRA claims the acceleration was allowed - January 21, 2022 and February 24, 2023. As discussed above, Defendant has never disputed that it granted a security interest to the third-party lender and paid fees to the third-party lender before these dates. As such, the exact date of when BLG received payments on product liability cases after October 2020 that it paid to the third-party lender is not relevant to claims in this case.

While these materials will not be as voluminous as the all banking statements and related records, Defendant will still have to spend substantial time searching all hard files and electronic materials for responsive information and preparing all such materials for production. Moreover, these materials do not go to disputed facts in the case, are not relevant or necessary to claims or defenses in the case, and ample evidence regarding the facts Plaintiff does need to prove have already been produced. As such, Defendants contends these materials are not proportional to the needs of the case.

### IV.    Conclusion

Defendants respectfully requests that Plaintiff's proposed motion to compel be denied.

Respectfully,

/s/ Troy Brenes
Troy A. Brenes

cc: Andrew Solomon (via ECF)