UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

            Plaintiff,

  -against-

BRENES LAW GROUP, P.C. et al.,

            Defendants.
------------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

            Plaintiff,

  -against-

BRENES LAW GROUP, P.C.,

            Defendant.
------------------------------------------------------------x
CONSOLIDATED CASES
------------------------------------------------------------x

22-cv-1778 (ER)(BCM)

23-cv-2446 (ER)(BCM)

## **DECLARATION OF ANDREW T. SOLOMON**

Andrew T. Solomon, pursuant to 28 U.S.C. § 1746, declares:

    1.    I am counsel to the plaintiff Legal Recovery Associates, LLC (LRA) in the above-captioned consolidated cases. I make this declaration, based on personal knowledge, in support of LRA's motion for attorneys' fees in accordance with Magistrate Judge Moses's October 13, 2023 Order (ECF 79).

    2.    Attached hereto as Exhibits A-B are true and correct copies of invoices rendered by my firm, Solomon Cramer & Summit LLP (SC&S), to LRA for time and expenses during the period when the motions to compel were briefed and argued. A summary of these invoices are as follows:

3. LRA seeks to recover its attorneys' fees and expenses relating to the following events:

    a. Motion 1: Letter Motion dated September 26, 2023 (ECF 68), regarding the failure to provide damages calculation in initial disclosures, and Reply Letter dated October 12, 2023 (ECF 77).

    b. Motion 2: Letter Motion, dated September 29, 2023 (ECF 69), regarding the failure to respond to LRA's second request for production, and Reply Letter, dated October 12, 2023 (ECF 78).

    c. Oral argument on both motions on October 13, 2023

4. SC&S billed LRA $11,669.50 for the preparation of the two motions to compel, meeting and conferring, and oral argument on the motions. All amounts billed in September (and previously at these rates) have been paid. The time and expenses in October, however, were just invoiced and have not been paid as of today.

5. Three timekeepers worked on the two motions to compel and for sanctions: Andrew T. Solomon (13.4 hours), Jennifer G. Cramer (1.5 hours), and a paralegal (10 hours). Ms. Cramer and I are the cofounding partners of Solomon Cramer & Summit LLP and bill at standard hourly rates of $620 and $350 per hour, respectively. The paralegal's hourly rate is $155 per hour. The following is a summary of their qualifications:

    a. I graduated from Columbia University Law School in 1995. He is admitted to practice law in New York and New Jersey and numerous federal courts. I have been practicing as a commercial litigator in New York City continuously since graduation from law school. I was the founder and managing partner of Solomon Cramer & Summit LLP (formerly known as

    Solomon & Cramer LLP). Before founding the firm, I was a litigation partner and practice group leader at Sullivan & Worcester LLP. I am actively involved in the NY City Bar Association (on the State Court Committee) and serve as a moot court judge at Columbia Law School.

  b. Ms. Cramer graduated from the University of Pennsylvania Law School in 1992. She is admitted to practice in New York and Illinois. After graduation, and for several years, Cramer worked for several national law firms and a Boston boutique firm. In 2000, she stopped practicing law to raise her family. During that time, however, she remained active in the law, working as a legal writing consultant and Adjunct Professor of Legal Writing at Loyola University Law School. In 2017, she returned to the practice of law to start a law firm with Mr. Solomon and has been practicing commercial litigation continuously since then.

  c. My firm's paralegal works on a contract basis for the firm. He has been working as a New York paralegal and managing clerk (with me) since 2001. Although he has the title of "paralegal," he provides valuable substantive support editing court papers and conferring on the arguments and strategy.

6. The following chart summarizes the hours spent and time value billed for each of the three timekeepers:

| Professional | Rate | Hours | Time Value |
|---|---|---|---|
| Andrew T Solomon | $620 | 15.6 | $9,672.00 |
| Jennifer Cramer | $350 | 1.5 | $525.00 |
| Contract Paralegal | $155 | 9.5 | $1,472.50 |
| | Total | 26.6 | $11,669.50 |

7. The individual time entries supporting these charges are shown on Exhibits A-B. They are also excerpted in chart form as Exhibit C.

8. In accordance with the Court's instructions, I have met and conferred with counsel several times, including at the last discovery conference. Counsel asked me to send him additional case information. Most recently, I emailed Mr. Brenes on October 27, explaining the work and requesting fees of $10,383 (I undercounted a few time entries). On October 30, I emailed case support for my firm's rates to Mr. Brenes. On November 1, I emailed Mr. Brenes asking if he had given any more thought to the fee demand. Having not heard back, on November 2, 2023, I followed up again by email. Finally, this morning, I emailed Mr. Brenes to alert him to the fact that LRA was left with no choice but to file the motion, which at that point was fully drafted (thus adding additional costs). In response, Mr. Brenes accused me of excessive billing, claimed the issues were simplistic, criticized the firm's paralegal, and made an insufficient counteroffer, which I rejected.

9. In addition to the fees described above, I worked on the fee motion for 1.7 hours during October 2023, for which I billed the client an additional $1,054. On November 1, 2023, I spent 0.7 hours working on the motion ($434). On November 2, 2023, I spent 1.1 hours working on the motion and writing this declaration ($682). On November 3, 2023, I spent an additional hour ($620) on this fee motion. The November total as of today is $1,736. Combined with October billings on this motion, the "fees on fees" component is $2,790 (Oct-$1,054 plus Nov-$1736). This excludes paralegal time and any work on a reply.

4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 3, 2023.

                                                 /s/Andrew T. Solomon
                                                 Andrew T. Solomon