UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,          22-cv-1778 (ER)(BCM)

        Plaintiff,

  -against-

BRENES LAW GROUP, P.C. et al.,

        Defendants.
------------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

        Plaintiff,                    23-cv-2446 (ER)(BCM)

  -against-

BRENES LAW GROUP, P.C.,

        Defendant.
------------------------------------------------------------x
CONSOLIDATED CASES
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
SOLOMON CRAMER & SUMMIT LLP'S ATTORNEY FEE APPLICATION**

Solomon Cramer & Summit LLP, counsel for plaintiff Legal Recovery Associates, LLC in the captioned matter, respectfully submits this memorandum of law in support of its application for attorneys' fees in accordance with Magistrate Judge Moses's October 13, 2023 Order (ECF 79).

    A.    **Summary of Argument**

LRA seeks an award of $11,669.50 in fees and expenses incurred in connection with two letter motions it filed to compel Defendants' compliance with their discovery obligations,

together with $2,790 for the fees incurred in preparing this fee application in accordance with the Court's Order.[1]

## B. Attorneys' Fees in the Southern District of New York Under Rule 37

Fed. R. Civ. P. 37 authorizes a District Court to order the party that has failed to comply with discovery rules, the attorney advising the party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

In accordance with that rule, this Court awarded Plaintiff its "reasonable expenses, including attorneys' fees, including in making and litigating the motions at Dkts. 68-69." ECF 79. The parties were unable to reach an agreement as to the amount.

The standards for awarding attorneys' fees under Fed. R. Civ. P. 37 are familiar to this Court. "A district court has discretion to determine a reasonable hourly rate based on considerations such as the complexity of the case, the prevailing rates in similar cases in the district, and the quality of representation." *Pasini v. Godiva Chocolatier, Inc.*, 764 F. App'x 94, 95 (2d Cir. 2019) (summary order) (*citing Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012)). In making this assessment, the Court may consider "its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (*quoting DiFilippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985))

The fee applicant has the burden to "document[ ] the appropriate hours expended and hourly rates." *Dancy v. McGinley*, 141 F. Supp. 3d 231, 235 (S.D.N.Y. 2015) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). And it must be done by submitting of contemporaneous

---

[1] The fees on this motion will increase once the motion is completed. Plaintiff will supplement with its reply filing.

2

time records. *Doe 1 v. E. Side Club, LLC.*, No. 18 CIV. 11324 (KPF), 2023 WL 4174141, at *5 (S.D.N.Y. June 23, 2023). In evaluating the number of hours consumed, the Court should determine "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

Ultimately, "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

According to a 2019 commercial litigation case, "Courts in this District have determined that hourly rates ranging from $250 to $1,260 per hour, for attorneys' work on a commercial litigation matter, were reasonable." *Tessemae's LLC v. Atlantis Cap. LLC*, No. 18-CV-4902 (KHP), 2019 WL 2635956, at *4 (S.D.N.Y. June 27, 2019). Recent decisions are in accord. *See, e.g., Wang v. Shun Lee Palace Rest., Inc.*, No. 17-CV-840 (VSB), 2023 WL 5022758, at *3 (S.D.N.Y. July 24, 2023) ($635 for partner reasonable); *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, No. 04CIV3531LTSSLC, 2020 WL 91504, at *5 (S.D.N.Y. Jan. 8, 2020) (approving partner rates of $810 per hour and $725 per hour; and paralegal rates of $205.42, $141.35, and $181.41 per hour); *Glob. Brand Holdings, LLC v. Accessories Direct Int'l USA, Inc.*, No. 17CIV7137LAKSLC, 2020 WL 9762874, at *7 (S.D.N.Y. May 29, 2020) (approving partner rates between $375 to $650 per hour), *report and recommendation adopted,* No. 17-CV-7137 (LAK), 2020 WL 13823745 (S.D.N.Y. Aug. 4, 2020).

In the years since, the range has surely moved up. In fact, counsel for Plaintiff, Mr. Solomon, was recently involved in a lawsuit in the Southern District of New York in which the law firm of Boies Schiller & Flexner LLP (BSF) represented the plaintiffs. Mr. Solomon's clients

were dismissed from the case,[2] but before his involvement, there were discovery violations that lead to the Court award BSF its attorneys' fees. One of the associates, Daniel Boyle, who graduated from Columbia Law School 18 years after Mr. Solomon (in 2013) had an approved hourly rate of $660 per hour (in 2017). *City of Almaty, Kazakhstan v. Ablyazov*, No. 15CV5345JGKKHP, 2022 WL 1406248 (S.D.N.Y. May 4, 2022). Another party in that case, which was represented by Blank Rome LLP, also received an award of attorneys' fees. The Court approved a Blank Rome associate's 2016 hourly rate of $625 and partner rates at $745 and $950 per hour. *City of Almaty, Kazakhstan v. Ablyazov,* No. 15CV05345AJNKHP, 2020 WL 5440553 (S.D.N.Y. Sept. 10, 2020).

This Court also recently approved hourly rates of $850 for a managing law firm partner (in Seattle) and $200 per hour for a paralegal. *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, No. 17CV4576GHWBCM, 2023 WL 2870484, at *5 (S.D.N.Y. Apr. 10, 2023).

### C.     Plaintiff's Law Firm Rates are Reasonable

The hourly rates at Solomon Cramer & Summit LLP are at the low end of industry rates in the Southern District of New York. SC&S had three timekeepers working on the two motions to compel: Andrew T. Solomon, Jennifer G. Cramer, and a contract paralegal (who perform paralegal, managing clerk, and substantive support). Mr. Solomon and Ms. Cramer are the cofounding partners of Solomon Cramer & Summit LLP and bill at standard hourly rates of $620 and $350 per hour, respectively. The paralegal's hourly rate is $155 per hour. *See* Declaration of Andrew T. Solomon dated November 3, 2023 ("Solomon Decl.") at ¶ 5.

---

[2] Mr. Solomon represented Ilyas and Viktor Khrapunov. The claims against both were dismissed. *City of Almaty, Kazakhstan v. Ablyazov*, No. 15CV05345AJNKHP, 2020 WL 5440553 (S.D.N.Y. Sept. 10, 2020); City of Almaty, Kazakhstan v. Ablyazov, No. 15-CV-5345 (AJN), 2019 WL 4747654 (S.D.N.Y. Sept. 30, 2019).

Mr. Solomon graduated from Columbia University Law School in 1995. He is admitted to practice law in New York and New Jersey and numerous federal courts. Mr. Solomon has been practicing as a commercial litigator in New York City continuously since graduation from law school. He was the founder and managing partner of Solomon Cramer & Summit LLP. Before founding the firm, he was a litigation partner and practice group leader at Sullivan & Worcester LLP. He is actively involved in the NY City Bar Association (on the State Court Committee) and serves as a moot court judge at Columbia Law School. *Id.*

Ms. Cramer graduated from the University of Pennsylvania Law School in 1992. She is admitted to practice in New York and Illinois. After graduation, and for several years, Cramer worked for several national law firms and a Boston boutique firm. In 2000, she stopped practicing law to raise her family. But during that time, she worked as a legal writing consultant and Adjunct Professor of Legal Writing at Loyola University Law School. In 2017, she returned to the practice of law to start a law firm with Mr. Solomon and has been practicing commercial litigation continuously since then. *Id.*

Solomon Cramer & Summit LLP's paralegal works on a contract basis for the firm. He has been working as a New York paralegal and managing clerk (with Mr. Solomon) since 2001. *Id.*

The hourly rates for the attorneys and the paralegal involved in this matter are well within the range of reasonableness for commercial cases in New York City.

D.   **The Time Spent on the Two Motions is Reasonable**

The two motions required LRA's counsel to (a) meet and confer, (b) draft the two moving letters (ECF 68 and ECF 69), (c) analyze Brenes Law's opposition, (d) draft two reply letters (ECF 77 and 78), and (e) prepare for and attend the argument on the motion. Mr. Solomon was the primary attorney involved in all these tasks and spent 13.4 hours in total ($8,308). Ms.

5

Cramer proofread and quality-controlled the letters before filing. She spent 1.5 hours ($525). SC&S's paralegal was involved in all aspects of the motions, including editing the letters, validating the cases, checking the citations, preparing, and formatting exhibits, and efiling. In total, SC&S's paralegal spent 9.5 hours on both letters ($1,472.50).

The following chart summarizes the time spent by each timekeeper:

| Professional | Rate | Hours | Time Value |
|---|---|---|---|
| Andrew T Solomon | $620 | 15.6 | $9,672.00 |
| Jennifer Cramer | $350 | 1.5 | $525.00 |
| Contract Paralegal | $155 | 9.5 | $1,472.50 |
| Total | | 26.6 | $11,669.50 |

Solomon Decl. ¶ 7 and Exhibits A-C.

To be sure, the discovery issues were not overly complex. But the letters took time to research, draft, and proof. There were four letters in all. Each was about 2.5 pages. The length of each letter does not, however, necessarily dictate the amount of time it took to prepare them. As Mark Twain famously remarked: ""I didn't have time to write a short letter, so I wrote a long one instead.[3] *Accord* Blaise Pascal ("I have only made this letter longer because I have not had the time to make it shorter.")[4]

Finally, the motions were necessary and Plaintiff was successful (ECF 79).

E.     **Fees on Fees**

In general, "attorneys' fees for the preparation of [ ] fee application[s] are compensable[.]" *Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1183 (2d Cir. 1996). Mr. Solomon worked on the fee motion for 1.7 hours during October 2023, for which he billed the client an

---

[3] https://www.goodreads.com/quotes/21422-i-didn-t-have-time-to-write-a-short-letter-so (last visited 10/27/23)
[4] https://intenseminimalism.com/2010/if-i-had-more-time-i-would-have-written-a-shorter-letter/#:~:text=%E2%80%9CI%20have%20only%20made%20this,David%20Thoreau%2C%20writer%20and%20philosopher. (last visited 10/27/23).

additional $1,054.  On November 1, 2023, he spent .7 hours working on the motion ($434). On November 2, 2023, he spent .9 hours working on the motion and writing this declaration ($558). On November 3, 2023, he spent an additional 1 hour ($620) on this fee motion. The October through November 3, 2023 total is $2,790, subject to additional time for the reply and the filing.

F. <u>Conclusion</u>

For the reasons set forth above and in in accordance with Magistrate Judge Moses's October 13, 2013 Order (ECF 79), the Court should award LRA its reasonable attorneys' fees in the amount of $11,669.50, together with fees for the preparation of the present motion in the amount of $2,790, subject to adjustments.

Dated: New York, New York
       November 3, 2023

SOLOMON CRAMER & SUMMIT LLP
*Attorneys for Plaintiff*

By:  /s/Andrew T. Solomon
     Andrew T. Solomon
     asolomon@solomoncramer.com

25 West 39th Street, 7th Floor
New York, New York 10018
(212) 884-9102