UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEGAL RECOVERY ASSOCIATES LLC

    *Plaintiff,*

    -against-

BRENES LAW GROUP, P.C. AND TROY A. BRENES
    *Defendants,*

22-cv-2446 (ER)(BCM)

LEGAL RECOVERY ASSOCIATES LLC

    *Plaintiff,*

    -against-

BRENES LAW GROUP, P.C
    *Defendants*

23-cv-2446(ER)(BCM)

**DEFENDANTS' RESPONSE IN OPPOSITION TO LEGAL RECOVERY ASSOCIATES, LLC'S FEE APPLICATION**

Brenes Law Group, P.C. and Troy Brenes, Defendants, hereby Respond in opposition to Plaintiff's Fee Application (ECF Dkt. 88).

**I.**     **INTRODUCTION**

On October 13, 2023, the Court awarded Plaintiff sanctions regarding ECF letter motions at ECF Dkts. 68 and 69. At the hearing, Plaintiff's counsel assured the court that the requested attorney fees would be around $5,000.00. Plaintiff's counsel then demanded $11,669.50 in attorney fees solely related to bringing the two motions at ECF Dkts. 68 and 69. Plaintiff claims

it required 26.6 hours to bring these motions, including 15.6 hours by Mr. Solomon at a rate of $620, 9.5 hours by an unidentified "contract paralegal" at a rate of $155, and 1.5 hours by Jennifer Cramer at a rate of $325. Plaintiff claims these three individuals spent 21.8 hours drafting and editing Plaintiff's four submitted letters. This includes the claim that the contract paralegal spent 9.5 hours reviewing and editing these letters. Defendant contends the number of alleged hours and hourly rates by Mr. Solomon and the contract paralegal are neither adequately supported nor reasonable. Defendant offered to $7,500 as a reasonable amount for fees. Plaintiff was unwilling to reduce the alleged hours, rates, or overall demand in any way. Defendant Requests Plaintiff's fee award be limited to $7,500.

## II. <u>ARGUMENT</u>

### a. Legal Standard For Calculating Attorney Fees

In *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cty. of Albany*, 522 F.3d 182 (2d Cir. 2008), the Second Circuit articulated the method for calculating reasonable attorney's fees: a reasonable hourly rate multiplied by a reasonable number of hours expended on the work constitutes the "presumptively reasonable fee," also known as the "lodestar." *Kreisler v. Second Avenue Diner Corp.*, No. 10 Civ. 7592 (RJS), 2013 U.S. Dist. LEXIS 110652, 2013 WL 3965247, at *1 (S.D.N.Y. July 31, 2013). A court using the lodestar method sets the lodestar, then considers "whether, in light of variables such as the difficulty of the case, it should adjust the lodestar before settling on the reasonable fee." *Arbor Hill*, 522 F.3d at 187.

To aid in the court's analysis, a fee application should be supported by "contemporaneous time records" relaying the rates charged and hours worked by each attorney. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983). The attorneys "should maintain billing time records in a manner that will enable a reviewing court to identify distinct

claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); see *Themis Capital v. Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE), 2014 U.S. Dist. LEXIS 124208, 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014) (reducing hours by twenty percent for "impermissibly broad" block billing). A court should look at the "nature of the legal matter and context of the fee award in considering the reasonable rate and reasonable time spent on the matter." *Tessemae's LLC v. Atlantis Capital LLC*, No. 18 Civ. 4902 (KHP), 2019 U.S. Dist. LEXIS 108020, 2019 WL 2635956, at *3 (S.D.N.Y. June 27, 2019).

To determine the hourly rate, a court considers "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011) (internal citation omitted). In addition, the Second Circuit has a "forum rule" requiring the use of "hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* at 289 (internal citation omitted). The court's determination of the reasonable hourly rate is aided by the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." The court may adjust base hourly rates to account for case specific variables such as the complexity of the issues and attorneys' experiences. *See MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kowancki LLC*, No. 16 Civ. 8103 (LGS), 2017 U.S. Dist. LEXIS 49540, 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017) (adjusting fees based on case specific matters).

With respect to the reasonableness of the partner rate requested, other courts in this district awarding attorneys' fees in straightforward breach of contract actions have found partner rates in the range of $375 to $650 to be reasonable depending on the qualifications of the partner

3

and complexity of the case, *See, e.g., Patsy's Brand, Inc. v. I.O.B. Realty*, Inc., No. 99-CV-10175 (KMW), 2022 U.S. Dist. LEXIS 64255 at * *Glob. Brand Holdings, LLC v. Accessories Direct Int'l USA, Inc.*, No. 17CIV7137LAKSLC, 2020 U.S. Dist. LEXIS 95769 at **20-21, *report and recommendation adopted*, No. 17-CV07137 (LAK) 21 (Holding billing rates of $375, $475, and $525 for partners to be reasonable in contract dispute case); *Euro Pacific Capital, Inc. v. Bohai Pharm Grp. Inc.*, No. 15 Civ. 4410 (VM) (JLC), 2018 U.S. Dist. LEXIS 39135, 2018 WL 1229842, at *8 (finding hourly rate of $375 for partner reasonable*); Carlton Group, Ltd. v. Par-La-Ville Hotels & Residences Ltd.*, No. 14 Civ. 10139 (ALC), 2016 U.S. Dist. LEXIS 86011, 2016 WL 3659922, at *3 (S.D.N.Y. June 30, 2016) (collecting cases finding $450 to be a reasonable hourly rate for experienced partners and senior attorneys practicing in this district); *Tabatznik v. Turner*, No. 14 Civ. 8135 (JFK), 2016 U.S. Dist. LEXIS 42972, 2016 WL 1267792, at *11-12 (S.D.N.Y. Mar. 30, 2016) (adjusting partner hourly rate to $650 in contested action to enforce promissory note); *615 Bldg. Co., LLC v. Rudnick,* No. 13 Civ. 215 (GBD) (RLE), 2015 U.S. Dist. LEXIS 100517, 2015 WL 4605655, at *3 (S.D.N.Y. July 31, 2015) (approving partner hourly rates of $316 to $475 as in the "mid-range" of acceptable billing rates in this district); *Nautilus Neurosciences, Inc. v. Fares*, No. 13 Civ. 1078 (SAS), 2014 U.S. Dist. LEXIS 52850, 2014 WL 1492481, at *3 (S.D.N.Y. Apr. 16, 2014) (finding hourly rate of $603 for partner reasonable in action to enforce promissory note). Plaintiff reliance on *Tessemae's LLC v. Atlantis Cap. LLC,* 2019 U.S. Dist. LEXIS 108020 for reasonable awards being as high as $1,260 is misplaced, as the *Tessemae's* case determined the reasonable attorney award to be $475 per hour. *Tessemae's LLC v. Atlantis Cap. LLC,* 2019 U.S. Dist. LEXIS 108020 at **10-11. Moreover, while *Tessemae's* did note that some cases that have found awards as high as $1,260 to be reasonable, the awards in those cases were by partners in big

4

firms and involved complex cases and issues. See e.g., *Vista Outdoor, Inc. v. Reeves Family Trust*, No. 16 Civ. 5766, 2018 U.S. Dist. LEXIS 102224 at **15-16 (S.D.N.Y May 24, 2018).

To determine the reasonable number of hours worked, the court should strike a balance "between principles of thoroughness and efficiency." *LCS Grp. LLC v. Shire LLC*, 383 F. Supp. 3d 274, 280 (S.D.N.Y. 2019). The court must examine the amount of time spent on each task and decide "how much of that time was reasonably expended given the scope and complexity of the litigation." *Pichardo v. C.R. Bard, Inc.,* No. 09 Civ. 7653 (SHS), 2015 U.S. Dist. LEXIS 10722, 2015 WL 13784565, at *4 (S.D.N.Y. Jan. 26, 2015) (internal citation omitted). The court can rely on "its own familiarity with the case, as well as its experience with the parties' evidentiary submissions and arguments." *Kreisler*, 2013 U.S. Dist. LEXIS 110652, 2013 WL 3965247, at *3.

The court may reduce the hours spent on the litigation to exclude excessive, redundant, or otherwise unnecessary time. *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir. 1998); *see MSC Mediterranean Shipping Co. Holding S.A.*, 2017 U.S. Dist. LEXIS 49540, 2017 WL 1194372, at *3 (reducing fee for an unopposed motion for default judgment in a breach of contract case; excluding a senior partner's time because "the matter did not warrant the involvement of two senior partners"; and cutting paralegal's time in half); *see also Pichardo*, 2015 U.S. Dist. LEXIS 10722, 2015 WL 13784565, at *7 (reducing attorneys' hours by forty percent because the recorded time addressed only one relevant issue).

    b. **Application**

        i. <u>Reasonable Rate</u>

Defendant contends that the rates claimed by Mr. Solomon ($620) and the unidentified "contract paralegal" ($155) are not reasonable. In respect to Mr. Solomon, the at issue letter

motions on which the sanctions motion was based, were factually and legally simple. Second, the cases indicate reasonable rates for partners in breach of contract cases should be between $375 and $650. Mr. Solomon represents he should be compensated at the top of this range, but he does not adequately justify this claim. He admits these were not complex matters. Moreover, there is no claim that Mr. Solomon works in big law, nor any indication as to the number of trials Mr. Solomon has had, whether he had clerked for any judges, or whether he has obtained any significant verdicts. Defendant suggests a partner rate falling somewhere in the middle of the average $375 to $650 rate.

Plaintiff has not adequately supported the alleged $155 paralegal rate for the unidentified contract paralegal time for several reasons. First, Plaintiff refuses to identify the paralegal or offer any explanation of his or her education, training, certifications, or experience. As a result, Defendant has no way to determine who the "contract paralegal" is and whether they have adequate skill, training, and certifications to justify the claimed hourly rate. Second, the hourly rates awarded for paralegals time is typically $100 to $150 in this District. See, *Perez Garcia v. Hirakegoma Inc.*, No. 17 Civ. 7608 (SLC), 2020 U.S. Dist. LEXIS 40637, 2020 WL 1130765, at *12 (S.D.N.Y. Mar. 9, 2020) (collecting cases). Given the failure to identify the contract paralegal or offer any information about his or her education or training, the maximum allowed rate, if any, should be $100 an hour.

    ii. <u>Reasonable Number of Hours</u>

Plaintiff's alleged hours are not reasonable given the scope and complexity of the issues raised in ECF 68 and 69. Plaintiff's filing at ECF 68 is three-page letter to Court requesting a discovery conference because Defendants had not met its obligations to disclose a damages computation under Rule 26.  ECF 77 is Plaintiff's three-page Reply to Defendants' response.

Plaintiff's filing at ECF 69 is Plaintiff's three-page letter requesting a discovery conference regarding untimely responses by Defendant to a request for production. Defendant had indicated electronic served of the requests had been missed while defense counsel was out sick with Covid and that responses would be served within two weeks. Plaintiff argued it should not have to wait two weeks for responses and requested a discovery conference. Defendant served discovery responses within two weeks as indicated and prior to the hearing. ECF 78 is Plaintiff's 2-page Reply to Plaintiff's Response. Both issues were addressed at a discovery conference on October 13, 2023. The issues addressed in these letters to the court were not legally or factually complex, and the letters themselves were short and contained minimal legal analysis. Yet, Plaintiff contends it required 17.1 hours of attorney time and 9.5 hours of paralegal time to prepare these letters, review Defendants' responses, and appear for the telephonic hearing.

Plaintiff's claimed time includes 21.8 hours drafting and editing its four short letters to the Court. This includes the claim that the unidentified paralegal spent 9.5 hours editing these letters. Given the brevity of the letters and simplicity of the issues involved this time does not seem reasonable. Moreover, it is hard to understand how the unidentified paralegal could have spent 9.5 hours reviewing these letters if Mr. Solomon had spent the time he claims also drafting and editing the letters himself.

   iii. <u>Lack of Contemporaneous Billing, Block Billing and Insufficient Descriptions</u>

Plaintiff's submission for attorney time is also problematic as many of the descriptions are vague, employ block billing, or do not appear to have been kept contemporaneously. *See e.g.*, *SEIU v. Port Auth.,* 180 F.R.D. 251, 253 (S.D.N.Y. 1998)(reducing fee calculations by twenty percent to account for vague descriptions in the time records); *Spray Holdings, Ltd. V. Pali Fin.*

*Grp.*, 277 F. Supp. 2d 323, 325-26 (S.D.N.Y. 2003)(reducing fees for block billing as it renders it difficult for the court to determine whether work was necessary). Here, all billing by the unidentified paralegal is contained within two entries for 5.4 hours and 4 hours, respectively. Moreover, neither entry appears to have been made contemporaneously. Similarly, the entries by Mr. Solomon are often vague and provide little guidance beyond editing or drafting motions. One example is Mr. Solomon's entry from October 14, 2023. The description is "Draft email to Julie Capehart outlining motion for a protective order." It is unclear how this time is attributed to ECF 68 and 69.

      c. <u>Plaintiff Should Not Be Entitled to Collect Fees on Fees If The Court Holds Defendant's Agreement to pay $7,500 for Fees Was Adequate</u>

The Court has held that where attorney time is expended to collect fees that was due to the requesting party's conduct, then said party should not be able to collect fees on fees. See, *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2nd Cir. 1982)(denying fees on fees where time required to collect fees was due to party claiming fees conduct). Here, to the extent that the court determines $7,500 was a reasonable amount of fees, Plaintiff should not be awarded fees on fees.

**III.**    **<u>CONCLUSION</u>**

For the reasons stated above, Defendants Requests Plaintiff's fee award related to ECF Dkts. 68 and 69 be limited to $7,500.

/ / /

/ / /

/ / /

Dated:  November 10, 2023          Respectfully Submitted,


By: /s/ Troy A. Brenes_____

Troy A. Brenes (admitted PHV)
Brenes Law Group, P.C.
100 Spectrum Center Drive, Ste. 330
Irvine, California 92618
Tel: 949.397.9360
Fax: 949.607.4192
Tbrenes@breneslawgroup.com

Counsel for Defendants