UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

    Plaintiff,

 -against-

BRENES LAW GROUP, P.C. et al.,

    Defendants.
-----------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

    Plaintiff,

 -against-

BRENES LAW GROUP, P.C.,

    Defendant.
-----------------------------------------------------------x
CONSOLIDATED CASES
-----------------------------------------------------------x

22-cv-1778 (ER)(BCM)

23-cv-2446 (ER)(BCM)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
SOLOMON CRAMER & SUMMIT LLP'S ATTORNEY FEE APPLICATION**

 Plaintiff Legal Recovery Associates, LLC, through its counsel Solomon Cramer & Summit LLP (SC&S), submits this reply memorandum of law in further support of its application for attorneys' fees and in response to Defendants' Response in Opposition to Legal Recovery Associates LLC's Fee Application (Opp. Mem.; ECF 89).

 **A. The Cases that Defendants Cite Support SCS's Rates**

 In its moving brief, LRA demonstrated that partner rates in commercial cases in this district range from $250 to $1,260 per hour and that Mr. Solomon's rate of $620 per hour and Ms. Cramer's rate of $350 are well within the range of reasonable.

In opposition, Defendants appear to agree. While neither current nor accurate, they present a range of $375 to $650 for partner fees in this district, which comfortably supports SC&S's charges. Opp. Mem. at 3-4.

None of the cases cited by Defendants support a downward adjudgment of rates. *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99-CV-10175 (KMW), 2022 WL 1026577, *2 (S.D.N.Y. Apr. 6, 2022), held that "two rates of $485 per hour and $570 per hour were reasonable for partners with fifteen and sixteen years of legal experience." But it does not suggest that $620 per hour for a commercial litigation partner with 27 years of experience is too high. *Glob. Brand Holdings, LLC v. Accessories Direct Int'l USA, Inc.,* No. 17CIV7137LAKSLC, 2020 WL 9762874, at *7 (S.D.N.Y. May 29, 2020), *report and recommendation adopted*, No. 17-CV-7137 (LAK), 2020 WL 13823745 (S.D.N.Y. Aug. 4, 2020), which, consistent with SC&S's 2023 rates, indicated a partner range of $375 to $650 as reasonable. And *Tabatznik v. Turner*, No. 14 CIV. 8135 (JFK), 2016 WL 1267792, at *12 (S.D.N.Y. Mar. 30, 2016) approved a partner rate of $650 for a 2014-2016 case.

Some of the cases cited by Defendants approved lower rates, but they are easily distinguished. For example, the $375 per hour rate approved in *Euro Pac. Cap., Inc. v. Bohai Pharms. Grp., Inc.*, No. 15CV4410VMJLC, 2018 WL 1229842, at *7 and n. 14 (S.D.N.Y. Mar. 9, 2018), *report and recommendation adopted*, No. 15 CIV. 4410(VM), 2018 WL 1596192 (S.D.N.Y. Mar. 28, 2018), was for "of counsel" and "shareholders" at Anderson Kill (not partners). Also, the data is old: the fee motion was decided in 2018 for a 2015 case. Still more outdated is *Nautilus Neurosciences, Inc. v. Fares*, No. 13 CIV. 1078 SAS, 2014 WL 1492481 (S.D.N.Y. Apr. 16, 2014), which determined the reasonableness of 2013 rates. Even still, *Nautilus* approved a partner rate of $603 per hour. 2014 WL 1492481, at *3.

Notably, the cases cited by Defendants confirm the reasonableness of SC&S's experienced paralegal rate of $155 per hour. *See, e.g., Glob. Brand*, 2020 WL 9762874, at *8 ("Hourly rates for paralegals of $100 to $150 are typical for awards in this District"); *Euro Pac. Cap.*, 2018 WL 1229842, at *9 ($150 per hour). *Tabatznik*, 2016 WL 1267792, at *12 (approving "paralegal fees range between $100 and $280").

B.     **The Number of Hours Was Reasonable**

Plaintiff seeks compensation for researching, drafting, editing, and filing four letter briefs plus exhibits; reviewing the opposition; meeting and conferring with counsel; and preparing for and attending the argument. The letters reflect substantial research of the discovery issues presented and the appropriate sanction, all amply supported by evidence, statutory authority, and case law.

Defendants minimize the effort, characterizing the two letter motions as "requesting a discovery conference." ECF 89 at 7. But, in fact, each letter was akin to a short brief, as the Court made clear that it was likely to decide the motion based on the letters.

Brenes also diminishes the complexity, describing the issues as matters of "simplicity." Yet, Defendants submitted letters of three and four single-spaced pages contesting the motions. Moreover, though the question of whether Defendants violated their discovery obligations may have been straightforward, whether and to what extent the conduct warranted sanctions and the degree of sanction is complex and required substantial research.

Defendants also unfairly depict the time and tasks involved. They state that "Plaintiff's claimed time includes 21.8 hours of drafting and editing its four short letters to this Court." A closer look is warranted. The following chart, derived from Exhibits A-C to the Solomon Declaration (ECF 87-1, 87-2; 87-3), summarizes the 14.9 hours' of tasks performed by the attorneys involved:

| Task | Timekeeper | Hours |
|---|---|---|
| Preparing for and attending oral argument | Solomon | 2.0 |
| Meeting and conferring (plus preparation) | Solomon | 0.4 |
| Research, Drafting and Editing Motion No. 1 - Motion and Reply | Solomon | 6.6 |
| Research, Drafting and Editing Motion No. 2 - Motion and Reply | Solomon | 4.4 |
| Proofing and Editing Motion Nos. 1 and 2 | Cramer | 1.5 |
| | **Total** | **14.9** |

Finally, Defendants' criticism of the paralegal time billed on the two motions (10 hours at $155) focuses on the total time, without considering the details. SC&S's paralegal is very experienced, functions at a high level, and performs important tasks. Ironically, that substantive work was allocated to a non-lawyer at significantly lower rates conserved thousands of dollars in legal fees that an attorney would have otherwise generated. Moreover, the invoices (Exhibits A and B to LRA's moving declaration) detail the dates and significant work performed by SC&S's paralegal on both motions (read: no block billing issue here).

C.  **Plaintiffs Did Not Engage in Block Billing**

Defendants claim that SC&S engaged in block billing. That's incorrect. Each entry contains one task.[1]

D.  **Fees on Fees**

Defendants leave out a critical detail when they characterize LRA as unreasonably rejecting its settlement offer of $7,500. Counsel did not make that offer until the last possible

---

[1] Defendants criticize an entry on the summary for 10/14/23 "Draft email to Julie Capehart outlining motion for a protective order." It is a fair point. That entry, which was used for the "fees on fees" estimate, was inadvertently included in the calculation. It is deleted from the updated "fees on fees" calculation.

4

moment: on November 3, 2023.[2] At that point, the benefit of a settlement was undermined by the work that LRA's counsel had already expended preparing the motion papers.

By delaying their compromise offer until the very last day, Defendants made it uneconomical, if not utterly irrational, for LRA to accept the proposal.

In its moving papers, LRA set forth attorneys' fees on this motion in the amount of $2,790.00. ECF 88 at 7. The updated calculation, which includes all of the unbilled November time, is $6,122.50. *See* Reply Decl. at ¶¶ 2-6.

### E. Conclusion

For the reasons set forth above and in in accordance with Magistrate Judge Moses's October 13, 2013 Order (ECF 79), the Court should award LRA its reasonable attorneys' fees in the amount of $11,669.50, together with fees for the preparation of the present motion in the amount of $6,122.50. Thus, LRA respectfully requests a total award of $17,792.00 ($11,669.50 on the motion and $6,122.50 in "fees on fees").

Dated: New York, New York
      November 13, 2023

SOLOMON CRAMER & SUMMIT LLP
*Attorneys for Plaintiff*

By:   /s/Andrew T. Solomon
      Andrew T. Solomon
      asolomon@solomoncramer.com

25 West 39th Street, 7th Floor
New York, New York 10018
(212) 884-9102

---

[2] LRA made an initial demand for legal fees of $10,383 on October 27, 2023. On October 30, 2023, LRA's counsel provided Defendants with case data supporting its hourly rates. There was no response. On November 1, 2023, LRA's counsel followed up: "Have you given any more consideration to the fee demand?" Again, no response. On November 2, 2023, LRA's counsel followed up again: "In the SDNY, what is your position on legal fees. My deadline to file the motion for fees, which will include a request for "fees on fees," is tomorrow. Any agreement must be reached today." No response. On November 3, 2023, which was the deadline to file the motion, LRA's counsel wrote: "Unfortunately, you have not responded further on the attorneys' fee motion. The motion papers are now fully drafted, the cost of which will be included in the application." It was only then, on the day the motion for fees was due, that Mr. Brenes conveyed his offer of $7,500. *See* the accompanying Reply Declaration of Andrew T. Solomon (Reply Decl.) dated November 13, 2023 at ¶ 7.

6