**SOLOMON CRAMER & SUMMIT LLP**
25 West 39th Street, 7th Floor
New York, NY 10018
(212) 884-9102
solomoncramer.com

January 16, 2024

**Via ECF**

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re:  *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778 (Action #1)
     *Legal Recovery Associates, LLC v. Brenes Law Group, P.C.,* 23-cv-2446 (Action #2)

Dear Judge Moses:

This firm is counsel to Plaintiff Legal Recovery Associates, LLC ("LRA") in the consolidated actions. Following this letter, LRA will file its motion for summary judgment against Defendant Brenes Law Group, P.C. ("BLG") in both Action #1 and Action #2 and Defendant Troy Brenes in Action #1. LRA respectfully submits this letter motion, pursuant to paragraph 3 of the Court's Individual Practices, to seek permission to file under seal multiple exhibits in support of the motion for summary judgment, as well as certain related discussion in LRA's Memorandum of Law and Statement of Material Facts Pursuant to Local Rule 56.1 ("SOF").

This sealing request is based on Defendant BLG's designation of documents as "Confidential" under the Stipulated Protective Order (ECF 63). All of the documents produced by BLG and Non-party California Attorney Lending II, LLC ("CAL") were designated as "Confidential." After the undersigned advised these parties' counsel that LRA intended to file a number of their "Confidential" documents as exhibits to its summary judgment motion, CAL waived the "Confidential" designations to the documents from its production.[1] BLG did not.[2]

---

[1] Exhibits 12, 13, 15, 21, 22, 23, 29, 37, 38, 39, and 46 to the Declaration of Andrew T. Solomon in Support of Motion for Summary Judgment, dated January 16, 2024 ("Solomon Decl.") are derived from CAL's document production.

[2] Solomon Decl. Exs. 14, 16, 41, 42, 43, and 44 come from BLG's production. BLG also designates the exhibits from CAL's production as "Confidential," except Exs. 21 & 29, and the deposition transcript of a CAL witness, Ex. 45.

On January 11, 2024, counsel for LRA and BLG met and conferred by telephone concerning the scope of confidential treatment, but could not narrow the issues. BLG maintains its "Confidential" designation over the six exhibits to LRA's motion for summary judgment that it produced and designates as "Confidential" (i) nine of the eleven exhibits that CAL produced and (ii) an excerpt from the transcript of the deposition of a CAL witness.

Consistent with the Court's Individual Practices, the 16 exhibits designated as "Confidential" by BLG will be filed temporarily under seal on ECF pending the Court's determination of this letter motion.  Similarly, redacted and unredacted (and highlighted) versions of LRA's Memorandum of Law and SOF will be filed appropriately on ECF.

Respectfully submitted,

Andrew T. Solomon

cc: Troy A. Brenes, Esq. (via ECF)
    Richard M. Scherer, Jr., Esq. (via ECF)