UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

           Plaintiff,

  -against-

BRENES LAW GROUP, P.C. et al.,

           Defendants.
------------------------------------------------------------x
LEGAL RECOVERY ASSOCIATES, LLC,

           Plaintiff,

  -against-

BRENES LAW GROUP, P.C.,

           Defendant.
------------------------------------------------------------x
CONSOLIDATED CASES
------------------------------------------------------------x

22-cv-1778 (ER)(BCM)

**STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

23-cv-2446 (ER)(BCM)

1. The following chart summarizes the eight promissory notes (the "Notes") made by Brenes Law Group, P.C. ("BLG") and given to Legal Recovery Associates, LLC ("LRA") to memorialize BLG's obligation to repay loans extended to it by LRA:

| Note | Note Date | Principal | Citation | Exhibit[1] |
|---|---|---|---|---|
| Note 1 | 7/8/19 | $1,100,000 | BLG's Response to LRA's Request for Admissions. Ex. 11. | Ex. 1 |
| Note 2 | 9/12/19 | $500,000 | *Id.* | Ex. 2 |
| Note 3 | 12/9/19 | $500,000 | Second-Filed Action Complaint (ECF 52) ¶ 8 and Answer (ECF 54) ¶ 8 | Ex. 3 |
| Note 4 | 3/5/20 | $250,000 | *Id.* | Ex. 4 |
| Note 5 | 6/5/20 | $200,000 | *Id.* | Ex. 5 |
| Note 6 | 8/6/20 | $150,000 | *Id.* | Ex. 6 |

---

[1] Unless otherwise stated, the exhibits cited in this Statement of Material Facts are annexed to the accompanying Declaration of Andrew T. Solomon, dated January 16, 2024 and referred to as "Ex. __."

| Note 7 | 8/31/20 | $150,000 | Id. | | Ex. 7 |
|---|---|---|---|---|---|
| Note 8 | 10/13/20 | $150,000 | Id. | | Ex. 8 |
| | Total | **$3,000,000** | | | |

2.Troy Brenes personally guaranteed Note 1 pursuant to a Guarantee Agreement, dated as of July 8, 2019 (the "Guarantee Agreement"). Verified Complaint (ECF 1-1) ¶ 9 and Exhibit C; Ex. 9 (the Guarantee Agreement); Ex. 10 (LRA RFA No. 1(c)); Ex. 11 (BLG's invalid response to RFA 1(c)).

3.BLG was required to make payments under the Notes on the "Payment Date," defined as when BLG "receive[d] payment of any award in respect of all product liability litigations" (defined as the "Case") it brought on behalf of its clients. Exs. 1 to 8.

4.█████████████████████████████████████████████████████

█████████████████████████████████████████. *See* BLG's Settlement Reports to CAL (the "Settlement Reports") at Ex. 14 (Supplemental Production000159-88). But BLG made no payments to LRA. Lui Decl. ¶ 2, 9; Berger Decl. ¶ 18.

5.████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████. Ex. 12 (Plaintiff's Deposition Ex. No. 16). ████████████████████

██████████████████████████████████████████████████. Ex. 13 (Plaintiff's Deposition Ex. No. 17).

6.████████████████████████████████████████

████████████████████████████████████████████████. Ex. 14 at Supplemental Production000159. ████████████████████████████████

██████████████████. *Id.* at Supplemental Production000160-180. █████████

████████████████████████████████████████████████████████

███████████████████████████████████████████. Ex. 15 (Plaintiff's Deposition Ex. No. 25); Ex. 13 (Plaintiff's Deposition Ex. No. 17) at CAL_001869.

7. ███████████████████████████████████████████

███████████████████████████████████. Ex. 14 (Supplemental Production000159-88). ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████:

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████



8. ███████████████████████████████████████████████

███████████████████████████████. Ex. 16 (Plaintiff's Deposition Ex. No. 11)

at Supplemental Production000005-20. █████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████. *Id.* at Supplemental Production000007.

9. █████████████████████████████████████████. Ex. 16

(Plaintiff's Deposition Ex. No. 11) at Supplemental Production000034-44; Ex. 37 (Plaintiff's

Deposition Ex. No. 20) █████████████████████████████████. █████████

████████████████████████████████████████████████

████████████████████████████████

█████████████████████████
█████████████████████████
█████████████████████████
█████████████████████████
█████████████████████████
████

Ex. 16 (Plaintiff's Deposition Ex. No. 11) at Supplemental Production000034.

10. CAL perfected its security interest by filing two Form UCC-1s with the California Secretary of State. Exs. 17 and 18 (https://bizfileonline.sos.ca.gov/search/ucc, accessed on December 31, 2023, searched Brenes Law Group, P.C. returned UCC filing on October 31, 2020, as amended on August 17, 2023).

11. On July 25, 2020, Troy Brenes informed LRA that he had "arranged another line of credit and as part of those terms BLG has to pay off the promissory notes BLG took from LRA." Ex. 19 at LRA000067. The email attached a form of payoff letter that CAL had prepared for LRA to sign. Ex. 19 at LRA000068.

12. On August 4, 2020, George Lui of LRA provided Troy Brenes with an interest spreadsheet in native Excel format that showed the calculation of the full payoff amount as of any date selected by BLG. Ex. 20 (Plaintiff's Deposition Ex. No. 1).

13. BLG forwarded Lui's August 4, 2020 payoff worksheet to CAL. Ex. 21 (Plaintiff's Deposition Ex. No. 24) at CAL_002232; Ex. 22 (Plaintiff's Deposition Ex. No. 21).

14. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 23 (Plaintiff's Deposition Ex. No. 24) at CAL_002230.

15. On August 28, 2020, Megan Payne of CAL provided LRA with a proposed payoff agreement, which included a payoff calculation as of August 31, 2020, which she calculated using the spreadsheet provided by George Lui on August 4, 2020. Ex. 24 (Plaintiff's Deposition Ex. No. 4); Ex. 25 (Plaintiff's Deposition Ex. No. 5).

16. In September and October 2020, LRA and BLG negotiated and exchanged drafts of a payoff letter. *See, e.g.*, Ex. 26 (LRA000103) ("September __, 2020") and Ex. 27 (LRA000138) (October __, 2020"). At the same time, LRA tried to confirm with BLG the status of BLG's co-counsel relationship with its affiliate, Lawrence Litigation Group, LLP ("Lawrence"), including an acknowledgment of the marketing and funding amounts that Lawrence had supplied to BLG. Berger Decl. ¶¶ 7-10. BLG was either evasive or non-responsive to these issues. *Id.* at ¶ 9.

17. By email dated October 12, 2020, LRA proposed additional language to the payoff letter that protected the contractual interests of its affiliate Lawrence:

> Further, nothing contained herein shall constitute an amendment or modification of any terms, covenants or conditions of that certain Second Amended Attorney Association Agreement between Borrower, and any successors and/or assigns, and Lawrence Litigation Group, LP dated March 27, 2017, which is an agreement <u>that is valid, enforceable, in good standing, and not affected by the payoff of the Loans</u>.

Ex. 28 (LRA000240).

18. BLG secretly informed CAL that LRA was "playing games" and "trying to use the letter to hold me hostage" and described it as "utter bullshit." Ex. 29 (Plaintiff's Deposition Ex. No. 26).

19. CAL informed BLG that no payoff letter would be required. So late on October 28, 2020, Troy Brenes emailed LRA informing it that the payoff letter was not needed and requesting an updated payoff amount and account information for payment. Ex. 30 (Plaintiff's Deposition Ex. No. 7); Berger Decl. ¶ 11. LRA replied that it wanted to discuss the Lawrence issues and invited Troy Brenes to call the next day to discuss. Ex. 30 (Plaintiff's Deposition Ex. No. 7); Berger Decl. ¶ 12. Troy Brenes did not call. Berger Decl. ¶ 13.

20. The next documented communication from Troy Brenes to LRA was on January 5, 2021, when he wrote:

> We have made several requests for information necessary for Brenes Law Group, P.C. to payoff all promissory notes from LRA. This includes the amount owed and the account information for us to wire the funds. We again ask that you please send this information in writing immediately.

Ex. 31 at LRA000271; Berger Decl. ¶ 14.

6

21. On January 6, 2021, George Lui of LRA provided Troy Brenes of BLG with an updated payoff spreadsheet in Excel format, a payoff calculation as of January 6, 2021, and wire instructions. Ex. 32 (Plaintiff's Deposition Ex. No. 2); Berger Decl. ¶ 16; Lui Decl. ¶ 4.

22. On January 15, 2021, Lui sent a follow up email (attaching his prior email of January 6, 2021) to Troy Brenes stating:

> I just want to confirm you received the payoff and wire instructions below. When should we expect to receive the same? Thanks and I hope you're well.

Ex. 33 (LRA000003); Lui Decl. ¶ 4.

23. Troy Brenes did not respond to either email, and BLG did not make any payment in response. Lui Decl. ¶ 5; Berger Decl. ¶ 18.

24. On January 21, 2022, LRA issued a default notice and demand for payment on Notes 1 and 2. Ex. 34 (LRA000007-10). In the notice, LRA informed BLG that the security interest it gave to a third-party lender, later revealed to be CAL, was an Event of Default under Notes 1 and 2. *Id.* at LRA000008. LRA included wire instructions. *Id.* at LRA000010.

25. BLG did not respond to the January 21, 2022 default notice and demand for acceleration on Notes 1 and 2 or make any payment. Lui Decl. ¶ 7.

26. On January 21, 2022, in connection with the terms of Notes 3-8, LRA transmitted a letter to BLG requesting information about case collections on its product liability cases. Ex. 35. In it, LRA informed BLG that it believed that BLG had received payments on its product liability cases, which would trigger a payment date, and invited BLG to provide a sworn statement if it was claiming that no payment had been received. *Id.* at LRA000012. LRA included wire instructions. *Id.* at LRA000013.

27. BLG did not respond to LRA's request for information relating to case collections in connection with Notes 3 to 8. Lui Decl. ¶ 9.

7

28. On February 24, 2023, LRA issued a demand letter and notice of acceleration to BLG based on its nonpayment of Notes 3 to 8. Ex. 36 (Second Action ECF 1-8); Lui Decl. ¶ 8. In the letter, LRA described the Notes (date and original principal), asserted that BLG had not made payments on the Payment Date (citing disclosures from BLG's website), noted BLG's refusal to provide any information, and demanded full payment of interest and principal. *Id.*

29. BLG did not reply to the demand letter and notice of acceleration on Notes 3 to 8 or make any payment. Berger Decl. ¶ 18; Lui Decl. ¶ 9.

30. BLG has made no payment to LRA on Notes 1 to 8. Berger Decl. ¶ 18; Lui Decl. ¶ 2, 9.

31. ███. Ex. 38 (Plaintiff's Deposition Ex. No. 15).

32. ███. Ex. 12 (Plaintiff's Deposition Ex. No. 16).

33. ███. Ex. 13 (Plaintiff's Deposition Ex. No. 17).

34. ███. Ex. 15 (Plaintiff's Deposition Ex. No. 25) at CAL_000018; Ex. 13 (Plaintiff's Deposition Ex. No. 17).

35. ███. Ex. 39 (Plaintiff's Deposition Ex. No. 18).

36. October 28, 2020 at 4:47 pm, Troy Brenes wrote the following email to Megan Payne at Counsel Financial:



Ex. 41 (Supplemental Production000001).

    37.    In response, Megan Payne sent the following email to Troy Brenes:

Ex. 41 (Supplemental Production000002).

    38.    On November 3, 2020, Troy Brenes emailed Megan Payne and ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ Ex. 42 (Plaintiff's Deposition Ex. No. 22).

    39.    ▮▮▮▮▮▮. Ex. 43 (Plaintiff's Deposition Ex. No. 23).

    40.    ▮▮▮▮▮▮. Ex. 38 (Plaintiff's Deposition Ex. No. 15) ("11/5/20 Credit Line Fee"); Ex. 16 (Plaintiff's Deposition Ex. No. 11) at Supplemental Production000059 ▮▮▮▮▮▮).

41. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████ Ex. 44 (Supplemental Production000064).

42. ███████████████████████████████████████.
Ex. 16 (Plaintiff's Deposition Ex. No. 11) at Supplemental Production000010-11 (████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████); Ex. 45 (Payne Dep. Tr. 95:8-20).

43. From time to time, ██████████████████████████
████████████. Ex. 43 (Plaintiff's Deposition Ex. No. 23). ██████████
███████████████████████████████████████
███████████████████████████████████████
████████ *Id.* at Supplemental Production000065 and 216-217.

44. ███████████████████████████████████████
█████████████████. Ex. 43 at Supplemental Production000192 ██████
███████████████████████████████████).

45. ███████████████████████████████████████
███████████████████████████████████████
███. Ex. 43 at Supplemental Production000193-211.

46. ███████████████████████████████████████
███████████████, Ex. 46 (Plaintiff's Deposition Ex. No. 12), ██████████

███████████████████████████████████████████████████████. Ex. 43

(Plaintiff's Deposition Ex. No. 23) at Supplemental Production000211, *et seq.*

47.   BLG never presented a payment in any form (check, cash, or otherwise) to pay the debt to LRA. Lui Decl. ¶ 9.

Dated: New York, New York
       January 16, 2024

                                                    SOLOMON CRAMER & SUMMIT LLP
                                                    *Attorneys for Plaintiff*

                                                    By:   /s/Andrew T. Solomon
                                                            Andrew T. Solomon
                                                            asolomon@solomoncramer.com

                                                  25 West 39th St., 7th Floor
                                                  New York, New York 10018
                                                  (t) (212) 884-9102
                                                  (f) (516) 368-3896