UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEGAL RECOVERY ASSOCIATES LLC, <br> Plaintiff, <br> -against- <br> BRENES LAW GROUP, P.C., et al. <br> Defendants. | 22-CV-1778 (ER) (BCM) <br><br> **REPORT AND RECOMMENDATION TO THE HON. EDGARDO RAMOS** |
| LEGAL RECOVERY ASSOCIATES LLC, <br> Plaintiff, <br> -against- <br> BRENES LAW GROUP, P.C., <br> Defendant. | |
| CONSOLIDATED CASES | |

**BARBARA MOSES, United States Magistrate Judge.**

Legal Recovery Associates LLC (LRA), a lender, filed two related actions, now consolidated, against Brenes Law Group, P.C. (BLG or the Firm) and Troy Brenes, the Firm's "principal lawyer," to enforce a total of eight promissory notes executed by Brenes on behalf of BLG. In the first-filed case, LRA seeks to enforce two notes in the aggregate principal amount of $1,600,000; in the second-filed case (originally docketed as No. 23-CV-2446, but now consolidated under the docket number of the first-filed case, shown above), LRA seeks to enforce six notes in the aggregate principal amount of $1,400,000.

Now before me for report and recommendation (*see* Dkt. 67) is LRA's motion (Dkt. 60), made pursuant to Fed. R. Civ. P. 12(f), to strike the first, sixth, and ninth affirmative defenses asserted by BLG in its Answer and Counterclaims (Ans.) (Dkt. 54) filed on September 28, 2023 – shortly before the two cases were consolidated – in response to the Complaint (Compl.) (Dkt. 52) in the second-filed case. LRA further moves to strike the factual allegations in the Answer that

underly the ninth affirmative defense. In response to LRA's motion, BLG has withdrawn the ninth affirmative defense, but otherwise opposes the motion. *See* Def. Mem. (Dkt. 65) at 9.

LRA's motion should be granted. Because BLG has withdrawn the ninth affirmative defense, the underlying factual allegations – which do not relate to any other claim or defense asserted by either party – should be stricken. As for the first and sixth affirmative defenses, they rely wholly on equitable doctrines (unclean hands and laches, respectively) that are unavailable, as a matter of law, in a contract action seeking money damages. Consequently, they should also be stricken.

**I.      BACKGROUND**

Familiarity with the underlying dispute is assumed. For a more thorough description of the parties and the underlying dispute, *see Legal Recovery Assocs. LLC v. Brenes L. Grp., P.C.*, 2023 WL 2253138, at *4 (S.D.N.Y. Feb. 13, 2023), *report and recommendation adopted*, 2023 WL 2266534 (S.D.N.Y. Feb. 28, 2023). The following background concerns only the claims and defenses relevant to the pending motion to strike.

The parties agree that LRA loaned BLG $1,400,000 in six separate transactions from December 9, 2019, to October 13, 2020. *See* Compl. ¶¶ 1, 7; Ans. ¶¶ 1, 7. The loans are memorialized by a series of one-page promissory notes (the Notes), Compl. ¶ 8 & Exs. A-F, each of which recites that it was "made and delivered in the State of New York" and is governed by New York law.[1] BLG is required to repay the principal of each Note, plus interest, on the Payment Date, defined as "the date on when [BLG] receives payment of any award in respect of all product

---

[1] Exhibits A-F may be found at Dkts. 1-1 through 1-6 on the docket of the first-filed action, *Legal Recovery Associates LLC v. Brenes Law Group, P.C.*, No. 23-CV-2446 (S.D.N.Y. March 22, 2023). It appears that the exhibits were not transferred to the consolidated docket.

liability litigation, whether as a result of judgment, settlement, or otherwise." Compl. ¶¶ 10, 11.[2] Interest accrues at the annual rate of 17.5% until the Payment Date; thereafter, "any amounts past due" accrue interest at the default rate of 18%. *Id*. ¶¶ 9, 10. If an Event of Default occurs, such as BLG's failure to make any required payment when due, LRA may, at its option, accelerate the loan, making any unpaid balance "due and payable immediately." *Id*. ¶ 12.

In its Complaint, LRA alleges that BLG "has in fact received fees on product liability lawsuits," making payment due, yet "failed to pay anything on the Notes[.]" Compl. ¶¶ 17, 19. LRA states that it sent BLG payoff calculations on various dates, including October 4, 2020 and January 21, 2022, and a formal demand letter, which accelerated the debt and included an updated calculation, on February 24, 2023, but BLG still did not pay. *Id*. ¶¶ 20, 21, 24 & Exs. G, H. LRA pleads a single cause of action, for breach of contract, *id*. ¶¶ 32-36, and seeks damages "in the principal amount of $1,400,000, plus pre-default interest at 17.5% per annum and post-default interest at 18% to the date of judgment," Compl. at 7, together with attorneys' fees, costs, "and such other and further relief as is just and proper." *Id.*

In its Answer, BLG admits that it has received fees on product liability lawsuits, Ans. ¶ 17, but denies that it breached the Notes. *Id*. ¶ 19. BLG alleges, *inter alia*, that from October 2020 through January 2021 it attempted to "repay the debt owed to LRA" under the Notes, "including all accrued interest," but that LRA "act[ed] in bad faith so as to prevent BLG from being able to repay any debts owed under the [Notes]." *Id*. ¶¶ 67-68. It did this by refusing to disclose the precise amount owed or the "relevant account information," so that BLG could wire the funds. *Id*. ¶ 71. BLG concedes that LRA later "disclosed what it alleged was owed," but complains that LRA

---

[2] BLG specializes in, among other things, product liability litigation against medical device manufacturers. *See* Brenes Law Group, P.C., https://www.breneslawgroup.com/defective-medical-devices/ (last visited February 13, 2024).

"insisted that BLG was required to pay all interest that accrued from the date that LRA knowingly and in bad faith acted to block BLG's ability to repay the loan to the present." *Id*. ¶ 73.³ BLG also alleges that Howard Berger, who was involved in negotiating the loans on behalf of LRA, has a "criminal and fraudulent history" of which Brenes was unaware when he executed the Notes. *Id*. ¶¶ 50-51.⁴

Based on these allegations, BLG counterclaims for "breach of duty of good faith and fair dealing," Ans. ¶¶ 76-79, and asserts nine affirmative defenses. *Id*. ¶¶ 38-47. Relevant to the instant motion, BLG asserts, as a first affirmative defense, that LRA "is barred from the relief sought in the complaint as a result of unclean hands." *Id*. ¶ 39. For its sixth affirmative defense, BLG asserts that LRA's claims are "barred or, in the alternative should be limited, under the doctrine of Laches" because LRA "acted to prohibit" BLG from paying off its debts in 2020 and 2021 and then "waited an unreasonable amount of time" to claim that BLG refused to pay. *Id*. ¶ 44. In its ninth affirmative defense, BLG asserts that it is entitled to "void" the Notes because:

> . . . they are part of LRA's "private placement" agreements and Howard Berger meets the definition of a "Bad Actor" as defined in Rule 506 of Regulation D under the Securities Act of 1933, to implement Section 926 of the Dodd-Frank Wall Street Reform and Consumer Protection Act. As result, LRA['s] recovery should be barred or, in the alternative should be limited in respect to accrued interest.

---

³ BLG does not explain why, at this point, it failed to pay *any* portion of the indebtedness, rather than paying the undisputed amount and withholding only what it believed to be the excess interest.

⁴ In 2012, Berger was sued by the Securities and Exchange Commission (SEC), which accused him of engaging in a fraudulent trade allocation scheme known as "cherry picking" while managing two hedge funds. On January 15, 2013, a consent judgment was entered, under which Berger was permanently enjoined from engaging in securities fraud; he and his wife (sued as a relief defendant) were required to disgorge approximately $5.4 million; and Berger was required to pay an additional approximately $1.5 million in disgorgement, interest, and penalty. *See* Final Judgment (Dkt. 4), *Sec. & Exch. Comm'n v. Berger*, No. 12-CV-4728 (E.D.N.Y. Jan. 15, 2013).

*Id.* ¶ 47.[5]

LRA now moves to strike from the Answer the first, sixth, and ninth affirmative defenses and the factual allegations at ¶¶ 48-51 and 74-75, which underly the ninth defense (the Berger Allegations). LRA contends that the first and sixth defenses are "equitable defenses that are not viable against a claim at law for money damages under written promissory notes." Pl. Mem. (Dkt. 62) at 3. LRA challenges the ninth defense an "incoherent, insufficiently pleaded, made-up defense ostensibly under the Securities Act of 1933 . . . and the Securities Exchange Commission's Regulation D, which appears for no reason other than to sully an adversary." *Id.* at 1. Since "the Regulation D 'defense' is utterly meritless," plaintiff urges, the Berger Allegations, which do not relate to any other claim or defense in this action, "should also be struck under Rule 12(f) as 'impertinent and immaterial.'" *Id*. at 7.

In its opposition brief, BLG makes no effort to defend any of the challenged affirmative defenses on the merits. Nonetheless, it opposes striking the first and sixth defenses, arguing that LRA "cannot establish that it will suffer prejudice" as a result of those defenses remaining as part of its pleading. Def. Mem. at 6. As to the ninth affirmative defense, invoking "Bad Actor" disqualification under Regulation D, BLG states that it "will withdraw" the defense, *id*. at 9, but argues that the Berger Allegations should nonetheless remain in its pleading, because evidence of

---

[5] Regulation D exempts certain limited "offers and sales of securities" from the registration requirements of the Securities Act of 1933 (the 1933 Act), unless the issuer is subject to "'Bad Actor' disqualification" based on its conduct or the conduct of its directors, executive officers, or certain other persons participating in the offering on the issuer's behalf. *See* 17 C.F.R. §§ 230.506(a), (d). It is possible, under certain circumstances, for a note to constitute a security within the meaning of the 1933 Act. *See Reves v. Ernst & Young*, 494 U.S. 56, 66-67 (1990) (listing the factors to be used to determine whether a note is a security). But in this case the Notes were issued *by* BLG, *to* LRA, in exchange for $1.4 million, which BLG apparently needed for working capital. *See* Ans. ¶ 52. If the Notes were securities, therefore, the securities were offered and sold by BLG, not LRA.

Berger's past could be "probative of [Berger's] credibility as a witness" or admissible for some other purpose. *Id*. at 9.

In its reply brief, LRA notes that BLG "concedes that its equitable defenses of laches and unclean hands are invalid," Pl. Reply (Dkt. 66) at 2, and argues that the withdrawal of the ninth affirmative defense is reason enough to strike the underlying Berger Allegations. *Id*. at 2-3. LRA adds that the 2013 consent judgment against Berger would be inadmissible even as to credibility, because Fed. R. Evid. 608(b) bars the use of extrinsic evidence regarding specific instances of a witness's conduct in attacking that witness's truthfulness on cross-examination. *Id*. at 3-4.

## II.     ANALYSIS

### A.     Legal Standards

#### 1.     Fed. R. Civ. P. 12(f)

Rule 12(f) permits a federal district court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses are committed to the discretion of the district court. *Town & Country Linen Corp. v. Ingenious Designs, LLC*, 2020 WL 3472597, at *5 (S.D.N.Y. June 25, 2020). Although motions to strike are "generally disfavored," *Alcon Vision, LLC v. Lens.com, Inc.*, 2022 WL 1665453, at *3 (E.D.N.Y. May 25, 2022) (quoting *Silva v. Hornell Brewing Co.*, 2020 WL 8079823, at *2 (E.D.N.Y. Dec. 1, 2020)), they are properly granted where "it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Silva*, 2020 WL 8079823, at *2 (quoting *Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc.*, 2016 WL 6906583, at *6 (S.D.N.Y. Nov. 21, 2016)).

To succeed on a Rule 12(f) motion, "a plaintiff must show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow

the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019). Thus, "an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." *Id.* at 98. As to the third prong, a plaintiff need only show that the material, "if allowed to stand, could unnecessarily complicate the case and waste valuable litigation time." *S.E.C. v. Condron*, 1985 WL 2054, at *1 (D. Conn. June 11, 1985).

### 2. Unclean Hands

"The equitable doctrine of unclean hands is an 'ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. M.C.F. Assocs., Inc.*, 530 F. Supp. 3d 460, 464-65 (S.D.N.Y. 2021) (Nathan, J) (quoting *Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806 (1945)). Because the doctrine applies "only where the misconduct alleged as the basis for the defense 'has immediate and necessary relation to the equity that [plaintiff] seeks in respect of the matter in litigation,'" *Specialty Mins., Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 112 (S.D.N.Y. 2005) (quoting *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933)), "unclean hands is an equitable defense that does not apply to actions at law that seek money damages." *Monterey Bay Military Hous., LLC v. Ambac Assurance Corp.*, 2021 WL 4173929, at *5 (S.D.N.Y. Sept. 14, 2021) (quoting *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 386 F. Supp. 2d 461, 477 (S.D.N.Y. 2005)).

### 3. Laches

Laches is an "equitable defense that bars a plaintiff's equitable claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *Ikelionwu v. United States*, 150 F.3d 233, 237 (2d Cir.1998) (internal quotation marks and citations omitted).

"Laches is an equitable doctrine and cannot be invoked as a defense to a claim for damages." *Ogilvy Group Sweden, AB v. Tiger Telematics, Inc.*, 2006 WL 547785, at *2 (S.D.N.Y. Mar. 7, 2006); *see also Medinol Ltd. v. Boston Scientific Corp.*, 346 F. Supp. 2d 575, 609-10 (S.D.N.Y.2004) ("The bar of laches applies to equitable, not legal, claims.").

### B.   Discussion

#### 1.   The First and Sixth Affirmative Defenses

Because LRA's complaint seeks only money damages, the first and sixth affirmative defenses are legally insufficient. "The equitable defenses of laches and unclean hands are not defenses to claims at law for money damages." *Lee v. Canada Goose US, Inc.*, 2021 WL 6881256, at *2 (S.D.N.Y. Oct. 19, 2021). There is thus no open question of fact or law which "might allow these defenses to succeed." *GEOMC*, 918 F.3d at 96. This is reason enough to strike the first and sixth affirmative defense. *See Lee*, 2021 WL 6881256, at *2 ("Because Plaintiff seeks only monetary damages under [the] remaining claims, Canada Goose may not assert the defenses of unclean hands and laches."); *see also Haber v. Bankers Standard Ins. Co.*, 2019 WL 7343397, at *3 (D. Conn. Dec. 31, 2019) ("this defense should be struck because laches is an equitable, not legal defense, and the declaratory judgment in this case sounds in law, not equity.").

In its opposition brief, BLG contests only the third *GEOMC* element, arguing that the motion to strike should be denied because plaintiff cannot establish it will be prejudiced by the defenses. Def. Mem. at 6. That argument fails. Where, as here, it is clear that an affirmative defense cannot succeed as a matter of law, the court may presume prejudice flowing from the time and expense required to litigate it. *See Icahn Sch. of Med. at Mount Sinai v. Neurocrine Biosciences, Inc.*, 243 F. Supp. 3d 470, 477 (S.D.N.Y. 2017) ("[I]f 'the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim.'") (quoting *Fed. Deposit Ins. Corp. v. Eckert Seamans Cherin & Mellott*, 754 F.

8

Supp. 22, 23 (E.D.N.Y. 1990)); *Hudson Bay Master Fund*, 2016 WL 6906583, at *9 (striking legally insufficient defenses, even though "the proceedings are indeed at an early stage," because "there is nothing to be achieved by undertaking discovery as to affirmative defenses that fail as a matter of law or fact"); *Condron*, 1985 WL 2054, at *1 (striking insufficient defenses of unclean hands and laches, "which, if allowed to stand, could unnecessarily complicate the case and waste valuable litigation time"). Here, although discovery has been concluded, the parties are in the midst of briefing plaintiff's summary judgment motion (Dkt. 95), and – depending on the outcome of the motion – may ultimately try the case. In that event, plaintiff should not be required to "waste valuable litigation time," *Condron*, 1985 WL 2054 at *1, on BLG's legally insufficient defenses of unclean hands and laches. Consequently, the first and sixth affirmative defenses should be stricken.[6]

### 2.     The Ninth Affirmative Defense and the Berger Allegations

"If a defense has been withdrawn, a motion to strike it from the pleadings is proper[.]" 5C Wright & Miller, *Fed. Prac. & Proc*. § 1381 (3d ed.); *see also Turner v. Hudson Transit Lines, Inc.*, 1991 WL 123965, at *2 (S.D.N.Y. July 3, 1991) ("[D]efendants previously stipulated that this defense was waived, . . . . represented in open court that they would withdraw these defenses, and . . . submitted no argument on this issue in their opposition to the instant motion. Accordingly, . . . defenses are stricken from the answer."). Here, because BLG has withdrawn its ninth affirmative defense, that defense should be stricken.

---

[6] BLG and Brenes pled the same legally insufficient defenses – unclean hands and laches – as their first and sixth affirmative defenses in their initial answer (Dkt. 3), filed on March 3, 2022, in response to LRA's initial complaint (Dkt. 1), which remains the operative pleading in the first-filed case, and which (like its complaint in the second-filed case) seeks only money damages for breach of contract. Rule 12(f) expressly authorizes a federal district court to strike insufficient defenses "on its own." Fed. R. Civ. P. 12(f)(1). Consequently, for the reasons set forth above, I recommend that the first and sixth affirmative defenses be stricken from both of BLG's answers.

The underlying Berger Allegations should be stricken as well. BLG argues that those allegations should remain in its pleading because Berger "is a central figure in this case," making his past difficulties with the SEC potentially "probative of his credibility as a witness." Def. Mem. at 9. Alternatively, defendant theorizes, the consent judgment could be relevant to "whether Berger and LRA were knowingly breaching the consent order by entering into the agreements with BLG, or whether the failure to disclose this information alone could represent a breach of the agreements." *Id*. LRA contends that none of these theories is "a valid reason to preserve the allegations in a pleading." Pl. Reply at 3. I agree.

Rule 12(f) permits the Court to strike "any redundant, immaterial, impertinent, or scandalous matter." "Immaterial," as used in the rule, means immaterial to any claim or defense pleaded by the parties. *See Nachmany v. FXCM, Inc.*, 2020 WL 178413, at *8 (S.D.N.Y. Jan. 9, 2020) ("'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues.") (quoting *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 402 F.Supp.2d 434, 437 (S.D.N.Y. 2005)). As the Second Circuit explained in *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976) (granting a Rule 12(f) motion to strike references to a prior consent judgment from the pleadings), even if prior SEC proceedings are potentially admissible at trial, it does not necessarily follow that they are "appropriately within the pleadings." *Id*. at 894 (noting that the party opposing the motion to strike need not "allude to this evidence in [its pleading] as a condition for its admission"). Accordingly, the Berger Allegations should be stricken along with the ninth affirmative defense.

10

## III. CONCLUSION

For the reasons set forth above, I recommend, respectfully, that LRA's motion (Dkt. 60) be GRANTED and the first, sixth, and ninth affirmative defenses, as well as the factual allegations in ¶¶ 48-51, 74-75, be STRICKEN from BLG's Answer (Dkt. 52).

I further recommend that the first and sixth affirmative defenses be STRICKEN from the original answer (Dkt. 3) submitted by BLG and Brenes in the first-filed case.[7]

Dated: New York, New York
February 13, 2024

_____
**BARBARA MOSES**
**United States Magistrate Judge**

### NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Hon. Edgardo Ramos, United States District Judge, at 40 Foley Square, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Ramos. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x, 486, 487 (2d Cir. 2018) (summary order); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

---

[7] The answer at Dkt. 3 does not contain any affirmative defense based on the "Bad Actor" provisions of Regulation D, nor any allegations concerning the consent judgment in *SEC v. Berger*.