# SOLOMON CRAMER & SUMMIT LLP

25 West 39th Street, 7th Floor
New York, NY 10018
(212) 884-9102
solomoncramer.com

February 14, 2024

**Via ECF – Letter Motion**

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re: *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778 (Action #1)
    *Legal Recovery Associates, LLC v. Brenes Law Group, P.C.,* 23-cv-2446 (Action #2)

Dear Judge Moses:

This firm is counsel to Plaintiff Legal Recovery Associates, LLC ("LRA") in the consolidated actions. This letter concerns two pending motions to seal (ECF 94 and 104), the first of which LRA was compelled to file based on Defendants' refusal to withdraw their "confidentiality" designations. Based on new developments, the motions should be denied immediately.[1]

In its motion to seal, defendant Brenes Law Group, P.C. ("BLG") argued that its financial information and information about its borrowing from non-party California Attorney Lending II ("CAL") were confidential. It also argued, based on settlement agreements it did not attach or

---

[1] For the Court's convenience the following documents on ECF are relevant to this letter motion:
- ECF 63: Stipulated Protective Order;
- ECF 94: Plaintiff's letter motion to seal in connection with its motion for summary judgment. It notes that at a conference between counsel on January 11, 2024, Defendants refused to lift their confidentiality designations;
- ECF 96: Plaintiff's memorandum of law in support of its motion for summary judgment, with redactions based on Defendants' imposed designations;
- ECF 98: Plaintiff's Rule 56.1 Statement of Material Facts, with redactions based on Defendants' imposed designations;
- ECF 104: Defendants' letter motion to seal Exhibits 12-16, 37-40, 42-44, and 46;
- ECF 105: Plaintiffs' opposition to Defendants' letter motion to seal; and
- ECF 112; Defendants' response to Plaintiff's Rule 56.1 Statement of Material Facts, filed without redactions and including the information quoting or derived from the very exhibits that Defendants sought to seal at ECF 104.

quote, that data concerning its client settlements were confidential. Yet, in its Rule 56.1 counterstatement, BLG published much of the information that LRA redacted, including the proceeds from its settlements (SOF ¶ 4), its payments to CAL (¶¶ 5, 31-35), a summary of the proceeds from its "Settlement Reports" (¶¶ 6-7), its email communications with CAL (¶¶ 36-38), the details of the CAL loan, its closing, and the enforcement of its restrictions (¶¶ 38-46).

We opposed Defendants' motion to seal (ECF 105). But even if the grounds for sealing were legitimate—which is dubious—they are now waived.

Relief Requested

BLG's confidentiality assertions imposed significant expenses on Plaintiff by having to file its summary judgment papers in redacted and unredacted form. Yet, in their opposition papers (ECF 110-112), Defendants disregarded their own confidentiality restrictions, publicly filing their opposition, including the counter statements of facts (ECF 112), in unredacted form.

Respectfully, the Court should deny the sealing motions, direct the Clerk to unseal the affected documents, and order BLG to compensate Plaintiff for the costs of preparing redacted papers. We further ask that the Court lift the restriction prior to Plaintiff's reply deadline on February 20, 2024, to avoid additional expense.

Certification

I certify that on February 13, 2024, I met and conferred with Mr. Brenes via telephone. We were unable to resolve this dispute.

Respectfully submitted,

/s/Andrew T. Solomon

Andrew T. Solomon

cc: All Counsel (via ECF)