

February 15, 2024

**[Via ECF]**

Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740 New York, NY 10007

    Re:    Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al., 22-cv-1778 (Action #1)
            Legal Recovery Associates, LLC v. Brenes Law Group, P.C., 23-cv-2446 (Action #2)

Dear Judge Moses,

Defendants hereby file this letter motion in response to ECF Dkt. No. 115.

## Procedural History:

Pursuant to Confidentiality Order, Defendants properly designated certain information as Confidential. On January 2, 2024, Plaintiff indicated an intent to file certain documents designated as confidential under seal and requested confirmation as to whether Plaintiff believed the documents were confidential and should be filed under the seal pursuant to the Confidentiality Order, see attached Exhibit 1. The parties then spoke by telephone on January 8, 2024, and Defendants indicated those documents they felt should be filed on seal. At no point did Defendants give any indication they felt the documents should not be sealed or that they intended to oppose sealing these documents. Plaintiff also did not mention they intended to file a Statement of Material Fact citing confidential information in detail and would need to redact it significantly.

On January 16, 2024, Plaintiff filed a motion to temporarily seal the exhibits Defendants had designated as confidential. ECF Dkt. No. 94. Consistent with the parties' discussion on January 8, Plaintiff did not offer any suggestion that these materials should not be sealed. On January 19, 2024, Plaintiff moved to seal 14 of the 48 exhibits filed by Plaintiff in connection with Plaintiffs Motion for Summary Judgement. This included Exhibit Numbers 12, 13, 16, 37-39, 42-44, and 46 because the documents revealed Defendants private financial information. Specifically these documents revealed the loans terms between Defendants and California Attorney Lending II ("CAL"), the amounts Defendant had repaid to CAL, and amount owed to CAL. Defendants also move to seal Exhibits 14, 15,

*Main Office*

100 Spectrum Center Drive
Suite 330
Irvine, CA 92618
Tel: (949) 397-9360
Fax: (949) 607-4192

*Rhode Island Office*

623 Post Road
Warwick, RI 02888
Tel: (949) 397-9360
Fax: (949) 607-4192

PLEASE REPLY TO THE
MAIN OFFICE ADDRESS



and 40 as these exhibits contain information regarding confidential settlements obtained by Defendants on behalf of others and that each of these settlement was contingent on the settlement terms not being disclosed.

On January 22, 2024, Plaintiff filed a reply in opposition to Plaintiff's motion to seal. This was the first time Plaintiff offered any indication that it believed these materials were not subject to protection.

In reviewing and preparing a response to Plaintiff's Statement of Material Facts, it became apparent that Plaintiff had cited Defendant's private financial information extensively in the separate statement and, as a result, redacted the pleading extensively. This raised concerns to defendant regarding the challenges and practically of sealing all pleadings and the court room at trial that deal with Defendant's private financial information, which in effect is all documents that will be used at trial. Therefore, given these practicality concerns and the newly disclosed intent by Plaintiff to challenge the sealing of these records, Defendants have agreed to unseal Exhibit Numbers 12, 13, 16, 37-39, 42-44, and 46. To be clear, the law clearly supports that such information should be sealed, but Defendants are agreeing to unseal these exhibits to facilitate a less burdensome process regarding the filing of future pleadings and in resolving this matter at trial.

On February 14, 2024, counsel for Defendants spoke with Plaintiff and confirmed the exhibits he is seeking to protect are those that would disclose settlement terms with particular defendants, regarding particular products, or settlement amounts Defendants obtained on behalf of others.

On February 14, 2024, Plaintiff filed a letter motion arguing that Defendants had waived confidentiality claims as to all Exhibits, including Exhibits 14, 15, and 40 because "much" of the information disclosed in these documents had been disclosed in Defendant's Statement of Material Fact Filing. However, Plaintiff does not explain what information was disclosed regarding Exhibits 14, 15, and 40 that would cause waiver.

**Legal Argument**

Defendants have not waived privilege claims over Exhibits 14, 15, and 40. As discussed in Defendants' motion to seal, Exhibits 14, 15 and 40 each disclose the terms of confidential settlements BLG has obtained for third party clients in product liability cases. Every single product liability

Main Office

100 Spectrum Center Drive
Suite 330
Irvine, CA 92618
Tel: (949) 397-9360
Fax: (949) 607-4192

Rhode Island Office

623 Post Road
Warwick, RI 02888
Tel: (949) 397-9360
Fax: (949) 607-4192

PLEASE REPLY TO THE
MAIN OFFICE ADDRESS



settlement referred to in these exhibits was obtained through a pre-trial negotiated settlement in which the defendants denied liability, conditioned the settlement on terms of the settlement being kept confidential, and provided for financial penalties against the settling plaintiff if the terms of the settlement were ever released to the public, including up to the full amount of the settlement. These exhibits should be kept sealed because they would reveal BLG's confidential business information, and the terms of confidential settlements BLG has obtained for third parties.

Information regarding confidential settlements is recognized as a higher interest sufficient to overcome the presumed right of access. See Washington v. Nyc Madison Med., No. 1:20-cv-3446, 2023 U.S. Dist. LEXIS 228149 ** 21-22 (S.D.N.Y Dec. 18, 2023). "Courts within the Second Circuit recognize that "protecting the confidentiality of settlement agreements encourages settlement, which is in the public interest, permitting disclosure would discourage settlements, contrary to public interest." Id. at ** 6-7(citing Hasbrouck v. BankAmerica Housing Svcs., 187 F.R.D. 453, 459 (N.D.N.Y. 1999)). The court in Washington explained:

> Where the parties have entered into a settlement of a disputed claim to avoid the expense and uncertainty of litigation, as in this case, the revealing of the Settlement Agreement has no good public purpose and might result in its misuse for improper purposes. The case would not have been settled if the settlement had not been confidential. There is no public interest in knowing the terms of a settlement of disputed claims as there has not been any adjudication on the merits, and publicly revealing the terms of such a settlement will have a chilling effect on settlement discussions in this and other cases.

Id at * 11-12. The court further explained that disclosure of confidential settlement information would cause harm by violating "significant privacy interests" of the parties to the settlement in not publicizing their settlement terms.

All of the reasons cited in Washington to explain why the harm from disclosing confidential settlement information outweighs the public's presumed right of access, apply equally to Exhibits 14, 15 and 40. Plaintiff also notes additional harm in that disclosure of this information to the public would result in BLG and its third-party clients being subject to

Main Office

100 Spectrum Center Drive
Suite 330
Irvine, CA 92618
Tel: (949) 397-9360
Fax: (949) 607-4192

Rhode Island Office

623 Post Road
Warwick, RI 02888
Tel: (949) 397-9360
Fax: (949) 607-4192

PLEASE REPLY TO THE
MAIN OFFICE ADDRESS



significant financial penalties. It would also allow competitor to obtain unfair advantage by knowing the amounts of settlement BLG has been able to obtain against particular defendants and what cases BLG is pursuing. Therefore, Defendants request Exhibits 14, 15 and 40 be sealed in their entirety.

### Exhibit 14

30-page document consisting of BLG's settlement reports from November 2020 through April 2023, indicating case name, the Defendant's name, settlement amount, and repayments made from the settlement. These are all confidential settlements in which the Defendant would not have settled absent a confidentiality guarantee, and all information should be sealed because disclosure of any of this information to the public would violate the confidentiality provisions associated with each respective settlement. Plaintiff has not offered any explanation for this information was allegedly revealed in the Statement of Material Fact.

### Exhibit 15 and 40:

Exhibits 15 and 40 are part of the same email chain between BLG and CAL and discuss terms of a confidential settlement, including the name of the defendant, the overall amount of fees earned in the settlement, and the defendants name. The exhibits also discuss Defendants' confidential opinions about timing of a settlement against another defendant and facts on which that opinion was based.

Plaintiff's letter does not cite any specific information or paragraphs in the Statement of Fact that allegedly waived confidentiality of Exhibits 15 and 40. To the extent, Plaintiff is relying on paragraph 6, Defendants note the paragraph does not identify the defendant, the litigation type, or the total fees earned in the case being discussed. To the extent Plaintiff is relying on paragraph 35, Defendants note the paragraph does not provide the same identifying information as in the at issue email including the total fees earned. There is also no information disclose in the separate statement discussing the opinions and supporting bases by Defendants as to when settlement in another action may occur.

### Plaintiff's Demand for Sanctions

Plaintiff demands sanctions but cites no case law or rule that would allow such an action. Plaintiff properly designated the materials as confidential under the protective order. Plaintiff never raised any objection to these records being sealed, or any concern that it would need to heavily redact

*Main Office*

100 Spectrum Center Drive
Suite 330
Irvine, CA 92618
Tel: (949) 397-9360
Fax: (949) 607-4192

*Rhode Island Office*

623 Post Road
Warwick, RI 02888
Tel: (949) 397-9360
Fax: (949) 607-4192

PLEASE REPLY TO THE
MAIN OFFICE ADDRESS



its Statement of Disputed Facts. Defendants' motion to seal cites case law establishing that all of the requested materials should be sealed at the Defendants' request. Plaintiff did not argue against sealing any of these materials until January 22. In an effort to reduce the burden on the parties and the court in preparing future pleadings and in trying this case, Defendants have agreed to allow the information contained in Exhibit Numbers 12, 13, 16, 37-39, 42-44, and 46 to be filed without sealing. Instead of acknowledging Defendants' efforts to reduce the burden and time on all parties and the Court, Plaintiff attacks Defendants without basis.

                                                                        Respectfully,
                                                                        Brenes Law Group, P.C.

                                                                         By: /s/ Troy A. Brenes

cc: Andrew Solomon, Esq.

Main Office

100 Spectrum Center Drive
Suite 330
Irvine, CA 92618
Tel: (949) 397-9360
Fax: (949) 607-4192

Rhode Island Office

623 Post Road
Warwick, RI 02888
Tel: (949) 397-9360
Fax: (949) 607-4192

PLEASE REPLY TO THE
MAIN OFFICE ADDRESS