**SOLOMON CRAMER & SUMMIT LLP**
25 West 39th Street, 7th Floor
New York, NY 10018
(212) 884-9102
solomoncramer.com

February 16, 2024

**Via ECF – Letter Motion**

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re: *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778 (Action #1)
   *Legal Recovery Associates, LLC v. Brenes Law Group, P.C.,* 23-cv-2446 (Action #2)

Dear Judge Moses:

This firm is counsel to Plaintiff Legal Recovery Associates, LLC ("LRA") in the consolidated actions.

In brief response to Defendants' letter dated February 15, 2024 (ECF 116), please note:

1. Defendants submitted an email from me at ECF 116-1, but did not include the attachment: my January 2, 2024 letter to Troy Brenes. I attach it here to show that, contrary to Defendants' statements, I was trying to persuade Defendants to be sparing in any confidentiality designations.

2. BLG seeks to seal "Exhibit 40." I assume that is ECF 100-30, which is the publicly filed copy of Defendants' initial disclosures. I think the reference might be a mistake.

3. BLG also seeks to maintain a seal over Exhibits 14 and 15 (ECF 101-3 and ECF 101-4). However, BLG has produced no evidence of the confidentiality orders or settlement agreements that mandate protection for this information. Nor does BLG explain whether those provisions, to the extent they exist, allow for exceptions. We further note that the information in Exhibit 14 was provided in unredacted form to BLG's lender (CAL) and Exhibit 15 is an email between BLG and CAL.

2

Defendants imposed confidentiality burdens on Plaintiff. But when they recognized the cost of compliance, they decided it was not really that important. Now they blame Plaintiff for not pointing this out to them in advance, even though the repercussions were obvious.

Respectfully submitted,

/s/Andrew T. Solomon

Andrew T. Solomon

cc: All Counsel (via ECF)