```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| LEGAL RECOVERY ASSOCIATES LLC, |
| Plaintiff, |
| -against- |
| BRENES LAW GROUP, P.C., et al., |
| Defendants. |
| LEGAL RECOVERY ASSOCIATES LLC, |
| Plaintiff, |
| -against- |
| BRENES LAW GROUP, P.C., |
| Defendant. |
| CONSOLIDATED CASES |

**22-CV-1778 (ER) (BCM)**

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On January 16, 2024, plaintiff filed its motion for summary judgment (Dkt. 95), together with a pro forma sealing motion (Dkt. 94) seeking leave to file certain exhibits to the Declaration of Andrew Solomon under seal (along with the portions of its brief and its Local Civil Rule 56.1 Statement discussing those exhibits or the information contained therein), because they were designated "confidential" by defendants during discovery. In accordance with Moses Ind. Prac. § 3(c), plaintiff filed the affected portions of its motion papers under seal, or in redacted form, while awaiting a sealing decision. On January 19, 2024, defendants filed their own sealing motion (Dkt. 104), urging the Court to retain all of the "confidential" documents and information under seal. However, on February 6, 2024, when defendants filed their papers in opposition to plaintiff's summary judgment motion – discussing much of the supposedly confidential information – they made no effort to seal or redact those papers. (Dkts. 110-12.)

On February 14, 2024, plaintiff asked the Court to deny defendants' sealing motion, unseal the affected documents, and order defendants "to compensate Plaintiff for the cost of preparing redacted papers." (Dkt. 114.) Most recently, by letter dated February 15, 2024, defendants have "agreed to unseal" Exhibits 12, 13, 16, 37-39, 42-44, and 46 to the Solomon Declaration (concerning the loan terms between defendants and non-party lender California Attorney Lending), but ask that Exhibits 14, 15, and 40 remain under seal. Def. 1/15/24 Ltr. (Dkt. 116) at 2-4.

Exhibit 14 lists specific settlements obtained by defendant Brenes Law Group, P.C. (BLG) on behalf of its clients in specific product liability suits, as well as the portion of each settlement payment allocated to BLG for fees. Exhibit 15 is an email referencing a particular product liability settlement. Defendants represent that the underlying settlements are confidential, and therefore that public disclosure of these exhibits – or indeed any disclosure of the specific settlement terms negotiated as to a specific lawsuit, defendant, or product – would expose BLG and its clients to "financial penalties." Def. 2/15/24 Ltr. at 3. I agree with defendants that Exhibits 14 and 15 may properly remain under seal, and that plaintiff's briefs and declarations should remain redacted to the extent they would permit a reader to identify the specific plaintiffs, defendants, or products involved in any of the reported settlements. *See Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772, at *6 (D. Conn. Aug. 5, 2013) (granting motion to seal exhibits containing, among other things, "confidential settlement discussions," in light of the "reputational interests" at issue and to avoid disclosing "sensitive business information of a non-party"). However, Exhibit 40 to the Solomon Declaration, which is a copy of Defendants' First Amended Rule 26 Initial Disclosures, does not appear to reveal any confidential information – and was never sealed. Plaintiff presents no reason why it should be sealed now.

Consequently, the motions at Dkts. 94, 104, 114, and 116 are each GRANTED IN PART AND DENIED IN PART. Exhibits 14 and 15 to the Solomon Declaration will remain under seal, and any discussion of the information contained therein (unless anonymized) must be redacted from the parties' briefs and other motion papers. The remaining sealed exhibits to the Solomon Declaration will now be unsealed. Plaintiff's deadline to file its reply papers in further support of its summary judgment motion is EXTENDED to February 22, 2024. Plaintiff shall promptly file new versions of its opening memorandum and Local Civil Rule 65.1 Statement redacted only to the extent required by this Order. No sanctions will be assessed.

The Clerk of Court is respectfully directed to close the motions at Dkts. 94, 104, 114, and 116.

Dated: New York, New York
        February 20, 2023                    **SO ORDERED.**

                                             _____
                                             **BARBARA MOSES**
                                             **United States Magistrate Judge**