UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

LEGAL RECOVERY ASSOCIATES, LLC,

        Plaintiff,

  -against-

BRENES LAW GROUP, P.C. et al.,

        Defendants.

-----------------------------------------------------------x

LEGAL RECOVERY ASSOCIATES, LLC,

        Plaintiff,

  -against-

BRENES LAW GROUP, P.C.,

        Defendant.

-----------------------------------------------------------x

CONSOLIDATED CASES

-----------------------------------------------------------x

22-cv-1778 (ER)(BCM)

**STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

23-cv-2446 (ER)(BCM)

1. The following chart summarizes the eight promissory notes (the "Notes") made by Brenes Law Group, P.C. ("BLG") and given to Legal Recovery Associates, LLC ("LRA") to memorialize BLG's obligation to repay loans extended to it by LRA:

| Note | Note Date | Principal | Citation | Exhibit[1] |
|---|---|---|---|---|
| Note 1 | 7/8/19 | $1,100,000 | BLG's Response to LRA's Request for Admissions. Ex. 11. | Ex. 1 |
| Note 2 | 9/12/19 | $500,000 | *Id.* | Ex. 2 |
| Note 3 | 12/9/19 | $500,000 | Second-Filed Action Complaint (ECF 52) ¶ 8 and Answer (ECF 54) ¶ 8 | Ex. 3 |
| Note 4 | 3/5/20 | $250,000 | *Id.* | Ex. 4 |
| Note 5 | 6/5/20 | $200,000 | *Id.* | Ex. 5 |
| Note 6 | 8/6/20 | $150,000 | *Id.* | Ex. 6 |

---

[1] Unless otherwise stated, the exhibits cited in this Statement of Material Facts are annexed to the accompanying Declaration of Andrew T. Solomon, dated January 16, 2024 and referred to as "Ex. __."

| Note 7 | 8/31/20 | $150,000 | Id. | | Ex. 7 |
|---|---|---|---|---|---|
| Note 8 | 10/13/20 | $150,000 | Id. | | Ex. 8 |
| | Total | $3,000,000 | | | |

2. Troy Brenes personally guaranteed Note 1 pursuant to a Guarantee Agreement, dated as of July 8, 2019 (the "Guarantee Agreement"). Verified Complaint (ECF 1-1) ¶ 9 and Exhibit C; Ex. 9 (the Guarantee Agreement); Ex. 10 (LRA RFA No. 1(c)); Ex. 11 (BLG's invalid response to RFA 1(c)).

3. BLG was required to make payments under the Notes on the "Payment Date," defined as when BLG "receive[d] payment of any award in respect of all product liability litigations" (defined as the "Case") it brought on behalf of its clients. Exs. 1 to 8.

4. Between November 2020 and April 2023, BLG received more than $2.8 million in proceeds from the settlement of a number of the Cases. *See* BLG's Settlement Reports to CAL (the "Settlement Reports") at Ex. 14 (Supplemental Production000159-88). But BLG made no payments to LRA. Lui Decl. ¶ 2, 9; Berger Decl. ¶ 18.

5. In 2021, BLG paid another lender, California Attorney Lending II, LLC ("CAL"), the cumulative amount of $303,563.86 in principal payments and $329,286.66 in interest and fee payments. Ex. 12 (Plaintiff's Deposition Ex. No. 16). In 2022, BLG paid CAL cumulatively $2,319,351.25 in principal payments and $888,732.81 in interest and fee payments. Ex. 13 (Plaintiff's Deposition Ex. No. 17).

6. As early as November 2020, BLG collected fees of $59,000 and costs of $4,794.53 on a products liability case, enabling it to pay $31,897.27 (or 50%) to CAL. Ex. 14 at Supplemental Production000159. Thereafter, BLG generated substantial proceeds on products liability cases in 2021-2023. *Id.* at Supplemental Production000160-180. █████████

██████████████████████████████████████████████████████████████████████. Ex.

15 (Plaintiff's Deposition Ex. No. 25); Ex. 13 (Plaintiff's Deposition Ex. No. 17) at

CAL_001869.

      7.      The Settlement Reports show that from November 2020 to April 2023, BLG

received fees and costs on settlements of products liability cases. Ex. 14 (Supplemental

Production000159-88). The reports contained five columns: Case Name, Gross Settlement,

Gross Fee to BLG, Case Costs, and Payment to Counsel Financial. The "Gross Fee to BLG" plus

"Case Costs" represents the fees and costs received by BLG from the settlement proceeds. The

Payment to Counsel Financial represented 50% of the sum of the Gross Fee to BLG and the Case

Costs. The following chart summarizes the data presented in the Settlement Reports produced by

BLG by month:

| Report Date | Sum of Gross Settlements | Sum of Gross Fees to BLG | Sum of Case Costs | Sum of Total to BLG | Sum of Payments to Counsel Financial |
|---|---|---|---|---|---|
| 20-Nov | $250,000.00 | $59,000.00 | $4,794.53 | $63,794.53 | $31,897.27 |
| 21-Feb | $50,000.00 | $16,000.00 | $23,996.70 | $39,996.70 | $19,998.35 |
| 21-May | $60,000.00 | $9,600.00 | $7,173.45 | $16,773.45 | $8,386.73 |
| 21-Jun | $250,000.00 | $75,000.00 | $0.00 | $75,000.00 | $37,500.00 |
| 21-Jul | $40,000.00 | $345.06 | $3,298.11 | $3,643.17 | $1,821.59 |
| 21-Aug | $850,000.00 | $141,345.00 | $26,890.23 | $168,235.23 | $84,117.62 |
| 21-Nov | $779,500.00 | $127,541.00 | $13,102.10 | $140,643.10 | $70,321.56 |
| 21-Dec | $200,000.00 | $12,800.00 | $1,969.12 | $14,769.12 | $7,384.56 |
| 22-Mar | $1,009,500.00 | $216,667.74 | $24,039.15 | $240,706.89 | $120,353.45 |
| 22-May | $2,052,939.74 | $277,809.53 | $22,577.69 | $300,387.22 | $150,193.61 |
| 22-Jun | $300,000.00 | $72,000.00 | $13,774.82 | $85,774.82 | $42,887.41 |
| 22-Jul | $4,510,833.15 | $0.00 | $130,367.53 | $130,367.53 | $65,184.06 |
| 22-Aug | $458,551.41 | $7,100.20 | $19,601.90 | $26,702.10 | $13,351.06 |
| 22-Sep | $1,123,008.01 | $22,387.75 | $26,167.80 | $48,555.55 | $24,277.79 |
| 22-Oct | $3,094,596.40 | $39,871.01 | $63,636.19 | $103,507.20 | $51,753.67 |
| 22-Nov | $2,146,063.38 | $0.00 | $63,653.73 | $63,653.73 | $31,849.37 |
| 22-Dec | $3,135,430.95 | $0.00 | $61,937.70 | $61,937.70 | $30,968.96 |
| 23-Jan | $1,524,122.50 | $243,600.00 | $66,239.97 | $309,839.97 | $154,920.00 |
| 23-Feb | $3,131,940.02 | $228,139.71 | $59,892.15 | $288,031.86 | $144,016.02 |

| | | | | | |
|---|---|---|---|---|---|
| 23-Mar | $3,770,600.17 | $421,834.82 | $121,132.69 | $542,967.51 | $271,483.84 |
| 23-Apr | $1,364,141.06 | $49,828.20 | $30,842.47 | $80,670.67 | $40,335.38 |
| **Grand Total** | **$30,101,226.79** | **$2,020,870.02** | **$785,088.03** | **$2,805,958.05** | **$1,403,002.30** |

8. On October 27, 2020, BLG signed and delivered a Revolving Promissory Note to CAL in the amount of $5,000,000 (the "CAL Note"). Ex. 16 (Plaintiff's Deposition Ex. No. 11) at Supplemental Production000005-20. Under the CAL Note, for the first 24 months, BLG was required to pay accrued interest monthly and to make mandatory prepayments of principal equal to 50% of Net Fees and Expenses, defined as legal fees and expenses paid to BLG after it paid all co-counsel fees, referral fees, and the like. *Id.* at Supplemental Production000007.

9. As collateral for the CAL Note, BLG executed a Security Agreement. Ex. 16 (Plaintiff's Deposition Ex. No. 11) at Supplemental Production000034-44; Ex. 37 (Plaintiff's Deposition Ex. No. 20) (Brenes Family Trust Security Agreement Joinder). Under the Security Agreement, CAL was granted a first lien security interest in the "Collateral," which was defined in Section 1(b) as covering all of BLG's assets, and specifically included:

> any right to payment of any Debtor for client representation or referral (whether such right to payment is on a contingent, hourly, fixed fee or other basis) and for Costs and Expenses (as defined in the Note), whether or not yet earned by performance, and the proceeds thereof, including Net Fees and Expenses (as defined in the Note).

Ex. 16 (Plaintiff's Deposition Ex. No. 11) at Supplemental Production000034.

10. CAL perfected its security interest by filing two Form UCC-1s with the California Secretary of State. Exs. 17 and 18 (https://bizfileonline.sos.ca.gov/search/ucc, accessed on December 31, 2023, searched Brenes Law Group, P.C. returned UCC filing on October 31, 2020, as amended on August 17, 2023).

11. On July 25, 2020, Troy Brenes informed LRA that he had "arranged another line of credit and as part of those terms BLG has to pay off the promissory notes BLG took from LRA." Ex. 19 at LRA000067. The email attached a form of payoff letter that CAL had prepared for LRA to sign. Ex. 19 at LRA000068.

12. On August 4, 2020, George Lui of LRA provided Troy Brenes with an interest spreadsheet in native Excel format that showed the calculation of the full payoff amount as of any date selected by BLG. Ex. 20 (Plaintiff's Deposition Ex. No. 1).

13. BLG forwarded Lui's August 4, 2020 payoff worksheet to CAL. Ex. 21 (Plaintiff's Deposition Ex. No. 24) at CAL_002232; Ex. 22 (Plaintiff's Deposition Ex. No. 21).

14. CAL acknowledged in an August 27, 2020 email that "we have a payoff amount." Ex. 23 (Plaintiff's Deposition Ex. No. 24) at CAL_002230.

15. On August 28, 2020, Megan Payne of CAL provided LRA with a proposed payoff agreement, which included a payoff calculation as of August 31, 2020, which she calculated using the spreadsheet provided by George Lui on August 4, 2020. Ex. 24 (Plaintiff's Deposition Ex. No. 4); Ex. 25 (Plaintiff's Deposition Ex. No. 5).

16. In September and October 2020, LRA and BLG negotiated and exchanged drafts of a payoff letter. *See*, *e.g.*, Ex. 26 (LRA000103) ("September __, 2020") and Ex. 27 (LRA000138) ("October __, 2020"). At the same time, LRA tried to confirm with BLG the status of BLG's co-counsel relationship with its affiliate, Lawrence Litigation Group, LLP ("Lawrence"), including an acknowledgment of the marketing and funding amounts that Lawrence had supplied to BLG. Berger Decl. ¶¶ 7-10. BLG was either evasive or non-responsive to these issues. *Id.* at ¶ 9.

17. By email dated October 12, 2020, LRA proposed additional language to the payoff letter that protected the contractual interests of its affiliate Lawrence:

> Further, nothing contained herein shall constitute an amendment or modification of any terms, covenants or conditions of that certain Second Amended Attorney Association Agreement between Borrower, and any successors and/or assigns, and Lawrence Litigation Group, LP dated March 27, 2017, which is an agreement <u>that is valid, enforceable, in good standing, and not affected by the payoff of the Loans</u>.

Ex. 28 (LRA000240).

18. BLG secretly informed CAL that LRA was "playing games" and "trying to use the letter to hold me hostage" and described it as "utter bullshit." Ex. 29 (Plaintiff's Deposition Ex. No. 26).

19. CAL informed BLG that no payoff letter would be required. So late on October 28, 2020, Troy Brenes emailed LRA informing it that the payoff letter was not needed and requesting an updated payoff amount and account information for payment. Ex. 30 (Plaintiff's Deposition Ex. No. 7); Berger Decl. ¶ 11. LRA replied that it wanted to discuss the Lawrence issues and invited Troy Brenes to call the next day to discuss. Ex. 30 (Plaintiff's Deposition Ex. No. 7); Berger Decl. ¶ 12. Troy Brenes did not call. Berger Decl. ¶ 13.

20. The next documented communication from Troy Brenes to LRA was on January 5, 2021, when he wrote:

> We have made several requests for information necessary for Brenes Law Group, P.C. to payoff all promissory notes from LRA. This includes the amount owed and the account information for us to wire the funds. We again ask that you please send this information in writing immediately.

Ex. 31 at LRA000271; Berger Decl. ¶ 14.

6

21. On January 6, 2021, George Lui of LRA provided Troy Brenes of BLG with an updated payoff spreadsheet in Excel format, a payoff calculation as of January 6, 2021, and wire instructions. Ex. 32 (Plaintiff's Deposition Ex. No. 2); Berger Decl. ¶ 16; Lui Decl. ¶ 4.

22. On January 15, 2021, Lui sent a follow up email (attaching his prior email of January 6, 2021) to Troy Brenes stating:

> I just want to confirm you received the payoff and wire instructions below. When should we expect to receive the same? Thanks and I hope you're well.

Ex. 33 (LRA000003); Lui Decl. ¶ 4.

23. Troy Brenes did not respond to either email, and BLG did not make any payment in response. Lui Decl. ¶ 5; Berger Decl. ¶ 18.

24. On January 21, 2022, LRA issued a default notice and demand for payment on Notes 1 and 2. Ex. 34 (LRA000007-10). In the notice, LRA informed BLG that the security interest it gave to a third-party lender, later revealed to be CAL, was an Event of Default under Notes 1 and 2. *Id.* at LRA000008. LRA included wire instructions. *Id.* at LRA000010.

25. BLG did not respond to the January 21, 2022 default notice and demand for acceleration on Notes 1 and 2 or make any payment. Lui Decl. ¶ 7.

26. On January 21, 2022, in connection with the terms of Notes 3-8, LRA transmitted a letter to BLG requesting information about case collections on its product liability cases. Ex. 35. In it, LRA informed BLG that it believed that BLG had received payments on its product liability cases, which would trigger a payment date, and invited BLG to provide a sworn statement if it was claiming that no payment had been received. *Id.* at LRA000012. LRA included wire instructions. *Id.* at LRA000013.

27. BLG did not respond to LRA's request for information relating to case collections in connection with Notes 3 to 8. Lui Decl. ¶ 9.

7

28. On February 24, 2023, LRA issued a demand letter and notice of acceleration to BLG based on its nonpayment of Notes 3 to 8. Ex. 36 (Second Action ECF 1-8); Lui Decl. ¶ 8. In the letter, LRA described the Notes (date and original principal), asserted that BLG had not made payments on the Payment Date (citing disclosures from BLG's website), noted BLG's refusal to provide any information, and demanded full payment of interest and principal. *Id.*

29. BLG did not reply to the demand letter and notice of acceleration on Notes 3 to 8 or make any payment. Berger Decl. ¶ 18; Lui Decl. ¶ 9.

30. BLG has made no payment to LRA on Notes 1 to 8. Berger Decl. ¶ 18; Lui Decl. ¶ 2, 9.

31. In 2020, BLG paid CAL $31,897.27 in principal payments and $55,60.94 in interest and fee payments. Ex. 38 (Plaintiff's Deposition Ex. No. 15).

32. In 2021, BLG paid CAL cumulatively $303,563.86 in principal payments and $329,286.66 in interest and fee payments. Ex. 12 (Plaintiff's Deposition Ex. No. 16).

33. In 2022, BLG paid CAL cumulatively $2,319,351.25 in principal payments and $888,732.81 in interest and fee payments. Ex. 13 (Plaintiff's Deposition Ex. No. 17).

34. ████████████████████████████████████████████████████████████████ Ex. 15 (Plaintiff's Deposition Ex. No. 25) at CAL_000018; Ex. 13 (Plaintiff's Deposition Ex. No. 17).

35. In 2023 (through April 2023), BLG paid CAL cumulatively $2,927,327.95 in principal payments and $1,098,353.93 in interest and fee payments. Ex. 39 (Plaintiff's Deposition Ex. No. 18).

36. October 28, 2020 at 4:47 pm, Troy Brenes wrote the following email to Megan Payne at Counsel Financial:

> I have sent 3 follow up emails today requesting that the information be disclosed. Still have not received it. The intent seems to be to hold us hostage by refusing to disclose unless we sign a separate document stating that a separate entity (LLG) is compliant regarding the co-counsel relationship. Obviously, I can bring a declaratory action seeking disclosure of the amount and banking information. In the meantime, however, can Counsel start funding if we set aside the known loan amount into a seperate [sic] account. We can identify it ourselves simply by applying the interest rate to the total amount borrowed.

Ex. 41 (Supplemental Production000001).

37. In response, Megan Payne sent the following email to Troy Brenes:

> We're willing to fund without paying them off but we would keep a reserve/restricted availability for the amount due to them. Please send me the last statement you have from them so I can get the correct amount Also let me know how much you need for the first draw and use of proceeds.

Ex. 41 (Supplemental Production000002).

38. On November 3, 2020, Troy Brenes emailed Megan Payne and instructed her to "please hold back or sequester $3,489,280.82 relating to the prior line of credit from Legal Recovery Associates. This amount is sufficient to cover the total amount borrowed as well as all accrued interest." Ex. 42 (Plaintiff's Deposition Ex. No. 22).

39. On November 6, 2020, CAL and Brenes executed a Closing Statement for the CAL Note. According to the Closing Statement, BLG took an initial principal advance of $250,030 against a total credit limit of $5 million. Ex. 43 (Plaintiff's Deposition Ex. No. 23).

40. On closing CAL charged BLG a "Closing Fee" equal to $50,000, calculated based on 1% of total Credit Limit of $5,000,000. Ex. 38 (Plaintiff's Deposition Ex. No. 15) ("11/5/20 Credit Line Fee"); Ex. 16 (Plaintiff's Deposition Ex. No. 11) at Supplemental Production000059 ("Fees and Charges: Borrower will be charged a closing fee equal to 1% of the LOC amount ($50,000) on the date hereof and on the first anniversary of the date hereof").

41. According to the Fee Disclosure Statement, $34,892.80 of the Closing Fee corresponded to the $3,489,892.80 that BLG calculated as the amount due to LRA and was designated as subjected to "Restricted Availability." Ex. 44 (Supplemental Production000064).

42. The restriction on the line was not required under the loan agreement with CAL. Ex. 16 (Plaintiff's Deposition Ex. No. 11) at Supplemental Production000010-11 (§ 3(d): CAL had general discretion over advances; § 3(e): limit on borrowing is the "Maximum Amount," which does not include a restriction relating to LRA and is $5 million less reductions under 2(b)(ii), which prohibits reborrowing of Mandatory Prepayment amounts); Ex. 45 (Payne Dep. Tr. 95:8-20).

43. From time to time, from November 2020 to May 2022, BLG drew advances on the CAL line of credit. Ex. 43 (Plaintiff's Deposition Ex. No. 23). The Closing Statement, dated November 6, 2020, shows a total reserve of $3,618,447.49 and subsequent statements show that its components were the "Line Restriction of $3,489,280.82" and the "Interest Reserve of $129,166.67." *Id.* at Supplemental Production000065 and 216-217.

44. On May 26, 2020, BLG's draw of $150,030 exceeded the availability established in the Fee Disclosure Statement. Ex. 43 at Supplemental Production000192 ("Line Restriction" reduced from $3,489,280.82 to $3,486,024.09 to accommodate advance).

45. For borrowing requests following May 26, 2020, CAL continually accommodated BLG's draw requests by reducing the "Line Restrictions" to make room for the requested advance. Ex. 43 at Supplemental Production000193-211.

46. In November 2022, contemporaneous with CAL and BLG entering into an amended loan agreement, Ex. 46 (Plaintiff's Deposition Ex. No. 12), the "Line Restriction,"

which was never enforced, was eliminated and no longer appeared on Closing Statements. Ex. 43 (Plaintiff's Deposition Ex. No. 23) at Supplemental Production000211, *et seq.*

47. BLG never presented a payment in any form (check, cash, or otherwise) to pay the debt to LRA. Lui Decl. ¶ 9.

Dated: New York, New York
       January 16, 2024

                          SOLOMON CRAMER & SUMMIT LLP
                          *Attorneys for Plaintiff*

                          By:   /s/Andrew T. Solomon
                                  Andrew T. Solomon
                                  asolomon@solomoncramer.com

                          25 West 39th St., 7th Floor
                          New York, New York 10018
                          (t) (212) 884-9102
                          (f) (516) 368-3896