## SOLOMON CRAMER & SUMMIT LLP
25 West 39th Street, 7th Floor
New York, NY 10018
(212) 884-9102
solomoncramer.com

March 11, 2024

**Via ECF – Letter Motion**

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

Re: *Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al.*, 22-cv-1778 (Action #1)
     *Legal Recovery Associates, LLC v. Brenes Law Group, P.C.,* 23-cv-2446 (Action #2)

Dear Judge Moses:

This firm is counsel to Plaintiff Legal Recovery Associates, Inc. ("LRA"). We write to respectfully request the Court's review of the protective order in this case (Doc. 63; the "Protective Order") to clarify whether information marked "confidential" in this case may be used, also on a confidential basis, in the pending arbitration between Lawrence Litigation Group, LLP ("Lawrence," which we also represent) and Brenes Law Group, P.C. ("BLG") (the "Arbitration"). The Arbitration is familiar to this Court as it was the subject of the Court's order to compel arbitration of the second and third counterclaims/crossclaims asserted by BLG (Doc. 29).

As required by the Court's practices, the parties and the arbitrator have conferred extensively on this issue. Most recently, during a call with the arbitrator on Thursday, March 7, 2024, the arbitrator indicated that he was inclined to permit the use of such confidential information—which we offered on an attorneys/experts-eyes-only basis—but was concerned about running afoul of the Protective Order. When I offered to seek clarification from the Court, the arbitrator sensibly agreed that it would be desirable to have the interpretation of the protective order decided by the Judge who issued it.

The documents in question were produced by California Attorney Lending, LLC (CAL), pursuant to our subpoena.[1] CAL initially produced these documents, many of which it had received from BLG, as confidential, but later removed the designation. In the context of our

---

[1] The Court may recall that LRA had to litigate CAL's compliance in the Western District of New York.

motion for summary judgment, however, BLG stepped in and cross-designated the CAL production as confidential. Our office had to spend significant time redacting documents and filing the motion under seal. Ultimately, nearly all BLG's confidentiality designations were either abandoned or overruled for purposes of public filings.

Many of the documents in the CAL production are not publicly filed and remain subject to the Protective Order. Allowing Lawrence to use the CAL production in the Arbitration on an attorneys'/experts'-eyes-only basis will do no violence to any conceivable confidentiality interest. The lawyers at my firm already have access; the clients will not have access; the experts will be bound by strict confidentiality; and the arbitrator, to the extent that he ever sees the documents, cannot publish confidential information.

And there can be no dispute about relevance. The documents that BLG produced to its lender during the ordinary course of business contain valuable financial information about the mass tort litigations subject to the BLG/Lawrence co-counsel agreement. Lawrence intends to have its expert use this information to value the cases covered by the co-counsel agreement and to estimate damages. What makes this repository especially helpful is that it has some assurance of reliability because BLG had a duty to be honest with its lender.

That the cases substantively overlap is also confirmed by BLG's own actions. First, BLG brought Lawrence into this action as a third-party defendant. Second, when BLG made its production of documents in the Arbitration it took the position that the same documents fulfilled its discovery obligation in these Actions. Thus, when convenient for BLG, it treats discovery in these consolidated Actions and the Arbitration as coextensive. But when inconvenient for LRA and Lawrence, BLG treats discovery separately.

To be sure, BLG will object to this letter application. It may claim confidentiality, privilege, or work-product protection. Perhaps it will argue that the information, if deployed in the Arbitration, would cause confusion. But, at bottom, this is just a tactic to inflict costs and cause delay.

We request a telephone conference with Your Honor to address this issue.

Respectfully submitted,

/s/Andrew T. Solomon

Andrew T. Solomon

cc:   All Counsel of Record
      Donald S. De Amicis, Esq. (AAA arbitrator)