

March 14, 2024

**Via ECF**

Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007

*Re: Legal Recovery Associates, LLC v. Brenes Law Group, P.C., et al., 22-cv-1778-ER-BMC*

Dear Judge Moses:

Please take notice that Defendants Brenes Law Group, P.C. (BLG) and Troy Brenes (Brenes) oppose Legal Recovery Associates, LLC's (LRA) letter-motion (ECF Dkt. No. 125) seeking to lift confidentiality protections over all documents produced by California Attorney Lending II (CAL) so that a third-party, Lawrence Litigation Group, may use the documents in a separate arbitration proceeding.

**<u>Background</u>**

This case relates to LRA's motion to enforce a series of promissory notes signed by BLG, which were to be repaid from BLG's fees earned in all product liability cases. A Stipulated Protective Order was entered in this case on August 21, 2023 (ECF Dkt. No. 63). The Protective Order allows the parties to designate as confidential information material that was produced by third parties that contains non-public business, commercial, financial, or other personal information, the public disclosure of which is either restricted by law or would harm the designating party's business commercial financial, or personal interest. *Id.* at ¶ 2. The Protective Order prevents disclosure of any information designated confidential in this matter for use in any other legal matter. *Id.* at ¶¶ 2, 5, and p. 8.

In the course of this case, LRA sought production of documents from CAL via subpoena. BLG entered into a line of credit with CAL prior to 2017 and again several years later. As part of this relationship, BLG provided CAL with private business and commercial information such as client lists, attorney fees earned on cases, and other confidential financial information of BLG. This information was provided with the express agreement that CAL would keep all such information confidential. As the Protective allowed BLG to designate such information confidential, BLG did not oppose LRA's subpoena for this information. As LRA notes, BLG appropriately designated the information confidential and there is no dispute this material does in fact meet the definition of "Confidential Information" under the protective order.

LRA now seeks to strike the Protective Order such that it may disclose Confidential Information obtained from CAL to Lawrence Litigation Group, a competitor law firm to BLG, so that Lawrence Litigation Group may use such information in another litigation.

**Legal Argument**

LRA's request to share Confidential Information produced in this case with a competitor law firm to BLG should be denied as the Stipulated Protective Order expressly prohibits this. LRA does not dispute the information is subject to the Protective Order and was appropriately designated. Moreover, LRA cites no provision in the Protective Order that would allow LRA to share Confidential Information with a third party for use in another legal matter. Instead, LRA asserts unsupported and irrelevant arguments to try to justify why it should be allowed to breach the Protective Order to benefit a third party in another pending litigation.

While not a relevant point of inquiry, LRA's conclusionary statement that all of the information CAL produced in this case is relevant to claims raised by the Lawrence Litigation Group in pending arbitration is not correct. Lawrence Litigation Group has claimed it is entitled to a portion of BLG's fees in a small portion of BLG's cases. These cases are limited to certain time frames and specific product liability claims. The information produced by CAL contains confidential information regarding thousands of cases not at issue in the arbitration. Notably, BLG offered to reproduce any information produced by CAL that actually relates to the disputed cases in the arbitration. However, Lawrence Litigation Group is demanding that it be provided all Confidential Information produced by CAL regardless of whether it relates to any claim or dispute in the arbitration.

LRA also falsely claims that the arbitrator suggested all information produced by CAL should be useable in the arbitration between BLG and Lawrence Litigation Group. Contrary to this claim, the Arbitrator has repeatedly recognized that information not relating to the disputed cases at issue in the Arbitration between BLG and Lawrence Litigation Group is not relevant and need not be produced by BLG. The arbitrator has also never suggested that BLG should produce all information that CAL produced in this case. The recent discussion referenced by LRA was a discussion related to one particular excel spreadsheet produced by CAL. The document contains information regarding thousands of BLG clients not at issue in the arbitration proceeding with Lawrence Litigation Group. Lawrence Litigation Group suggested it already has the document because it's counsel also represents LRA in this matter. BLG explained that pursuant to the Protective Order Lawrence Litigation Group is prohibited from having access to the document and it may not be used outside of this proceeding. BLG offered to reproduce the document in the arbitration proceeding with redactions to remove information regarding the thousands of BLG clients not at issue in the arbitration. LRA informed the Arbitrator that it preferred to seek an order from this court declaring that all information produced by CAL was not confidential.

BLG respectfully requests that the Court uphold the Stipulated Protective Order and not order Confidential documents produced in this case be made available to Lawrence Litigation Group in a separate Arbitration proceeding.

Respectfully yours,

Troy A. Brenes
Brenes Law Group, P.C.
100 Spectrum Ctr. Dr., Ste. 330
Irvine, CA  92618
P: (949) 397-9360
E: tbrenes@breneslawgroup.com

cc. Andrew T. Solomon, Esq. (via ECF)