USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/29/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEGAL RECOVERY ASSOCIATES LLC,<br><br>Plaintiff,<br><br>-against-<br><br>BRENES LAW GROUP, P.C., et al.,<br><br>Defendants. | 22-CV-1778 (ER) (BCM)<br><br>ORDER |
| LEGAL RECOVERY ASSOCIATES LLC,<br><br>Plaintiff,<br><br>-against-<br><br>BRENES LAW GROUP, P.C.,<br><br>Defendant. | |
| CONSOLIDATED CASES | |

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed a letter-motion dated March 11, 2024 (Ltr. Mot.) (Dkt. 125), filed by plaintiff Legal Recovery Associates, Inc. (LRA), seeking clarification of the Stipulated Protective Order issued by this Court on August 21, 2023 (Prot. Order) (Dkt. 63), after it was signed by LRA, defendant Brenes Law Group, P.C. (BLG), and defendant Troy Brenes (Brenes). Specifically, LRA seeks an order stating that discovery materials marked "confidential" in this case may be used, "also on a confidential basis," in a pending arbitration between BLG and counterclaim defendant Lawrence Litigation Group, LLP (LLG). Ltr. Mot. at 1. BLG and Brenes (collectively Defendants) oppose the motion. *See* Opp. (Dkt. 127.)

LRA commenced the first-captioned action against Defendants in state court. After Defendants removed the case to this Court, BLG asserted three counterclaims, two of which (the second and third) ran against counterclaim defendant LLG (an affiliate of LRA), which until then had not been a party to this action. *See* Ans. (Dkt. 3) at 11-12, 16-17; *see also* Am. Ans. (Dkt. 43)

at 17-18. LLG filed a motion to compel arbitration of the second and third counterclaims, which I granted on January 31, 2023, compelling BLG to pursue its counterclaims against LLG in arbitration and staying those counterclaims pending the outcome of the arbitration. (Dkt. 29 at 13.) The second and third counterclaims remain stayed, but were never dismissed.

On August 18, 2023, LRA and Defendants stipulated to the Protective Order, which prohibits the parties' counsel from disclosing confidential discovery materials, with certain enumerated exceptions. Prot. Order ¶ 5. Disclosure may be made, for example, to "the parties to this action." *Id.* ¶ 5(a). However, the Protective Order does not expressly provide for disclosure in arbitration, or to arbitrators, and is not signed by LLG.

In its letter-motion, LRA argues that its affiliate LLG should be able to use confidential discovery materials in the arbitration because it became a "party to this action" when BLG added it as a counterclaim defendant. *See* Ltr. Mot. at 2. Defendants fail to address this argument. Instead, Defendants argue that their confidential materials should not be disclosed to LLG, "a competitor law firm," for use in "another litigation." Opp. at 1.

The Court agrees, in substantial part, with LRA. Although the counterclaims against LLG are stayed, they have not been dismissed. Accordingly, LLG is still a party to this action and as such should be able to receive and use confidential discovery materials for purposes of litigating the counterclaims against it, whether in this forum or in arbitration. However, LLG must expressly agree to be bound by the same confidentiality provisions and other limitations set forth in the Protective Order.

For the above reasons, LRA's motion is GRANTED to the extent that the parties are hereby ORDERED to submit a proposed addendum to the Protective Order, to be signed by LRA, Brenes, BLG, and LLG, which expressly covers the ongoing arbitration.

The Clerk of Court is respectfully directed to close the motion at Dkt. 125.

Dated: New York, New York
March 29, 2024                    **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**